COPY

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

| | |
|---|---|
| 1 | John P. Bovich (SBN 150688) |
| | E-mail:  JBovich@reedsmith.com |
| 2 | **Reed Smith LLP** |
| | Two Embarcadero Center, Suite 2000 |
| 3 | San Francisco, CA 94111 |
| | Telephone:   415-543-8700 |
| 4 | Facsimile:    415-391-8269 |
| 5 | William H. Manning **Lead Counsel** (*pro hac vice application pending*) |
| | E-mail:  WHManning@rkmc.com |
| 6 | Telephone:    612-349-8461 |
| | Brad P. Engdahl (*pro hac vice application pending*) |
| 7 | E-mail:  BPEngdahl@rkmc.com |
| | Richard M. Martinez (*pro hac vice application pending*) |
| 8 | E-mail:  RMMartinez@rkmc.com |
| | David P. Swenson (*pro hac vice application pending*) |
| 9 | E-mail:  DPSwenson@rkmc.com |
| | **Robins, Kaplan, Miller & Ciresi L.L.P.** |
| 10 | 2800 LaSalle Plaza |
| | 800 LaSalle Avenue |
| 11 | Minneapolis, MN 55402 |
| | Telephone:    612-349-8500 |
| 12 | Facsimile:    612-339-4181 |
| 13 | David E. Marder (*pro hac vice application pending*) |
| | E-mail:  DEMarder@rkmc.com |
| 14 | **Robins, Kaplan, Miller & Ciresi L.L.P.** |
| | 800 Boylston Street, 25th Floor |
| 15 | Boston, MA 02199 |
| | Telephone:    617-267-2300 |
| 16 | Facsimile:    617-267-8288 |
| | Attorneys for Plaintiffs: Advanced Micro Devices, Inc. and ATI Technologies, ULC |

ORIGINAL FILED
FEB 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

(1) ADVANCED MICRO DEVICES, INC., a Delaware corporation,
(2) ATI TECHNOLOGIES, ULC, a Canadian unlimited liability company

Plaintiffs,

v.

(1) SAMSUNG ELECTRONICS CO., LTD., a Korean business entity,
(2) SAMSUNG SEMICONDUCTOR, INC., a California corporation,
(3) SAMSUNG AUSTIN

No. CV 08 0986

**COMPLAINT FOR PATENT INFRINGEMENT**

**[JURY TRIAL DEMANDED]**

COMPLAINT

| | |
|---|---|
| 1 | SEMICONDUCTOR, LLC, a Delaware limited liability company, |
| 2 | (4) SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, |
| 3 | (5) SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company |
| 4 | |
| 5 | |
| 6 | Defendants. |

Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively, "Plaintiffs" or "AMD") allege as follows:

## INTRODUCTION

This is an action against Samsung Electronics Co., Ltd., and its U.S. subsidiaries and related entities Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively "Defendants" or "Samsung"), for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., for infringing U.S. Patent No. 5,545,592, entitled *"Nitrogen Treatment for Metal-Silicide Contact"*; U.S. Patent No. 4,737,830, entitled *"Integrated Circuit Structure Having Compensating Means for Self-Inductance Effects"*; U.S. Patent No. 5,248,893, entitled *"Insulated Gate Field Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone"*; U.S. Patent No. 5,559,990, entitled *"Memories with Burst Mode Access"*; and U.S. Patent No. 5,377,200, entitled *"Power Saving Feature for Components Having Built-In Testing Logic,"* all owned by Advanced Micro Devices, Inc.; and U.S. Patent No. 6,784,879, entitled *"Method and Apparatus for Providing Control of Background Video,"* owned by Advanced Micro Devices, Inc.'s subsidiary, ATI Technologies, ULC. Collectively, the patents generally cover methods of semiconductor chip fabrication; semiconductors of certain composition, logic, or design; and consumer products incorporating or embodying the disclosed inventions.

## THE PARTIES

1. Advanced Micro Devices, Inc. is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

2. ATI Technologies, ULC is a subsidiary of AMD and is incorporated in Alberta, Canada with its principal offices at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

3. Samsung Electronics Co., Ltd. ("SEC") is a Korean business entity with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea. On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies. SEC designs, manufactures, and provides to the U.S. and world markets flash, DRAM, graphics memory, and other memory components, as well as other logic components, which are used in computers, and myriad mobile and entertainment products.

4. Samsung Semiconductor, Inc. ("SSI") is a California corporation with its principal place of business located at 3655 North First Street, San Jose, California 95134. On information and belief, SSI is a wholly owned subsidiary of SEC and was established in 1983 as a California corporation with approximately 300 employees in the Americas. On information and belief, SSI is the sales arm for SEC and sells flash, DRAM, graphics memory, and other memory components; conducts primary market and product research for SEC; and enables regional customers to influence the direction of SEC's future technologies and products.

5. Samsung Austin Semiconductor, LLC ("SAS") is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754. On information and belief, SAS is one of Samsung's semiconductor fabrication facilities located around the world.

6. Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, SEA was formed in 1977 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, video cameras, vacuum cleaners, and air conditioners, as well as memory chips and computer

- 3 -    COMPLAINT

1 accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives. On
2 information and belief, SEA also manages the North American operations of Samsung
3 Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

4    7.    Samsung Telecommunications America, LLC ("STA") is a Delaware limited
5 liability company with its principal place of business at 1301 East Lookout Drive, Richardson,
6 Texas 75081. On information and belief, STA was founded in 1996 as a subsidiary of SEC, and
7 markets, sells, or offers for sale a variety of personal and business communications devices in the
8 United States, including cell phones.

## JURISDICTION

10    8.    This is an action for patent infringement, over which this Court has subject matter
11 jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12    9.    This Court has personal jurisdiction over each of the Defendants consistent with
13 the requirements of California Code of Civil Procedure § 410.10 and the Due Process Clause of the
14 United States Constitution. Each Defendant transacts substantial business in California (and in this
15 district), or has committed and continues to commit acts of patent infringement in California (and
16 in this district) as alleged in this complaint. In addition, SSI in particular maintains a regular and
17 established place of business at 3655 North 1st Street, San Jose, California, 95134.

## VENUE

19    10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and
20 1400(b) because Defendants reside in this judicial district. Further, SSI has committed acts of
21 infringement and has a regular established place of business in this district.

## INTRADISTRICT ASSIGNMENT

23    11.    This is a patent infringement action, and therefore exempt from Intradistrict
24 Assignment under Civil L.R. 3-2(c).

## FACTUAL BACKGROUND

26    12.    Plaintiffs solely own all rights, titles, and interests in and to the following United
27 States patents (collectively, the "AMD Patents"), including the exclusive rights to bring suit with
28 respect to any past, present, and future infringement thereof:

(a) U.S. Patent No. 5,545,592, entitled *"Nitrogen Treatment for Metal-Silicide Contact,"* which was duly and legally issued on August 13, 1996, from a patent application filed February 24, 1995, with John Iacoponi as the named inventor. Among other things, the Iacoponi '592 patent discloses an improved method of forming a contact point in a semiconductor device.

(b) U.S. Patent No. 4,737,830, entitled *"Integrated Circuit Structure Having Compensating Means for Self-Inductance Effects,"* which was duly and legally issued on April 12, 1988, from a patent application filed January 8, 1986, with Bharat Patel as the lead named inventor. Among other things, the Patel '830 patent discloses an improved integrated circuit wherein self-inductive voltage spikes are reduced through the use of capacitance means constructed beneath at least one bus.

(c) U.S. Patent No. 5,248,893, entitled *"Insulated Gate Field Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone,"* which was duly and legally issued on September 28, 1993, from a patent application filed January 5, 1993, with Shinichi Sakamoto as the named inventor. Among other things, the Sakamoto '893 patent discloses an insulated gate field effect device with a smoothly curved depletion boundary in the vicinity of the channel-free zone.

(d) U.S. Patent No. 5,559,990, entitled *"Memories with Burst Mode Access,"* which was duly and legally issued on September 24, 1996, from a patent application filed October 24, 1994, with Pearl Cheng as the lead named inventor. Among other things, the Cheng '990 patent discloses a memory employing multiple sub-arrays that facilitates faster burst-mode access.

(e) U.S. Patent No. 5,377,200, entitled *"Power Saving Feature for Components Having Built-In Testing Logic,"* which was duly and legally issued on December 27, 1994, from a patent application filed August 27, 1992, with Michael Pedneau as the named inventor. Among other things, the Pedneau '200 patent discloses an

improvement to built-in testing in an electronic component, in particular the ability to reduce or remove the power applied to testing circuits when not in use.

(f) U.S. Patent No. 6,784,879, entitled *"Method and Apparatus for Providing Control of Background Video,"* which was duly and legally issued on August 31, 2004, from a patent application filed July 14, 1997, with Stephen Orr as the named inventor. Among other things, the Orr '879 patent discloses a method and apparatus for control of background video on a display, which allows the user to control attributes of the video, such as volume, for example, while the video continues to play in the background and another application remains in focus on the display.

13. Each of the AMD Patents is valid and enforceable.

14. The Defendants have actual notice of all of the AMD Patents and the infringement alleged herein at least upon filing of this complaint (if not earlier), pursuant to 35 U.S.C. § 287(a). On information and belief, Defendants had prior actual notice of at least the Iacoponi '592 patent no later than April 2006 and the Patel '830 patent no later than March 31, 2003.

15. Each of the Defendants has directly and indirectly infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the AMD Patents by acting without authority so as to:

(a) make, have made, use, offer to sell, sell within the United States, or import into the United States semiconductor products, including at least Samsung DRAM, SRAM, and NAND-flash memory chips and/or other chips, that embody or practice the patented inventions, as well as electronics products that contain these chips, or practice the patented processes in the United States in connection with these activities;

(b) import into the United States or offer to sell, sell, or use within the United States semiconductor products, including at least Samsung DRAM, SRAM, and NAND-flash memory chips and/or other chips made by a process patented by AMD, as well as electronics products that contain these chips; and/or

(c) contribute to or actively induce infringement of the AMD Patents.

