John P. Bovich (SBN 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: 415-543-8700
Facsimile: 415-391-8269

William H. Manning (*admitted pro hac vice*)
E-mail: WHManning@rkmc.com
Telephone: 612-349-8461
Brad P. Engdahl (*admitted pro hac vice*)
E-mail: BPEngdahl@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

David E. Marder (*admitted pro hac vice*)
E-mail: DEMarder@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone: 617-267-2300
Facsimile: 617-267-8288
Attorneys for Plaintiffs: Advanced Micro Devices, Inc. and ATI Technologies, ULC

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

(1) ADVANCED MICRO DEVICES, INC., a Delaware corporation,
(2) ATI TECHNOLOGIES, ULC, a Canadian unlimited liability company

Plaintiffs,

v.

(1) SAMSUNG ELECTRONICS CO., LTD., a Korean business entity,
(2) SAMSUNG SEMICONDUCTOR, INC., a California corporation,
(3) SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company,

**No. CV-08-0986-SI**

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**[JURY TRIAL DEMANDED]**

(4) SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,
(5) SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,
(6) SAMSUNG TECHWIN CO., a Korean business entity, and
(7) SAMSUNG OPTO-ELECTRONICS AMERICA, INC., a New Jersey corporation.

Defendants.

Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively, "Plaintiffs" or "AMD") for their amended complaint allege as follows:

**INTRODUCTION**

This is an action against Samsung Electronics Co., Ltd., and its U.S. subsidiaries and related entities Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Techwin Co., and Samsung Opto-Electronics America, Inc. (individually or collectively "Defendants" or "Samsung"), for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., for infringing:

(a) U.S. Patent No. 5,545,592 ("'592 Iacoponi patent"), entitled *"Nitrogen Treatment for Metal-Silicide Contact*";

(b) U.S. Patent No. 4,737,830 ("'830 Patel patent"), entitled "*Integrated Circuit Structure Having Compensating Means for Self-Inductance Effects*";

(c) U.S. Patent No. 5,248,893 ("'893 Sakamoto patent"), entitled "*Insulated Gate Field Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone*";

(d) U.S. Patent No. 5,559,990 ("'990 Cheng patent"), entitled "*Memories with Burst Mode Access*";

(e) U.S. Patent No. 5,377,200 ("'200 Pedneau patent"), entitled "*Power Saving Feature for Components Having Built-In Testing Logic*"; and



ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

(f) U.S. Patent No. 5,623,434 ("'434 Purcell patent"), entitled "*Structure and Method of Using an Arithmetic and Logic Unit for Carry Propagation Stage of a Multiplier*," all owned by Advanced Micro Devices, Inc.; and

(g) U.S. Patent No. 6,784,879 ("'879 Orr patent"), entitled "*Method and Apparatus for Providing Control of Background Video*," owned by Advanced Micro Devices, Inc.'s subsidiary, ATI Technologies, ULC.

Collectively, the patents generally cover methods of semiconductor and semiconductor memory chip fabrication; semiconductors and semiconductor memory of certain composition, logic, or design; and consumer products incorporating or embodying the disclosed inventions.

**THE PARTIES**

1. Advanced Micro Devices, Inc. is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

2. ATI Technologies, ULC is a subsidiary of AMD and is incorporated in Alberta, Canada with its principal offices at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

3. Samsung Electronics Co., Ltd. ("SEC") is a Korean business entity with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea. On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies. SEC designs, manufactures, and provides to the U.S. and world markets flash, DRAM, graphics memory, and other memory components, as well as other logic components, which are used in computers, and myriad mobile and entertainment products.

4. Samsung Semiconductor, Inc. ("SSI") is a California corporation with its principal place of business located at 3655 North First Street, San Jose, California 95134. On information and belief, SSI is a wholly owned subsidiary of SEC and was established in 1983 as a California corporation with approximately 300 employees in the Americas. On information and belief, SSI is the sales arm for SEC and sells flash, DRAM, graphics memory, and other memory components; conducts primary market and product research for SEC; and enables regional customers to influence the direction of SEC's future technologies and products.

