ROBERT T. HASLAM (Bar No. 71134)
Robert.Haslam@hellerehrman.com
MICHAEL K. PLIMACK (Bar No. 133869)
Michael.Plimack@hellerehrman.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
Christine.Haskett@Hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ALAN H. BLANKENHEIMER (Bar No. 218713)
Alan.Blankenheimer@hellerehrman.com
LAURA UNDERWOOD-MUSCHAMP (Bar No. 228717)
Laura.Underwood-Muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
JoDale.Carothers@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone: (858) 450-8400
Facsimile: (850) 450-8499

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC,
SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>    Plaintiffs and Counterdefendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants and Counterclaimants. | CASE NO. 3:08-CV-0986-SI<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIMANT SAMSUNG AUSTIN SEMICONDUCTOR, LLC DEMAND FOR JURY TRIAL** |

Heller
Ehrman LLP

Defendant and Counterclaimant Samsung Austin Semiconductor, LLC ("SAS"), by and through its counsel, answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs and Counterdefendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") (collectively, "Plaintiffs and Counterdefendants") as follows:

**INTRODUCTION**

SAS admits that Plaintiffs and Counterdefendants have filed this suit for patent infringement against SAS and six related entities, asserting U.S. Patent No. 5,545,592 ("the '592 patent"), U.S. Patent No. 4,737,830 ("the '830 patent"), U.S. Patent No. 5,248,893 ("the '893 patent"), U.S. Patent No. 5,559,990 ("the '990 patent"), U.S. Patent No. 5,377,200 ("the '200 patent"), U.S. Patent No. 5,623,434 ("the '434 patent"), and U.S. Patent No. 6,784,879 ("the '879 patent") (collectively, "the AMD patents"). SAS is without knowledge or information sufficient to form a belief as to the ownership of the AMD patents and on that basis, denies the allegation as to ownership. Plaintiffs and Counterdefendants' allegation regarding what the AMD patents "generally cover" states a legal conclusion to which SAS is not required to respond. Except as expressly admitted, SAS denies the allegations in the Introduction.

**THE PARTIES**

1.      SAS admits the allegations of paragraph 1 of the Complaint.

2.      SAS admits the allegations of paragraph 2 of the Complaint.

3.      SAS admits the allegations of paragraph 3 of the Complaint.

4.      SAS denies that Samsung Semiconductor, Inc. ("SSI") is a subsidiary of SEC; SSI is a subsidiary of Samsung Electronics America, Inc. ("SEA"). SAS admits the remaining allegations of paragraph 4 of the Complaint.

5.      SAS admits the allegations of paragraph 5 of the Complaint.

6.      SAS admits the allegations of paragraph 6 of the Complaint.

7.      The ZIP code for 1301 East Lookout Drive, Richardson, Texas is 75082. SAS denies that Samsung Telecommunications America, LLC ("STA") is a subsidiary of SEC; STA is a subsidiary of SEA. SAS admits the remaining allegations of paragraph 7 of the Complaint.

8.      SAS admits the allegations of paragraph 8 of the Complaint.

Heller
Ehrman LLP

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

9.      SAS admits the allegations of paragraph 9 of the Complaint.

**JURISDICTION**

10.     SAS admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement.  The remaining allegations of paragraph 10 of the Complaint state legal conclusions, and SAS is not required to, and does not, admit or deny such allegations.

11.     SAS admits that SSI maintains a place of business at 3655 North First Street, San Jose, California 95134.  SAS denies that Defendants and Counterclaimants have committed acts of patent infringement.  To the extent that the remaining allegations of paragraph 11 of the Complaint state legal conclusions, SAS is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, SAS denies the allegations of paragraph 11 of the Complaint.

**VENUE**

12.     SAS denies that SSI has committed acts of patent infringement.  SAS admits that SSI has a place of business in this District.  To the extent that the remaining allegations of paragraph 12 of the Complaint state legal conclusions, SAS is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, SAS denies the allegations of paragraph 12 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

13.     SAS admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement.  The remaining allegations of paragraph 13 of the Complaint state a legal conclusion which SAS is not required to, and does not, admit or deny.

