ROBERT T. HASLAM (Bar No. 71134)
Robert.Haslam@hellerehrman.com
MICHAEL K. PLIMACK (Bar No. 133869)
Michael.Plimack@hellerehrman.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
Christine.Haskett@Hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ALAN H. BLANKENHEIMER (Bar No. 218713)
Alan.Blankenheimer@hellerehrman.com
LAURA UNDERWOOD-MUSCHAMP (Bar No. 228717)
Laura.Underwood-Muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
JoDale.Carothers@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone: (858) 450-8400
Facsimile: (850) 450-8499

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>  Plaintiffs and Counterdefendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>  Defendants and Counterclaimants. | CASE NO. 3:08-CV-0986-SI<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIMANT SAMSUNG ELECTRONICS AMERICA, INC. DEMAND FOR JURY TRIAL** |

Defendant and Counterclaimant Samsung Electronics America, Inc. ("SEA"), by and through its counsel, answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs and Counterdefendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") (collectively, "Plaintiffs and Counterdefendants") as follows:

## INTRODUCTION

SEA admits that Plaintiffs and Counterdefendants have filed this suit for patent infringement against SEA and six related entities, asserting U.S. Patent No. 5,545,592 ("the '592 patent"), U.S. Patent No. 4,737,830 ("the '830 patent"), U.S. Patent No. 5,248,893 ("the '893 patent"), U.S. Patent No. 5,559,990 ("the '990 patent"), U.S. Patent No. 5,377,200 ("the '200 patent"), U.S. Patent No. 5,623,434 ("the '434 patent"), and U.S. Patent No. 6,784,879 ("the '879 patent") (collectively, "the AMD patents").  SEA is without knowledge or information sufficient to form a belief as to the ownership of the AMD patents and on that basis, denies the allegation as to ownership.  Plaintiffs and Counterdefendants' allegation regarding what the AMD patents "generally cover" states a legal conclusion to which SEA is not required to respond.  Except as expressly admitted, SEA denies the allegations in the Introduction.

## THE PARTIES

1. SEA admits the allegations of paragraph 1 of the Complaint.
2. SEA admits the allegations of paragraph 2 of the Complaint.
3. SEA admits the allegations of paragraph 3 of the Complaint.
4. SEA denies that Samsung Semiconductor, Inc. ("SSI") is a subsidiary of SEC; SSI is a subsidiary of SEA.  SEA admits the remaining allegations of paragraph 4 of the Complaint.
5. SEA admits the allegations of paragraph 5 of the Complaint.
6. SEA admits the allegations of paragraph 6 of the Complaint.
7. The ZIP code for 1301 East Lookout Drive, Richardson, Texas is 75082.  SEA denies that Samsung Telecommunications America, LLC ("STA") is a subsidiary of SEC; STA is a subsidiary of SEA.  SEA admits the remaining allegations of paragraph 7 of the Complaint.
8. SEA admits the allegations of paragraph 8 of the Complaint.
9. SEA admits the allegations of paragraph 9 of the Complaint.

Heller
Ehrman LLP

## JURISDICTION

10. SEA admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement. The remaining allegations of paragraph 10 of the Complaint state legal conclusions, and SEA is not required to, and does not, admit or deny such allegations.

11. SEA admits that SSI maintains a place of business at 3655 North First Street, San Jose, California 95134. SEA denies that Defendants and Counterclaimants have committed acts of patent infringement. To the extent that the remaining allegations of paragraph 11 of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 11 of the Complaint.

## VENUE

12. SEA denies that SSI has committed acts of patent infringement. SEA admits that SSI has a place of business in this District. To the extent that the remaining allegations of paragraph 12 of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 12 of the Complaint.

## INTRADISTRICT ASSIGNMENT

13. SEA admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement. The remaining allegations of paragraph 13 of the Complaint state a legal conclusion which SEA is not required to, and does not, admit or deny.

## FACTUAL BACKGROUND

14. SEA is without knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies them.

(a) SEA denies that the '592 patent was duly and legally issued. SEA admits that the face of the '592 patent indicates that it issued from an application filed on February 24, 1995 and that the purported inventor listed on the face of the patent is John A. Iacoponi. To the extent the remaining allegations of paragraph 14(a) of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(a) of the Complaint.

Heller Ehrman LLP

(b) SEA denies that the '830 patent was duly and legally issued. SEA admits that the face of the '830 patent indicates that it issued from an application filed on January 8, 1986 and that one of the purported inventors listed on the face of the patent is Bharat D. Patel. To the extent the remaining allegations of paragraph 14(b) of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(b) of the Complaint.

