ROBERT T. HASLAM (Bar No. 71134)
Robert.Haslam@hellerehrman.com
MICHAEL K. PLIMACK (Bar No. 133869)
Michael.Plimack@hellerehrman.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
Christine.Haskett@Hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ALAN H. BLANKENHEIMER (Bar No. 218713)
Alan.Blankenheimer@hellerehrman.com
LAURA UNDERWOOD-MUSCHAMP (Bar No. 228717)
Laura.Underwood-Muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
JoDale.Carothers@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone: (858) 450-8400
Facsimile: (850) 450-8499

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants and Counterclaimants. | CASE NO. 3:08-CV-0986-SI<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIMANT SAMSUNG ELECTRONICS CO., LTD**<br>**DEMAND FOR JURY TRIAL** |

Heller
Ehrman LLP

Defendant and Counterclaimant Samsung Electronics Co., Ltd. ("SEC"), by and through its counsel, answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs and Counterdefendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") (collectively, "Plaintiffs and Counterdefendants") as follows:

## INTRODUCTION

SEC admits that Plaintiffs and Counterdefendants have filed this suit for patent infringement against SEC and six related entities, asserting U.S. Patent No. 5,545,592 ("the '592 patent"), U.S. Patent No. 4,737,830 ("the '830 patent"), U.S. Patent No. 5,248,893 ("the '893 patent"), U.S. Patent No. 5,559,990 ("the '990 patent"), U.S. Patent No. 5,377,200 ("the '200 patent"), U.S. Patent No. 5,623,434 ("the '434 patent"), and U.S. Patent No. 6,784,879 ("the '879 patent") (collectively, "the AMD patents"). SEC is without knowledge or information sufficient to form a belief as to the ownership of the AMD patents and on that basis, denies the allegation as to ownership. Plaintiffs and Counterdefendants' allegation regarding what the AMD patents "generally cover" states a legal conclusion to which SEC is not required to respond. Except as expressly admitted, SEC denies the allegations in the Introduction.

## THE PARTIES

1. SEC admits the allegations of paragraph 1 of the Complaint.
2. SEC admits the allegations of paragraph 2 of the Complaint.
3. SEC admits the allegations of paragraph 3 of the Complaint.
4. SEC denies that Samsung Semiconductor, Inc. ("SSI") is a subsidiary of SEC; SSI is a subsidiary of Samsung Electronics America, Inc. ("SEA"). SEC admits the remaining allegations of paragraph 4 of the Complaint.
5. SEC admits the allegations of paragraph 5 of the Complaint.
6. SEC admits the allegations of paragraph 6 of the Complaint.
7. The ZIP code for 1301 East Lookout Drive, Richardson, Texas is 75082. SEC denies that Samsung Telecommunications America, LLC ("STA") is a subsidiary of SEC; STA is a subsidiary of SEA. SEC admits the remaining allegations of paragraph 7 of the Complaint.
8. SEC admits the allegations of paragraph 8 of the Complaint.

9. SEC admits the allegations of paragraph 9 of the Complaint.

## JURISDICTION

10. SEC admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement. The remaining allegations of paragraph 10 of the Complaint state legal conclusions, and SEC is not required to, and does not, admit or deny such allegations.

11. SEC admits that SSI maintains a place of business at 3655 North First Street, San Jose, California 95134. SEC denies that Defendants and Counterclaimants have committed acts of patent infringement. To the extent that the remaining allegations of paragraph 11 of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 11 of the Complaint.

## VENUE

12. SEC denies that SSI has committed acts of patent infringement. SEC admits that SSI has a place of business in this District. To the extent that the remaining allegations of paragraph 12 of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 12 of the Complaint.

## INTRADISTRICT ASSIGNMENT

13. SEC admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement. The remaining allegations of paragraph 13 of the Complaint state a legal conclusion which SEC is not required to, and does not, admit or deny.

## FACTUAL BACKGROUND

14. SEC is without knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies them.

(a) SEC denies that the '592 patent was duly and legally issued. SEC admits that the face of the '592 patent indicates that it issued from an application filed on February 24, 1995 and that the purported inventor listed on the face of the patent is John A. Iacoponi. To the extent the remaining allegations of paragraph 14(a) of the Complaint state legal conclusions, SEC is not

required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 14(a) of the Complaint.