16. The above-described acts of infringement committed by Defendants have caused injury and damage to AMD, and as to unexpired patents, will cause additional severe and irreparable injury and damages in the future unless the Defendants are enjoined from further infringing the AMD Patents.

## FIRST CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,545,592

17. AMD incorporates by reference the allegations set forth in paragraphs 1 through 16 above as if specifically set forth herein.

18. Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the Iacoponi '592 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include, but are not limited to, for example, Samsung's DRAM and NAND-flash memory chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention or manufactured by the patented process. The infringement remains ongoing.

19. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

20. On information and belief, Defendants had actual knowledge of the Iacoponi '592 patent since at least as early as April 2006, when during licensing negotiations AMD presented Defendants with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the Iacoponi '592 patent. Despite Plaintiffs' demand that Defendants either license the Iacoponi '592 patent or cease their infringement, Defendants instead opted to continue their willful, deliberate, and intentional infringement of one or more claims of said patent.

## SECOND CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 4,737,830

21. AMD incorporates by reference the allegations set forth in paragraphs 1 through 20 above as if specifically set forth herein.

22. Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the Patel '830 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's DRAM and SRAM memory chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention.

23. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

24. On information and belief, Defendants had actual knowledge of the Patel '830 patent since at least as early as March 31, 2003, when during licensing negotiations AMD presented Defendants with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the Patel '830 patent. Despite Plaintiffs' demand that Defendants either license the Patel '830 patent or cease their infringement, Defendants instead opted to continue their willful, deliberate, and intentional infringement of one or more claims of said patent.

## THIRD CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,248,893

25. AMD incorporates by reference the allegations set forth in paragraphs 1 through 24 above as if specifically set forth herein.

26. Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the Sakamoto '893 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's DRAM memory chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention.

27.  As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

### FOURTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,559,990

28.  AMD incorporates by reference the allegations set forth in paragraphs 1 through 27 above as if specifically set forth herein.

29.  Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the Cheng '990 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's memory chips such as the K4T51083QC 512MB 90nm Rev "C" DDR2 SDRAM, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate this or any other chip embodying the claimed invention. Defendants' infringement remains ongoing.

30.  As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

### FIFTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,377,200

31.  AMD incorporates by reference the allegations set forth in paragraphs 1 through 30 above as if specifically set forth herein.

32.  Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the Pedneau '200 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, the S3C2412 Application Processor, as well as cell phones, MP3 players, televisions,

printers, and any and all other products that incorporate the S3C2412 processor or any other processor embodying the claimed invention. Such infringement remains ongoing.

33. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

### SIXTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 6,784,879

34. AMD incorporates by reference the allegations set forth in paragraphs 1 through 33 above as if specifically set forth herein.

35. Defendants have directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the Orr '879 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's LN-T1953H television, as well as all other Samsung televisions or other display devices that incorporate or embody the claimed invention. Such infringement remains ongoing.

36. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

### PRAYER FOR RELIEF

WHEREFORE, AMD respectfully requests that this Court:

A. enter judgment that each of the Defendants has infringed one or more claims of the AMD Patents;

B. enter judgment that Defendants' infringement of the Iacoponi '592 patent and Patel '830 patent has been willful, deliberate, and intentional;

C. enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each of the Defendants, and all of their respective agents, servants, officers, directors,

employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement, contributory infringement, or inducement of infringement of the non-expired AMD Patents;

D.  enter an order, pursuant to 35 U.S.C. § 284, awarding to AMD damages adequate to compensate for Defendants' infringement of the AMD Patents (and, if necessary, related accountings), in an amount to be determined at trial, but not less than a reasonable royalty;

E.  enter an order, pursuant to 35 U.S.C. § 284, trebling damages awarded to AMD to the extent Defendants' infringement is determined to have been willful;

F.  enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding to AMD its reasonable attorneys' fees, costs, and expenses;

G.  enter an order that Defendants account for and pay to AMD the damages to which AMD is entitled as a consequence of the infringement;

H.  enter an order awarding to AMD pre- and post-judgment interest at the maximum rates allowable under the law; and,

I.  enter an order awarding to AMD such other and further relief, whether at law or in equity, that this Court deems just and proper.

Respectfully submitted,

DATED: February 18 2008

REED SMITH LLP

By: _____
John P. Bovich

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

William H. Manning **Lead Counsel**
Brad P. Engdahl
David E. Marder
Richard M. Martinez
David P. Swenson

Attorneys for Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC

## DEMAND FOR JURY TRIAL

AMD demands a jury trial on all issues so triable.

DATED: February 18, 2008

        **REED SMITH LLP**

        By: _/s/ John P. Bovich_
            John P. Bovich

        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P**

           William H. Manning **Lead Counsel**
           Brad P. Engdahl
           David E. Marder
           Richard M. Martinez
           David P. Swenson

        Attorneys for Plaintiffs Advanced Micro Devices, Inc.
        and ATI Technologies, ULC