5. Samsung Austin Semiconductor, LLC ("SAS") is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754. On information and belief, SAS is one of Samsung's semiconductor fabrication facilities located around the world.

6. Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, SEA was formed in 1977 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, video cameras, vacuum cleaners, and air conditioners, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives. On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

7. Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081. On information and belief, STA was founded in 1996 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

8. Samsung Techwin Co. ("Techwin") is a Korean business entity with its principal offices at 647-9, Yeoksam-Dong, Kangnam-gu, Seoul, 135, 080, Korea. On information and belief, Techwin manufactures, imports, markets, sells, or offers for sale consumer electronics including digital cameras. On information and belief, Techwin is the parent company of and carries out business in the United States through its subsidiary, Samsung Opto-Electronics America, Inc. ("SOA").

9. SOA is a corporation duly organized under the laws of New Jersey, having a principal place of business located at 40 Seaview Drive, Secaucus, New Jersey 07094. On information and belief, SOA maintains a sales office in California. On information and belief, SOA is a subsidiary of Techwin and carries out Techwin's business in the United States. On

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

information and belief, SOA imports, markets, sells, or offers for sale consumer electronics including digital cameras.

**JURISDICTION**

10. This is an action for patent infringement, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over each of the Defendants consistent with the requirements of California Code of Civil Procedure § 410.10 and the Due Process Clause of the United States Constitution. Each Defendant transacts substantial business in California (and in this district), or has committed and continues to commit acts of patent infringement in California (and in this district) as alleged in this complaint. In addition, SSI in particular maintains a regular and established place of business at 3655 North 1st Street, San Jose, California, 95134.

**VENUE**

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants reside in this judicial district. Further, SSI has committed acts of infringement and has a regular established place of business in this district.

**INTRADISTRICT ASSIGNMENT**

13. This is a patent infringement action, and therefore exempt from Intradistrict Assignment under Civil L.R. 3-2(c).

**FACTUAL BACKGROUND**

14. Plaintiffs solely own all rights, titles, and interests in and to the following United States patents (collectively, the "AMD Patents"), including the exclusive rights to bring suit with respect to any past, present, and future infringement thereof:

(a) U.S. Patent No. 5,545,592, entitled "*Nitrogen Treatment for Metal-Silicide Contact*," which was duly and legally issued on August 13, 1996, from a patent application filed February 24, 1995, with John Iacoponi as the named inventor. Among other things, the '592 Iacoponi patent discloses an improved method of forming a contact point in a semiconductor device.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

(b) U.S. Patent No. 4,737,830, entitled "*Integrated Circuit Structure Having Compensating Means for Self-Inductance Effects*," which was duly and legally issued on April 12, 1988, from a patent application filed January 8, 1986, with Bharat Patel as the lead named inventor. Among other things, the '830 Patel patent discloses an improved integrated circuit wherein self-inductive voltage spikes are reduced through the use of capacitance means constructed beneath at least one bus.

(c) U.S. Patent No. 5,248,893, entitled "*Insulated Gate Field Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone*," which was duly and legally issued on September 28, 1993, from a patent application filed January 5, 1993, with Shinichi Sakamoto as the named inventor. Among other things, the '893 Sakamoto patent discloses an insulated gate field effect device with a smoothly curved depletion boundary in the vicinity of the channel-free zone.

(d) U.S. Patent No. 5,559,990, entitled "*Memories with Burst Mode Access*," which was duly and legally issued on September 24, 1996, from a patent application filed October 24, 1994, with Pearl Cheng as the lead named inventor. Among other things, the '990 Cheng patent discloses a memory employing multiple sub-arrays that facilitates faster burst-mode access.

(e) U.S. Patent No. 5,377,200, entitled "*Power Saving Feature for Components Having Built-In Testing Logic*," which was duly and legally issued on December 27, 1994, from a patent application filed August 27, 1992, with Michael Pedneau as the named inventor. Among other things, the '200 Pedneau patent discloses an improvement to built-in testing in an electronic component, in particular the ability to reduce or remove the power applied to testing circuits when not in use.