**FACTUAL BACKGROUND**

14.     SAS is without knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies them.

(a)     SAS denies that the '592 patent was duly and legally issued.  SAS admits that the face of the '592 patent indicates that it issued from an application filed on February 24, 1995 and that the purported inventor listed on the face of the patent is John A. Iacoponi.  To the extent the remaining allegations of paragraph 14(a) of the Complaint state legal conclusions, SAS is not

Heller
Ehrman LLP

3

1    required to, and does not, admit or deny such allegations.  To the extent not expressly admitted,

2    SAS denies the allegations of paragraph 14(a) of the Complaint.

3         (b)    SAS denies that the '830 patent was duly and legally issued.  SAS admits that the

4    face of the '830 patent indicates that it issued from an application filed on January 8, 1986 and that

5    one of the purported inventors listed on the face of the patent is Bharat D. Patel.  To the extent the

6    remaining allegations of paragraph 14(b) of the Complaint state legal conclusions, SAS is not

7    required to, and does not, admit or deny such allegations.  To the extent not expressly admitted,

8    SAS denies the allegations of paragraph 14(b) of the Complaint.

9         (c)    SAS denies that the '893 patent was duly and legally issued.  SAS admits that the

10   face of the '893 patent indicates that it issued from an application filed on January 5, 1993 and that

11   the purported inventor listed on the face of the patent is Shinichi Sakamoto.  To the extent the

12   remaining allegations of paragraph 14(c) of the Complaint state legal conclusions, SAS is not

13   required to, and does not, admit or deny such allegations.  To the extent not expressly admitted,

14   SAS denies the allegations of paragraph 14(c) of the Complaint.

15        (d)    SAS denies that the '990 patent was duly and legally issued.  SAS admits that the

16   face of the '990 patent indicates that it issued from an application filed on September 24, 1996 and

17   that one of the purported inventors listed on the face of the patent is Pearl P. Cheng.  To the extent

18   the remaining allegations of paragraph 14(d) of the Complaint state legal conclusions, SAS is not

19   required to, and does not, admit or deny such allegations.  To the extent not expressly admitted,

20   SAS denies the allegations of paragraph 14(d) of the Complaint.

21        (e)    SAS denies that the '200 patent was duly and legally issued.  SAS admits that the

22   face of the '200 patent indicates that it issued from an application filed on August 27, 1992 and that

23   the purported inventor listed on the face of the patent is Michael D. Pedneau.  To the extent the

24   remaining allegations of paragraph 14(e) of the Complaint state legal conclusions, SAS is not

25   required to, and does not, admit or deny such allegations.  To the extent not expressly admitted,

26   SAS denies the allegations of paragraph 14(e) of the Complaint.

27        (f)    SAS denies that the '434 patent was duly and legally issued.  SAS admits that the

28   face of the '434 patent indicates that it issued from an application filed on July 27, 1994, and that

Heller
Ehrman LLP

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

the purported inventor listed on the face of the patent is Stephen C. Purcell.  To the extend the remaining allegations of paragraph 14(f) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, SAS denies the allegations of paragraph 14(f) of the Complaint.

     (g)     SAS denies that the '879 patent was duly and legally issued.  SAS admits that the face of the '879 patent indicates that it issued from an application filed on July 14, 1997 and that the purported inventor listed on the face of the patent is Stephen Jonathan Orr.  To the extent the remaining allegations of paragraph 14(g) of the Complaint state legal conclusions, SAS is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, SAS denies the allegations of paragraph 14(g) of the Complaint.

     15.     SAS denies the allegations of paragraph 15 of the Complaint.

     16.     To the extent the allegations of paragraph 16 of the Complaint state legal conclusions, SAS is not required to, and does not, admit or deny such allegations.  SAS denies that SAS had prior actual notice of the '592 patent no later than April 2006.  SAS denies that SAS had prior actual notice of the '830 patent no later than March 31, 2003.  SAS is without knowledge or information sufficient to form a belief as to when Defendants other than SAS received actual notice of the AMD patents and on that basis, denies the allegations as to actual notice of the AMD patents to those other Defendants.

     17.     SAS denies the allegations of paragraph 17 of the Complaint and each of its subparts.

     18.     SAS denies the allegations of paragraph 18 of the Complaint.

<strong><u>RESPONSE TO FIRST CLAIM FOR RELIEF</u></strong>

     19.     SAS incorporates by reference its above responses to paragraphs 1 through 18 of the Complaint as if specifically set forth herein.