(c) SEA denies that the '893 patent was duly and legally issued. SEA admits that the face of the '893 patent indicates that it issued from an application filed on January 5, 1993 and that the purported inventor listed on the face of the patent is Shinichi Sakamoto. To the extent the remaining allegations of paragraph 14(c) of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(c) of the Complaint.

(d) SEA denies that the '990 patent was duly and legally issued. SEA admits that the face of the '990 patent indicates that it issued from an application filed on September 24, 1996 and that one of the purported inventors listed on the face of the patent is Pearl P. Cheng. To the extent the remaining allegations of paragraph 14(d) of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(d) of the Complaint.

(e) SEA denies that the '200 patent was duly and legally issued. SEA admits that the face of the '200 patent indicates that it issued from an application filed on August 27, 1992 and that the purported inventor listed on the face of the patent is Michael D. Pedneau. To the extent the remaining allegations of paragraph 14(e) of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(e) of the Complaint.

(f) SEA denies that the '434 patent was duly and legally issued. SEA admits that the face of the '434 patent indicates that it issued from an application filed on July 27, 1994, and that the purported inventor listed on the face of the patent is Stephen C. Purcell. To the extend the remaining allegations of paragraph 14(f) of the Complaint state legal conclusions, SEC is not

required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(f) of the Complaint.

  (g) SEA denies that the '879 patent was duly and legally issued. SEA admits that the face of the '879 patent indicates that it issued from an application filed on July 14, 1997 and that the purported inventor listed on the face of the patent is Stephen Jonathan Orr. To the extent the remaining allegations of paragraph 14(g) of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEA denies the allegations of paragraph 14(g) of the Complaint.

  15. SEA denies the allegations of paragraph 15 of the Complaint.

  16. To the extent the allegations of paragraph 16 of the Complaint state legal conclusions, SEA is not required to, and does not, admit or deny such allegations. SEA denies that SEA had prior actual notice of the '592 patent no later than April 2006. SEA denies that SEA had prior actual notice of the '830 patent no later than March 31, 2003. SEA is without knowledge or information sufficient to form a belief as to when Defendants other than SEA received actual notice of the AMD patents and on that basis, denies the allegations as to actual notice of the AMD patents to those other Defendants.

  17. SEA denies the allegations of paragraph 17 of the Complaint and each of its subparts.

  18. SEA denies the allegations of paragraph 18 of the Complaint.

## RESPONSE TO FIRST CLAIM FOR RELIEF

  19. SEA incorporates by reference its above responses to paragraphs 1 through 18 of the Complaint as if specifically set forth herein.

  20. SEA denies the allegations of paragraph 20 of the Complaint.

  21. SEA denies the allegations of paragraph 21 of the Complaint.

  22. SEA denies that SEA had actual notice of the '592 patent since at least as early as April 2006. SEA denies that AMD presented SEA with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the '592 patent. SEA denies that Plaintiffs demanded that SEA license the '592 patent. SEA is without knowledge or

Heller Ehrman LLP

1  information sufficient to form a belief as to when Defendants other than SEA received actual notice
2  of the '592 patent and on that basis, denies the allegations as to actual notice of the '592 patent to
3  those other Defendants.

### RESPONSE TO SECOND CLAIM FOR RELIEF

23.     SEA incorporates by reference its above responses to paragraphs 1 through 22 of the Complaint as if specifically set forth herein.

24.     SEA denies the allegations of paragraph 24 of the Complaint.

25.     SEA denies the allegations of paragraph 25 of the Complaint.

26.     SEA denies that SEA had actual notice of the '830 patent since at least as early as March 31, 2003.  SEA denies that AMD presented SEA with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the '830 patent.  SEA denies that Plaintiffs demanded that SEA license the '830 patent.  SEA is without knowledge or information sufficient to form a belief as to when Defendants other than SEA received actual notice of the '830 patent and on that basis, denies the allegations as to actual notice of the '830 patent to those other Defendants.

### RESPONSE TO THIRD CLAIM FOR RELIEF

27.     SEA incorporates by reference its above responses to paragraphs 1 through 26 of the Complaint as if specifically set forth herein.

28.     SEA denies the allegations of paragraph 28 of the Complaint.

29.     SEA denies the allegations of paragraph 29 of the Complaint.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

30.     SEA incorporates by reference its above responses to paragraphs 1 through 29 of the Complaint as if specifically set forth herein.

31.     SEA denies the allegations of paragraph 31 of the Complaint.

32.     SEA denies the allegations of paragraph 32 of the Complaint.

### RESPONSE TO FIFTH CLAIM FOR RELIEF

33.     SEA incorporates by reference its above responses to paragraphs 1 through 32 of the Complaint as if specifically set forth herein.