(b) SEC denies that the '830 patent was duly and legally issued. SEC admits that the face of the '830 patent indicates that it issued from an application filed on January 8, 1986 and that one of the purported inventors listed on the face of the patent is Bharat D. Patel. To the extent the remaining allegations of paragraph 14(b) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 14(b) of the Complaint.

(c) SEC denies that the '893 patent was duly and legally issued. SEC admits that the face of the '893 patent indicates that it issued from an application filed on January 5, 1993 and that the purported inventor listed on the face of the patent is Shinichi Sakamoto. To the extent the remaining allegations of paragraph 14(c) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 14(c) of the Complaint.

(d) SEC denies that the '990 patent was duly and legally issued. SEC admits that the face of the '990 patent indicates that it issued from an application filed on September 24, 1996 and that one of the purported inventors listed on the face of the patent is Pearl P. Cheng. To the extent the remaining allegations of paragraph 14(d) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 14(d) of the Complaint.

(e) SEC denies that the '200 patent was duly and legally issued. SEC admits that the face of the '200 patent indicates that it issued from an application filed on August 27, 1992 and that the purported inventor listed on the face of the patent is Michael D. Pedneau. To the extent the remaining allegations of paragraph 14(e) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, SEC denies the allegations of paragraph 14(e) of the Complaint.

(f) SEC denies that the '434 patent was duly and legally issued. SEC admits that the face of the '434 patent indicates that it issued from an application filed on July 27, 1994, and that

1 the purported inventor listed on the face of the patent is Stephen C. Purcell.  To the extend the
2 remaining allegations of paragraph 14(f) of the Complaint state legal conclusions, SEC is not
3 required to, and does not, admit or deny such allegations.  To the extent not expressly admitted,
4 SEC denies the allegations of paragraph 14(f) of the Complaint.

(g) SEC denies that the '879 patent was duly and legally issued.  SEC admits that the face of the '879 patent indicates that it issued from an application filed on July 14, 1997 and that the purported inventor listed on the face of the patent is Stephen Jonathan Orr.  To the extent the remaining allegations of paragraph 14(g) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, SEC denies the allegations of paragraph 14(g) of the Complaint.

15. SEC denies the allegations of paragraph 15 of the Complaint.

16. To the extent the allegations of paragraph 16 of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations.  SEC admits that SEC had notice of the '592 patent no later than April, 2006.  SEC admits that SEC had notice of the '830 patent no later than March 31, 2003.  To the extent not expressly admitted, SEC denies the allegations of paragraph 16 of the Complaint.

17. SEC denies the allegations of paragraph 17 of the Complaint and each of its subparts.

18. SEC denies the allegations of paragraph 18 of the Complaint.

## RESPONSE TO FIRST CLAIM FOR RELIEF

19. SEC incorporates by reference its above responses to paragraphs 1 through 18 of the Complaint as if specifically set forth herein.

20. SEC denies the allegations of paragraph 20 of the Complaint.

21. SEC denies the allegations of paragraph 21 of the Complaint.

22. To the extent the allegations of paragraph 22 of the Complaint state legal allegations, SEC is not required to, and does not, admit or deny such allegations.  SEC admits that SEC had knowledge of the '592 patent as early as April 2006.  SEC denies that Defendants have infringed one or more claims of the '592 patent and deny that Defendants have willfully and deliberately

infringed one or more claims of the '592 patent. To the extent not expressly admitted, SEC denies the allegations of paragraph 22 of the Complaint.

### RESPONSE TO SECOND CLAIM FOR RELIEF

23. SEC incorporates by reference its above responses to paragraphs 1 through 22 of the Complaint as if specifically set forth herein.

24. SEC denies the allegations of paragraph 24 of the Complaint.

25. SEC denies the allegations of paragraph 25 of the Complaint.

26. SEC admits that SEC had knowledge of the '830 patent as early as March 31, 2003 and admits that on March 31, 2003 AMD presented SEC with a PowerPoint presentation related to the '830 patent. To the extent not expressly admitted, SEC denies the allegations of paragraph 26 of the Complaint.