(f) U.S. Patent No. 5,623,434, entitled "*Structure and Method of Using an Arithmetic and Logic Unit for Carry Propagation Stage of a Multiplier*," which was duly and legally issued on April 22, 1997, from a patent application filed July 27, 1994,

with Stephen Purcell as the named inventor. Among other things, the ’434 Purcell patent discloses a method and apparatus for using an arithmetic and logic unit as part of a multiplier circuit.

(g) U.S. Patent No. 6,784,879, entitled “*Method and Apparatus for Providing Control of Background Video*,” which was duly and legally issued on August 31, 2004, from a patent application filed July 14, 1997, with Stephen Orr as the named inventor. Among other things, the ’879 Orr patent discloses a method and apparatus for control of background video on a display, which allows the user to control attributes of the video, such as volume, for example, while the video continues to play in the background and another application remains in focus on the display.

15. Each of the AMD Patents is valid and enforceable.

16. The Defendants have actual notice of all of the AMD Patents and the infringement alleged herein at least upon filing of this amended complaint (if not earlier), pursuant to 35 U.S.C. § 287(a), and Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC had actual notice of the ’592 Iacoponi patent, the ’830 Patel patent, the ’893 Sakamoto patent, the ’990 Cheng patent, the ’200 Pedneau patent, the ’879 Orr patent and the infringement alleged herein at least upon the filing of the original complaint (if not earlier), pursuant to 35 U.S.C. § 287(a). On information and belief, Defendants had prior actual notice of at least the Iacoponi ’592 patent no later than April 2006 and the Patel ’830 patent no later than March 31, 2003.

17. Each of the Defendants has directly infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the AMD Patents by acting without authority so as to:

(a) make, have made, use, offer to sell, sell within the United States, or import into the United States semiconductor products, including at least Samsung DRAM, SRAM, and NAND-flash memory chips and/or other chips, that embody or practice the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

patented inventions, as well as electronics products that contain these chips, or practice the patented processes in the United States in connection with these activities;

(b) import into the United States or offer to sell, sell, or use within the United States semiconductor products, including at least Samsung DRAM and NAND-flash memory chips and/or other chips made by a process patented by AMD, as well as electronics products that contain these chips.

18. The above-described acts of infringement committed by Defendants have caused injury and damage to AMD, and as to unexpired patents, will cause additional severe and irreparable injury and damages in the future unless the Defendants are enjoined from further infringing the AMD Patents.

**FIRST CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,545,592**

19. AMD incorporates by reference the allegations set forth in paragraphs 1 through 18 above as if specifically set forth herein.

20. Defendants have directly infringed one or more claims of the ’592 Iacoponi patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include, but are not limited to, for example, Samsung’s DRAM and NAND-flash memory chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention or manufactured by the patented process, including digital cameras. The infringement remains ongoing.

21. As a consequence of Defendants’ infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

22. On information and belief, Defendants had actual knowledge of the ’592 Iacoponi patent since at least as early as April 2006, when during licensing negotiations AMD presented Defendants with a detailed PowerPoint presentation outlining how Defendants’ products

specifically infringed claims of the Iacoponi ’592 patent. Despite Plaintiffs’ demand that Defendants either license the ’592 Iacoponi patent or cease their infringement, Defendants instead opted to continue their willful, deliberate, and intentional infringement of one or more claims of said patent.

**SECOND CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 4,737,830**

23. AMD incorporates by reference the allegations set forth in paragraphs 1 through 22 above as if specifically set forth herein.

24. Defendants have directly infringed claims 5 and 6 of the ’830 Patel patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung’s DRAM, SRAM and NAND Flash memory chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention.

25. As a consequence of Defendants’ infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

26. On information and belief, Defendants had actual knowledge of the ’830 Patel patent since at least as early as March 31, 2003, when during licensing negotiations AMD presented Defendants with a detailed PowerPoint presentation outlining how Defendants’ products specifically infringed claims of the ’830 Patel patent.