     20.     SAS denies the allegations of paragraph 20 of the Complaint.

     21.     SAS denies the allegations of paragraph 21 of the Complaint.

     22.     SAS denies that SAS had actual notice of the '592 patent since at least as early as April 2006.  SAS denies that AMD presented SAS with a detailed PowerPoint presentation

Heller
Ehrman LLP

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

1  outlining how Defendants' products specifically infringed claims of the '592 patent. SAS denies

2  that Plaintiffs demanded that SAS license the '592 patent. SAS is without knowledge or

3  information sufficient to form a belief as to when Defendants other than SAS received actual notice

4  of the '592 patent and on that basis, denies the allegations as to actual notice of the '592 patent to

5  those other Defendants.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

7      23.      SAS incorporates by reference its above responses to paragraphs 1 through 22 of the

8  Complaint as if specifically set forth herein.

9      24.      SAS denies the allegations of paragraph 24 of the Complaint.

10     25.      SAS denies the allegations of paragraph 25 of the Complaint.

11     26.      SAS denies that SAS had actual notice of the '830 patent since at least as early as

12 March 31, 2003. SAS denies that AMD presented SAS with a detailed PowerPoint presentation

13 outlining how Defendants' products specifically infringed claims of the '830 patent. SAS denies

14 that Plaintiffs demanded that SAS license the '830 patent. SAS is without knowledge or

15 information sufficient to form a belief as to when Defendants other than SAS received actual notice

16 of the '830 patent and on that basis, denies the allegations as to actual notice of the '830 patent to

17 those other Defendants.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

19     27.      SAS incorporates by reference its above responses to paragraphs 1 through 26 of the

20 Complaint as if specifically set forth herein.

21     28.      SAS denies the allegations of paragraph 28 of the Complaint.

22     29.      SAS denies the allegations of paragraph 29 of the Complaint.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

24     30.      SAS incorporates by reference its above responses to paragraphs 1 through 29 of the

25 Complaint as if specifically set forth herein.

26     31.      SAS denies the allegations of paragraph 31 of the Complaint.

27     32.      SAS denies the allegations of paragraph 32 of the Complaint.

Heller
Ehrman LLP

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### RESPONSE TO FIFTH CLAIM FOR RELIEF

33.    SAS incorporates by reference its above responses to paragraphs 1 through 32 of the Complaint as if specifically set forth herein.

34.    SAS denies the allegations of paragraph 34 of the Complaint.

35.    SAS denies the allegations of paragraph 35 of the Complaint.

### RESPONSE TO SIXTH CLAIM FOR RELIEF

36.    SAS incorporates by reference its above responses to paragraphs 1 through 35 of the Complaint as if specifically set forth herein.

37.    SAS denies the allegations of paragraph 37 of the Complaint.

38.    SAS denies the allegations of paragraph 38 of the Complaint.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

39.    SAS incorporates by reference its above responses to paragraphs 1 through 38 of the Complaint as if specifically set forth herein.

40.    SAS denies the allegations of paragraph 40 of the Complaint.

41.    SAS denies the allegations of paragraph 41 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

SAS denies that Plaintiffs and Counterdefendants are entitled to any relief whatsoever from SAS , either as prayed or otherwise.

### AFFIRMATIVE DEFENSES

42.    By alleging the matters set forth below as affirmative defenses, SAS does not thereby allege or admit that SAS has the burden of proof with respect to any of said matters.

43.    For its further and separate defense to Plaintiffs and Counterdefendants' Claims and each purported cause of action therein, SAS alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement of the '592 patent)

44.    SAS has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '592 patent.

7

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Non-Infringement of the '830 patent)

3    45.    SAS has not and is not infringing, contributing to the infringement of, and/or

4 inducing infringement of any valid, enforceable claim of the '830 patent.

5

## THIRD AFFIRMATIVE DEFENSE

6

### (Non-Infringement of the '893 patent)

7    46.    SAS has not and is not infringing, contributing to the infringement of, and/or

8 inducing infringement of any valid, enforceable claim of the '893 patent.

9

## FOURTH AFFIRMATIVE DEFENSE

10

### (Non-Infringement of the '990 patent)

11    47.    SAS has not and is not infringing, contributing to the infringement of, and/or

12 inducing infringement of any valid, enforceable claim of the '990 patent.

13

## FIFTH AFFIRMATIVE DEFENSE

14

### (Non-Infringement of the '200 patent)

15    48.    SAS has not and is not infringing, contributing to the infringement of, and/or

16 inducing infringement of any valid, enforceable claim of the '200 patent.

17

## SIXTH AFFIRMATIVE DEFENSE

18

### (Non-Infringement of the '434 patent)

19    49.    SAS has not and is not infringing, contributing to the infringement of, and/or

20 inducing infringement of any valid, enforceable claim of the '434 patent.