34. SEA denies the allegations of paragraph 34 of the Complaint.

35. SEA denies the allegations of paragraph 35 of the Complaint.

### RESPONSE TO SIXTH CLAIM FOR RELIEF

36. SEA incorporates by reference its above responses to paragraphs 1 through 35 of the Complaint as if specifically set forth herein.

37. SEA denies the allegations of paragraph 37 of the Complaint.

38. SEA denies the allegations of paragraph 38 of the Complaint.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

39. SEA incorporates by reference its above responses to paragraphs 1 through 38 of the Complaint as if specifically set forth herein.

40. SEA denies the allegations of paragraph 40 of the Complaint.

41. SEA denies the allegations of paragraph 41 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

SEA denies that Plaintiffs and Counterdefendants are entitled to any relief whatsoever from SEA, either as prayed or otherwise.

### AFFIRMATIVE DEFENSES

42. By alleging the matters set forth below as affirmative defenses, SEA does not thereby allege or admit that SEA has the burden of proof with respect to any of said matters.

43. For its further and separate defense to Plaintiffs and Counterdefendants' Claims and each purported cause of action therein, SEA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '592 patent)

44. SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '592 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the '830 patent)

45. SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '830 patent.

### THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement of the '893 patent)

46.     SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '893 patent.

### FOURTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '990 patent)

47.     SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '990 patent.

### FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '200 patent)

48.     SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '200 patent.

### SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '434 patent)

49.     SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '434 patent.

### SEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '879 patent)

50.     SEA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '879 patent.

### EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of the '592 patent)

51.     Each claim of the '592 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### NINTH AFFIRMATIVE DEFENSE
### (Invalidity of the '830 patent)

52. Each claim of the '830 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### TENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '893 patent)

53. Each claim of the '893 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '990 patent)

54. Each claim of the '990 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### TWELFTH AFFIRMATIVE DEFENSE
### (Invalidity of the '200 patent)

55. Each claim of the '200 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '434 patent)

56. Each claim of the '434 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '879 patent)

57. Each claim of the '879 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

58. Recovery on Plaintiffs and Counterdefendants' Claims is barred, in whole or in part, by the applicable statute of limitations, 35 U.S.C. § 286.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

59. Plaintiffs and Counterdefendants' Claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

60. Plaintiffs' claims for relief are barred under the doctrine of prosecution history estoppel to the extent that plaintiffs allege infringement under the doctrine of equivalents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

61. On information and belief, some or all of Plaintiffs' and Counterdefendants' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## COUNTERCLAIMS

## THE PARTIES

62. SEA is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

63. On information and belief, AMD is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

64. On information and belief, ATI is a subsidiary of AMD and is incorporated in Alberta, Canada, with its principal place of business at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

## JURISDICTION AND VENUE

65. SEA's counterclaims do not require the presence of third parties over whom this Court cannot acquire jurisdiction for adjudication. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

66. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

67. SEA repeats and realleges each and every allegation set forth in paragraphs 62 through 66 as if fully set forth herein.

68. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

69. On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that SEA infringes the AMD patents.

70. A justiciable controversy exists between SEA on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

71. SEA has not and is not now infringing, contributorily infringing, or inducing infringement of any of the AMD patents.

72. SEA is entitled to a declaratory judgment that it has not infringed and does not infringe directly or indirectly, contributorily or by inducement, any of the AMD patents.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

73. SEA repeats and realleges each and every allegation set forth in paragraphs 62 through 72 as if fully set forth herein.

74. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq*.

75. On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that SEA infringes the AMD patents.

76. A justiciable controversy exists between SEA on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

77. Each claim of the AMD patents is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

78. SEA is entitled to a declaratory judgment that the AMD patents are invalid.

## **PRAYER FOR RELIEF**

Wherefore SEA prays for judgment and relief as follows:

a. That Plaintiffs and Counterdefendants are not entitled to the relief prayed for in their Complaint, or to any relief whatsoever; and that the Complaint be dismissed with prejudice;

b. That the Court grant SEA declaratory judgment that the AMD patents have never been, and are not now, infringed by SEA or by any other person using SEA's products, and that SEA has not induced infringement of or contributorily infringed the AMD patents;

c. That the Court grant SEA declaratory judgment that the AMD patents are invalid;

d. That the Court adjudge this to be an "exceptional case" and award SEC attorneys' fees pursuant to 35 U.S.C. § 285.

e. That SEA be awarded its costs of suit pursuant to 35 U.S.C. § 284; and

f. That the Court order such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

SEA demands a jury trial on all issues that may be so tried.

Heller Ehrman LLP

DATED: May 15, 2008                              HELLER EHRMAN LLP


                                                 <u>*/s/Robert T. Haslam*</u>
                                                 ROBERT T. HASLAM
                                                 Attorneys for Defendant and Counterclaimant
                                                 SAMSUNG ELECTRONICS AMERICA, INC.