### RESPONSE TO THIRD CLAIM FOR RELIEF

27. SEC incorporates by reference its above responses to paragraphs 1 through 26 of the Complaint as if specifically set forth herein.

28. SEC denies the allegations of paragraph 28 of the Complaint.

29. SEC denies the allegations of paragraph 29 of the Complaint.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

30. SEC incorporates by reference its above responses to paragraphs 1 through 29 of the Complaint as if specifically set forth herein.

31. SEC denies the allegations of paragraph 31 of the Complaint.

32. SEC denies the allegations of paragraph 32 of the Complaint.

### RESPONSE TO FIFTH CLAIM FOR RELIEF

33. SEC incorporates by reference its above responses to paragraphs 1 through 32 of the Complaint as if specifically set forth herein.

34. SEC denies the allegations of paragraph 34 of the Complaint.

35. SEC denies the allegations of paragraph 35 of the Complaint.

### RESPONSE TO SIXTH CLAIM FOR RELIEF

36. SEC incorporates by reference its above responses to paragraphs 1 through 35 of the Complaint as if specifically set forth herein.

37. SEC denies the allegations of paragraph 37 of the Complaint.

38. SEC denies the allegations of paragraph 38 of the Complaint.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

39. SEC incorporates by reference its above responses to paragraphs 1 through 38 of the Complaint as if specifically set forth herein.

40. SEC denies the allegations of paragraph 40 of the Complaint.

41. SEC denies the allegations of paragraph 41 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

SEC denies that Plaintiffs and Counterdefendants are entitled to any relief whatsoever from SEC, either as prayed or otherwise.

### AFFIRMATIVE DEFENSES

42. By alleging the matters set forth below as affirmative defenses, SEC does not thereby allege or admit that SEC has the burden of proof with respect to any of said matters.

43. For its further and separate defense to Plaintiffs and Counterdefendants' Claims and each purported cause of action therein, SEC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '592 patent)

44. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '592 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the '830 patent)

45. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '830 patent.

### THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement of the '893 patent)

46. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '893 patent.

### FOURTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '990 patent)

47. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '990 patent.

### FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '200 patent)

48. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '200 patent.

### SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '434 patent)

49. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '434 patent.

### SEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '879 patent)

50. SEC has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '879 patent.

### EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of the '592 patent)

51. Each claim of the '592 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

Heller
Ehrman LLP

## NINTH AFFIRMATIVE DEFENSE
## (Invalidity of the '830 patent)

52. Each claim of the '830 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## TENTH AFFIRMATIVE DEFENSE
## (Invalidity of the '893 patent)

53. Each claim of the '893 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Invalidity of the '990 patent)

54. Each claim of the '990 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## TWELFTH AFFIRMATIVE DEFENSE
## (Invalidity of the '200 patent)

55. Each claim of the '200 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Invalidity of the '434 patent)

56. Each claim of the '434 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '879 patent)

57. Each claim of the '879 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

58. Recovery on Plaintiffs and Counterdefendants' Claims is barred, in whole or in part, by the applicable statute of limitations, 35 U.S.C. § 286.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

59. Plaintiffs and Counterdefendants' Claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

60. Plaintiffs' claims for relief are barred under the doctrine of prosecution history estoppel to the extent that plaintiffs allege infringement under the doctrine of equivalents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

61. On information and belief, some or all of Plaintiffs' and Counterdefendants' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## COUNTERCLAIMS

## THE PARTIES

62. SEC is a Korean business entity with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.

63. On information and belief, AMD is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

64.  On information and belief, ATI is a subsidiary of AMD and is incorporated in Alberta, Canada, with its principal place of business at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

## JURISDICTION AND VENUE

65.  SEC's counterclaims do not require the presence of third parties over whom this Court cannot acquire jurisdiction for adjudication.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

66.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

67.  SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 66 as if fully set forth herein.

68.  This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

69.  On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that SEC infringes the AMD patents.

70.  A justiciable controversy exists between SEC on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

71.  SEC has not and is not now infringing, contributorily infringing, or inducing infringement of any of the AMD patents.