**THIRD CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,248,893**

27. AMD incorporates by reference the allegations set forth in paragraphs 1 through 26 above as if specifically set forth herein.

28. Defendants have directly infringed one or more claims of the ’893 Sakamoto patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung’s DRAM memory chips,

as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention.

29. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**FOURTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,559,990**

30. AMD incorporates by reference the allegations set forth in paragraphs 1 through 29 above as if specifically set forth herein.

31. Defendants have directly infringed one or more claims of the '990 Cheng patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's memory chips such as the K4T51083QC 512MB 90nm Rev "C" DDR2 SDRAM, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate this or any other chip embodying the claimed invention. Defendants' infringement remains ongoing.

32. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**FIFTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,377,200**

33. AMD incorporates by reference the allegations set forth in paragraphs 1 through 32 above as if specifically set forth herein.

34. Defendants have directly infringed one or more claims of the '200 Pedneau patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, the S3C2412 Application Processor, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

S3C2412 processor or any other processor embodying the claimed invention. Such infringement remains ongoing.

35. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**SIXTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,623,434**

36. AMD incorporates by reference the allegations set forth in paragraphs 1 through 35 above as if specifically set forth herein.

37. Defendants have directly infringed one or more claims of the '434 Purcell patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's S3C2443 Application Processor and any other processor embodying the claimed invention, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate the S3C2443 Application Processor or any other processor embodying the claimed invention. Such infringement remains ongoing.

38. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**SEVENTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 6,784,879**

39. AMD incorporates by reference the allegations set forth in paragraphs 1 through 38 above as if specifically set forth herein.

40. Defendants have directly infringed one or more claims of the '879 Orr patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's LN-T1953H television, as well as

all other Samsung televisions or other display devices that incorporate or embody the claimed invention. Such infringement remains ongoing.

41. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE,** AMD respectfully requests that this Court:

A. enter judgment that each of the Defendants has infringed one or more claims of one or more of the AMD Patents;

B. enter judgment that Defendants' infringement of the '592 Iacoponi patent has been willful, deliberate, and intentional;

C. enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each of the Defendants, and all of their respective agents, servants, officers, directors, employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement of the non-expired AMD Patents;

D. enter an order, pursuant to 35 U.S.C. § 284, awarding to AMD damages adequate to compensate for Defendants' infringement of the AMD Patents (and, if necessary, related accountings), in an amount to be determined at trial, but not less than a reasonable royalty;

E. enter an order, pursuant to 35 U.S.C. § 284, trebling damages awarded to AMD to the extent Defendants' infringement of the '592 Iacoponi patent is determined to have been willful;

F. enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding to AMD its reasonable attorneys' fees, costs, and expenses;

G. enter an order that Defendants account for and pay to AMD the damages to which AMD is entitled as a consequence of the infringement;

H. enter an order awarding to AMD pre- and post-judgment interest at the maximum rates allowable under the law; and,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

I. enter an order awarding to AMD such other and further relief, whether at law or in equity, that this Court deems just and proper.

Respectfully submitted,

DATED: May 1 2008

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: William H. Manning
William H. Manning
Brad P. Engdahl
David E. Marder

**REED SMITH L.L.P.**

John P. Bovich

Attorneys for Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**DEMAND FOR JURY TRIAL**

AMD demands a jury trial on all issues so triable.

DATED: May 1, 2008

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P**

By: /s/ William H. Manning
William H. Manning
Brad P. Engdahl
David E. Marder

**REED SMITH L.L.P.**

John P. Bovich

Attorneys for Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On May 1, 2008, I served the following document(s) by the method indicated below:

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by transmitting via email to the parties at the email addresses listed below:

Robert T. Haslam
robert.haslam@hellerehrman.com
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Tel: (650) 324-7073
Fax: (650) 324-0638

Attorneys for SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 1, 2008, at San Francisco, California.

Cristi Shanahan

DOCSSFO-12513712.1