21

## SEVENTH AFFIRMATIVE DEFENSE

22

### (Non-Infringement of the '879 patent)

23    50.    SAS has not and is not infringing, contributing to the infringement of, and/or

24 inducing infringement of any valid, enforceable claim of the '879 patent.

25

26

27

28

Heller
Ehrman LLP

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

### EIGHTH AFFIRMATIVE DEFENSE

#### (Invalidity of the '592 patent)

51.     Each claim of the '592 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### NINTH AFFIRMATIVE DEFENSE

#### (Invalidity of the '830 patent)

52.     Each claim of the '830 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### TENTH AFFIRMATIVE DEFENSE

#### (Invalidity of the '893 patent)

53.     Each claim of the '893 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Invalidity of the '990 patent)

54.     Each claim of the '990 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Invalidity of the '200 patent)

55.     Each claim of the '200 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

Heller
Ehrman LLP

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '434 patent)

56.    Each claim of the '434 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '879 patent)

57.    Each claim of the '879 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

58.    Recovery on Plaintiffs and Counterdefendants' Claims is barred, in whole or in part, by the applicable statute of limitations, 35 U.S.C. § 286.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

59.    Plaintiffs and Counterdefendants' Claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

60.    Plaintiffs' claims for relief are barred under the doctrine of prosecution history estoppel to the extent that plaintiffs allege infringement under the doctrine of equivalents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

61.    On information and belief, some or all of Plaintiffs' and Counterdefendants' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

Heller
Ehrman LLP

## COUNTERCLAIMS

### THE PARTIES

62.    SAS is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas, 78754.

63.    On information and belief, AMD is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

64.    On information and belief, ATI is a subsidiary of AMD and is incorporated in Alberta, Canada, with its principal place of business at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

### JURISDICTION AND VENUE

65.    SAS's counterclaims do not require the presence of third parties over whom this Court cannot acquire jurisdiction for adjudication.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

66.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

67.    SAS repeats and realleges each and every allegation set forth in paragraphs 62 through 66 as if fully set forth herein.

68.    This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

69.    On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that SAS infringes the AMD patents.

70.    A justiciable controversy exists between SAS on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

71.    SAS has not and is not now infringing, contributorily infringing, or inducing infringement of any of the AMD patents.

Heller
Ehrman LLP

11

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

72.    SAS is entitled to a declaratory judgment that it has not infringed and does not infringe directly or indirectly, contributorily or by inducement, any of the AMD patents.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

73.    SAS repeats and realleges each and every allegation set forth in paragraphs 62 through 72 as if fully set forth herein.

74.    This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq*.

75.    On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that SAS infringes the AMD patents.

76.    A justiciable controversy exists between SAS on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

77.    Each claim of the AMD patents is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

78.    SAS is entitled to a declaratory judgment that the AMD patents are invalid.

## PRAYER FOR RELIEF

Wherefore SAS prays for judgment and relief as follows:

a.    That Plaintiffs and Counterdefendants are not entitled to the relief prayed for in their Complaint, or to any relief whatsoever; and that the Complaint be dismissed with prejudice;

b.    That the Court grant SAS declaratory judgment that the AMD patents have never been, and are not now, infringed by SAS or by any other person using SAS's products, and that SAS has not induced infringement of or contributorily infringed the AMD patents;

c.    That the Court grant SAS declaratory judgment that the AMD patents are invalid;

d.    That the Court adjudge this to be an "exceptional case" and award SEC attorneys' fees pursuant to 35 U.S.C. § 285.

e.    That SAS be awarded its costs of suit pursuant to 35 U.S.C. § 284; and

Heller
Ehrman LLP

12

SAS ANSWER AND COUNTERCLAIMS
CASE NO.: 3:08-CV-0986-SI

1    f.      That the Court order such other and further relief as the Court deems proper.

2                          **<u>DEMAND FOR JURY TRIAL</u>**

3        SAS demands a jury trial on all issues that may be so tried.

4
5    DATED: May 15, 2008                          HELLER EHRMAN LLP

6
7                                                 */s/Robert T. Haslam*
8                                                 ROBERT T. HASLAM
                                                  Attorneys for Defendant and Counterclaimant
9                                                 SAMSUNG AUSTIN SEMICONDUCTOR, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

SAS ANSWER AND COUNTERCLAIMS
                                                 CASE NO.: 3:08-CV-0986-SI