72.  SEC is entitled to a declaratory judgment that it has not infringed and does not infringe directly or indirectly, contributorily or by inducement, any of the AMD patents.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

73.  SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 72 as if fully set forth herein.

74.     This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq*.

75.     On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that SEC infringes the AMD patents.

76.     A justiciable controversy exists between SEC on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

77.     Each claim of the AMD patents is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

78.     SEC is entitled to a declaratory judgment that the AMD patents are invalid.

## THIRD CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 6,407,429)

79.     SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 78 as if fully set forth herein.

80.     United States Patent No. 6,407,429 (the "'429 patent"), entitled "Semiconductor Device Having Silicon Insulator and Fabricating Method Therefor," was duly and legally issued on June 18, 2002 with Young-Gun Ko named as the lead inventor. The '429 patent was assigned to SEC. Plaintiffs and Counterdefendants have actual notice of the '429 patent and the infringement alleged herein at least upon the filing of these counterclaims, if not earlier, pursuant to 35 U.S.C. § 287(a).

81.     SEC is now, and has at all times been, the owner of the '429 patent.

82.     Plaintiffs and Counterdefendants have infringed, actively induced, and/or contributed to the infringement of one or more claims of the '429 patent, literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, causing to be sold, and/or importing, among other things, semiconductor devices and products incorporating semiconductor devices. The infringement remains ongoing.

83. As a result of the infringement of one or more claims of the '429 patent, SEC has been damaged in an amount to be determined at trial.

84. Plaintiffs and Counterdefendants' ongoing infringement causes SEC irreparable harm.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,173,442 Against ATI)

85. SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 84 as if fully set forth herein.

86. United States Patent No. 5,173,442 (the "'442 patent"), entitled "Methods and Forming Channels and Vias in Insulating Layers," was duly and legally issued on December 22, 1992 with David H. Carey named as the inventor. On June 12, 2002, the original assignee of the '442 patent, Microelectronics and Computer Technology Corporation, assigned the '442 patent to SEC.

87. SEC is the owner of the '442 patent.

88. ATI infringed, actively induced, and/or contributed to the infringement of one or more claims of the '442 patent, literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, causing to be sold, and/or importing, among other things, semiconductor devices and/or products incorporating semiconductor devices. This infringement occurred up to the time that ATI became a subsidiary of AMD.

89. As a result of the infringement of one or more claims of the '442 patent, SEC has been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,091,339 Against ATI)

90. SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 89 as if fully set forth herein.

91. United States Patent No. 5,091,339 (the "'339 patent") was duly and legally issued on February 25, 1992 with David H. Carey named as the inventor. On June 12, 2002, the original

assignee of the '339 patent, Microelectronics and Computer Technology Corporation, assigned the '442 patent to SEC.

92. SEC is the owner of the '339 patent.

93. ATI infringed, actively induced, and/or contributed to the infringement of one or more claims of the '339 patent, literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, causing to be sold, and/or importing, among other things, semiconductor devices and/or products incorporating semiconductor devices. This infringement occurred up to the time that ATI became a subsidiary of AMD.

94. As a result of the infringement of one or more claims of the '339 patent, SEC has been damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,781,750)

95. SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 94 as if fully set forth herein.

96. United States Patent No. 5,781,750 (the "'750 patent"), entitled "Dual-Instruction-Set Architecture CPU with Hidden Software Emulation Mode," was duly and legally issued on July 14, 1998 with James S. Blomgren named as the lead inventor. On November 14, 2002, the '750 patent was assigned to SEC.

97. SEC is the owner of the '750 patent.

98. Plaintiffs and Counterdefendants have infringed, actively induced, and/or contributed to the infringement of one or more claims of the '750 patent, literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, causing to be sold, and/or importing, among other things, semiconductor devices and products incorporating semiconductor devices. The infringement remains ongoing.

99. On information and belief, Plaintiffs and Counterdefendants have infringed, actively induced, and/or contributed to the infringement of the '750 patent willfully and deliberately. Plaintiffs and Counterdefendants had actual notice of the '750 patent prior to the filing of these counterclaims, pursuant to 35 U.S.C. § 287(a).

Heller Ehrman LLP

100. As a result of the infringement of the '750 patent, SEC has been damaged in an amount to be determined at trial.

101. Plaintiffs and Counterdefendants' ongoing infringement causes SEC irreparable harm.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,470,065)

102. SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 101 as if fully set forth herein.

103. United States Patent No. 5,470,065 (the "'065 patent"), entitled "Method for Manufacturing Semiconductor Device," was duly and legally issued on April 14, 1998 with Young-Chul Jang named as the lead inventor. The '065 patent was assigned to SEC.

104. SEC is now, and has at all times been, the owner of the '065 patent.

105. Plaintiffs and Counterdefendants have infringed, actively induced, and/or contributed to the infringement of one or more claims of the '065 patent, literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, causing to be sold, and/or importing, among other things, semiconductor devices and products incorporating semiconductor devices. The infringement remains ongoing.

106. As a result of the infringement of one or more claims of the '065 patent, SEC has been damaged in an amount to be determined at trial.

107. Plaintiffs and Counterdefendants' ongoing infringement causes SEC irreparable harm.

## EIGHTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,689,648)

108. SEC repeats and realleges each and every allegation set forth in paragraphs 62 through 107 as if fully set forth herein.

109. United States Patent No. 6,689,648 (the "'648 patent"), entitled "Semiconductor Device Having Silicon on Insulator and Fabricating Method Therefor," was duly and legally issued

on February 10, 2004 with Young-Gun Ko named as the lead inventor. The '648 patent was assigned to SEC.

110. SEC is now, and has at all times been, the owner of the '648 patent.

111. Plaintiffs and Counterdefendants have infringed, actively induced, and/or contributed to the infringement of one or more claims of the '648 patent, literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, causing to be sold, and/or importing, among other things, semiconductor devices and products incorporating semiconductor devices. The infringement remains ongoing.

112. As a result of the infringement of one or more claims of the '648 patent, SEC has been damaged in an amount to be determined at trial.

113. Plaintiffs and Counterdefendants' ongoing infringement causes SEC irreparable harm.

## PRAYER FOR RELIEF

Wherefore SEC prays for judgment and relief as follows:

a. That Plaintiffs and Counterdefendants are not entitled to the relief prayed for in their Complaint, or to any relief whatsoever; and that the Complaint be dismissed with prejudice;

b. That the Court grant SEC declaratory judgment that the AMD patents have never been, and are not now, infringed by SEC or by any other person using SEC's products, and that SEC has not induced infringement of or contributorily infringed the AMD patents;

c. That the Court grant SEC declaratory judgment that the AMD patents are invalid;

d. That Plaintiffs and Counterdefendants be adjudged to have infringed, actively induced the infringement of, and/or contributed to the infringement of the '429 patent, the '750 patent, the '065 patent, and the '648 patent.

e. That ATI be adjudged to have infringed, actively induced the infringement of, and/or contributed to the infringement of the '442 patent and the '339 patent.

f. That SEC be awarded damages of not less than a reasonable royalty and that damages as the result of infringement of the '750 patent be trebled as a result of Plaintiffs and Counterdefendants' willful infringement.

Heller Ehrman LLP

g. That this Court issue an injunction permanently enjoining Plaintiffs and Counterdefendants, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert with any of them, from manufacturing, using, selling, offering for sale, and/or importing into the United States any product that infringes upon the rights secured by the '429 patent, the '750 patent, the '065 patent, and the '648 patent.

h. That the Court adjudge this to be an "exceptional case" and award SEC attorneys' fees pursuant to 35 U.S.C. § 285.

i. That SEC be awarded its costs of suit pursuant to 35 U.S.C. § 284; and

j. That the Court order such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

SEC demands a jury trial on all issues that may be so tried.

DATED: May 15, 2008                    HELLER EHRMAN LLP


*/s/Robert T. Haslam*
ROBERT T. HASLAM
Attorneys for Defendant and Counterclaimant
SAMSUNG ELECTRONICS CO., LTD.