ROBERT T. HASLAM (Bar No. 71134)
Robert.Haslam@hellerehrman.com
MICHAEL K. PLIMACK (Bar No. 133869)
Michael.Plimack@hellerehrman.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
Christine.Haskett@Hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ALAN H. BLANKENHEIMER (Bar No. 218713)
Alan.Blankenheimer@hellerehrman.com
LAURA UNDERWOOD-MUSCHAMP (Bar No. 228717)
Laura.Underwood-Muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
JoDale.Carothers@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone: (858) 450-8400
Facsimile: (850) 450-8499

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants and Counterclaimants. | CASE NO. 3:08-CV-0986-SI<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIMANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**<br>**DEMAND FOR JURY TRIAL** |

1  Defendant and Counterclaimant Samsung Telecommunications America, LLC ("STA"), by
2  and through its counsel, answers the First Amended Complaint for Patent Infringement
3  ("Complaint") filed by Plaintiffs and Counterdefendants Advanced Micro Devices, Inc. ("AMD")
4  and ATI Technologies, ULC ("ATI") (collectively, "Plaintiffs and Counterdefendants") as follows:

## INTRODUCTION

STA admits that Plaintiffs and Counterdefendants have filed this suit for patent infringement against STA and six related entities, asserting U.S. Patent No. 5,545,592 ("the '592 patent"), U.S. Patent No. 4,737,830 ("the '830 patent"), U.S. Patent No. 5,248,893 ("the '893 patent"), U.S. Patent No. 5,559,990 ("the '990 patent"), U.S. Patent No. 5,377,200 ("the '200 patent"), U.S. Patent No. 5,623,434 ("the '434 patent"), and U.S. Patent No. 6,784,879 ("the '879 patent") (collectively, "the AMD patents").  STA is without knowledge or information sufficient to form a belief as to the ownership of the AMD patents and on that basis, denies the allegation as to ownership.  Plaintiffs and Counterdefendants' allegation regarding what the AMD patents "generally cover" states a legal conclusion to which STA is not required to respond.  Except as expressly admitted, STA denies the allegations in the Introduction.

## THE PARTIES

1. STA admits the allegations of paragraph 1 of the Complaint.
2. STA admits the allegations of paragraph 2 of the Complaint.
3. STA admits the allegations of paragraph 3 of the Complaint.
4. STA denies that Samsung Semiconductor, Inc. ("SSI") is a subsidiary of SEC; SSI is a subsidiary of Samsung Electronics America, Inc. ("SEA").  STA admits the remaining allegations of paragraph 4 of the Complaint.
5. STA admits the allegations of paragraph 5 of the Complaint.
6. STA admits the allegations of paragraph 6 of the Complaint.
7. The ZIP code for 1301 East Lookout Drive, Richardson, Texas is 75082.  STA denies that STA is a subsidiary of SEC; STA is a subsidiary of SEA.  STA admits the remaining allegations of paragraph 7 of the Complaint.
8. STA admits the allegations of paragraph 8 of the Complaint.

Heller Ehrman LLP

9.  STA admits the allegations of paragraph 9 of the Complaint.

**JURISDICTION**

10. STA admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement. The remaining allegations of paragraph 10 of the Complaint state legal conclusions, and STA is not required to, and does not, admit or deny such allegations.

11. STA admits that SSI maintains a place of business at 3655 North First Street, San Jose, California 95134. STA denies that Defendants and Counterclaimants have committed acts of patent infringement. To the extent that the remaining allegations of paragraph 11 of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 11 of the Complaint.

**VENUE**

12. STA denies that SSI has committed acts of patent infringement. STA admits that SSI has a place of business in this District. To the extent that the remaining allegations of paragraph 12 of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 12 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

13. STA admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement. The remaining allegations of paragraph 13 of the Complaint state a legal conclusion which STA is not required to, and does not, admit or deny.

**FACTUAL BACKGROUND**

14. STA is without knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies them.

(a)  STA denies that the '592 patent was duly and legally issued. STA admits that the face of the '592 patent indicates that it issued from an application filed on February 24, 1995 and that the purported inventor listed on the face of the patent is John A. Iacoponi. To the extent the remaining allegations of paragraph 14(a) of the Complaint state legal conclusions, STA is not

required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(a) of the Complaint.

(b)     STA denies that the '830 patent was duly and legally issued. STA admits that the face of the '830 patent indicates that it issued from an application filed on January 8, 1986 and that one of the purported inventors listed on the face of the patent is Bharat D. Patel. To the extent the remaining allegations of paragraph 14(b) of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(b) of the Complaint.

(c)     STA denies that the '893 patent was duly and legally issued. STA admits that the face of the '893 patent indicates that it issued from an application filed on January 5, 1993 and that the purported inventor listed on the face of the patent is Shinichi Sakamoto. To the extent the remaining allegations of paragraph 14(c) of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(c) of the Complaint.

(d)     STA denies that the '990 patent was duly and legally issued. STA admits that the face of the '990 patent indicates that it issued from an application filed on September 24, 1996 and that one of the purported inventors listed on the face of the patent is Pearl P. Cheng. To the extent the remaining allegations of paragraph 14(d) of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(d) of the Complaint.

(e)     STA denies that the '200 patent was duly and legally issued. STA admits that the face of the '200 patent indicates that it issued from an application filed on August 27, 1992 and that the purported inventor listed on the face of the patent is Michael D. Pedneau. To the extent the remaining allegations of paragraph 14(e) of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(e) of the Complaint.

(f)     STA denies that the '434 patent was duly and legally issued. STA admits that the face of the '434 patent indicates that it issued from an application filed on July 27, 1994, and that

the purported inventor listed on the face of the patent is Stephen C. Purcell. To the extend the remaining allegations of paragraph 14(f) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(f) of the Complaint.

(g) STA denies that the '879 patent was duly and legally issued. STA admits that the face of the '879 patent indicates that it issued from an application filed on July 14, 1997 and that the purported inventor listed on the face of the patent is Stephen Jonathan Orr. To the extent the remaining allegations of paragraph 14(g) of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STA denies the allegations of paragraph 14(g) of the Complaint.

15. STA denies the allegations of paragraph 15 of the Complaint.

16. To the extent the allegations of paragraph 16 of the Complaint state legal conclusions, STA is not required to, and does not, admit or deny such allegations. STA denies that STA had prior actual notice of the '592 patent no later than April 2006. STA denies that STA had prior actual notice of the '830 patent no later than March 31, 2003. STA is without knowledge or information sufficient to form a belief as to when Defendants other than STA received actual notice of the AMD patents and on that basis, denies the allegations as to actual notice of the AMD patents to those other Defendants.

17. STA denies the allegations of paragraph 17 of the Complaint and each of its subparts.

18. STA denies the allegations of paragraph 18 of the Complaint.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

19. STA incorporates by reference its above responses to paragraphs 1 through 18 of the Complaint as if specifically set forth herein.

20. STA denies the allegations of paragraph 20 of the Complaint.

21. STA denies the allegations of paragraph 21 of the Complaint.

22. STA denies that STA had actual notice of the '592 patent since at least as early as April 2006. STA denies that AMD presented STA with a detailed PowerPoint presentation

outlining how Defendants' products specifically infringed claims of the '592 patent. STA denies that Plaintiffs demanded that STA license the '592 patent. STA is without knowledge or information sufficient to form a belief as to when Defendants other than STA received actual notice of the '592 patent and on that basis, denies the allegations as to actual notice of the '592 patent to those other Defendants.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

23.     STA incorporates by reference its above responses to paragraphs 1 through 22 of the Complaint as if specifically set forth herein.

24.     STA denies the allegations of paragraph 24 of the Complaint.

25.     STA denies the allegations of paragraph 25 of the Complaint.

26.     STA denies that STA had actual notice of the '830 patent since at least as early as March 31, 2003. STA denies that AMD presented STA with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the '830 patent. STA denies that Plaintiffs demanded that STA license the '830 patent. STA is without knowledge or information sufficient to form a belief as to when Defendants other than STA received actual notice of the '830 patent and on that basis, denies the allegations as to actual notice of the '830 patent to those other Defendants.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

27.     STA incorporates by reference its above responses to paragraphs 1 through 26 of the Complaint as if specifically set forth herein.

28.     STA denies the allegations of paragraph 28 of the Complaint.

29.     STA denies the allegations of paragraph 29 of the Complaint.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

30.     STA incorporates by reference its above responses to paragraphs 1 through 29 of the Complaint as if specifically set forth herein.

31.     STA denies the allegations of paragraph 31 of the Complaint.

32.     STA denies the allegations of paragraph 32 of the Complaint.

### RESPONSE TO FIFTH CLAIM FOR RELIEF

33. STA incorporates by reference its above responses to paragraphs 1 through 32 of the Complaint as if specifically set forth herein.

34. STA denies the allegations of paragraph 34 of the Complaint.

35. STA denies the allegations of paragraph 35 of the Complaint.

### RESPONSE TO SIXTH CLAIM FOR RELIEF

36. STA incorporates by reference its above responses to paragraphs 1 through 35 of the Complaint as if specifically set forth herein.

37. STA denies the allegations of paragraph 37 of the Complaint.

38. STA denies the allegations of paragraph 38 of the Complaint.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

39. STA incorporates by reference its above responses to paragraphs 1 through 38 of the Complaint as if specifically set forth herein.

40. STA denies the allegations of paragraph 40 of the Complaint.

41. STA denies the allegations of paragraph 41 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

STA denies that Plaintiffs and Counterdefendants are entitled to any relief whatsoever from STA, either as prayed or otherwise.

### AFFIRMATIVE DEFENSES

42. By alleging the matters set forth below as affirmative defenses, STA does not thereby allege or admit that STA has the burden of proof with respect to any of said matters.

43. For its further and separate defense to Plaintiffs and Counterdefendants' Claims and each purported cause of action therein, STA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '592 patent)

44. STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '592 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement of the '830 patent)

45.     STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '830 patent.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement of the '893 patent)

46.     STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '893 patent.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '990 patent)

47.     STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '990 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '200 patent)

48.     STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '200 patent.

## SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '434 patent)

49.     STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '434 patent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '879 patent)

50.     STA has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '879 patent.

Heller Ehrman LLP

### EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of the '592 patent)

51.   Each claim of the '592 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### NINTH AFFIRMATIVE DEFENSE

### (Invalidity of the '830 patent)

52.   Each claim of the '830 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### TENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '893 patent)

53.   Each claim of the '893 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '990 patent)

54.   Each claim of the '990 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity of the '200 patent)

55.   Each claim of the '200 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '434 patent)

56. Each claim of the '434 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Invalidity of the '879 patent)

57. Each claim of the '879 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

58. Recovery on Plaintiffs and Counterdefendants' Claims is barred, in whole or in part, by the applicable statute of limitations, 35 U.S.C. § 286.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

59. Plaintiffs and Counterdefendants' Claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

60. Plaintiffs' claims for relief are barred under the doctrine of prosecution history estoppel to the extent that plaintiffs allege infringement under the doctrine of equivalents.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

61. On information and belief, some or all of Plaintiffs' and Counterdefendants' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

# COUNTERCLAIMS

## THE PARTIES

62. STA is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas, 75082.

63. On information and belief, AMD is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

64. On information and belief, ATI is a subsidiary of AMD and is incorporated in Alberta, Canada, with its principal place of business at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

## JURISDICTION AND VENUE

65. STA's counterclaims do not require the presence of third parties over whom this Court cannot acquire jurisdiction for adjudication. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

66. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

67. STA repeats and realleges each and every allegation set forth in paragraphs 62 through 66 as if fully set forth herein.

68. This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

69. On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that STA infringes the AMD patents.

70. A justiciable controversy exists between STA on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

71. STA has not and is not now infringing, contributorily infringing, or inducing infringement of any of the AMD patents.

Heller Ehrman LLP

72.     STA is entitled to a declaratory judgment that it has not infringed and does not infringe directly or indirectly, contributorily or by inducement, any of the AMD patents.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

73.     STA repeats and realleges each and every allegation set forth in paragraphs 62 through 72 as if fully set forth herein.

74.     This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq*.

75.     On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, which alleges that STA infringes the AMD patents.

76.     A justiciable controversy exists between STA on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

77.     Each claim of the AMD patents is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

78.     STA is entitled to a declaratory judgment that the AMD patents are invalid.

## PRAYER FOR RELIEF

Wherefore STA prays for judgment and relief as follows:

a.     That Plaintiffs and Counterdefendants are not entitled to the relief prayed for in their Complaint, or to any relief whatsoever; and that the Complaint be dismissed with prejudice;

b.     That the Court grant STA declaratory judgment that the AMD patents have never been, and are not now, infringed by STA or by any other person using STA's products, and that STA has not induced infringement of or contributorily infringed the AMD patents;

c.     That the Court grant STA declaratory judgment that the AMD patents are invalid;

d.     That the Court adjudge this to be an "exceptional case" and award SEC attorneys' fees pursuant to 35 U.S.C. § 285.

e.     That STA be awarded its costs of suit pursuant to 35 U.S.C. § 284; and

f. That the Court order such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

STA demands a jury trial on all issues that may be so tried.

DATED: May 15, 2008                         HELLER EHRMAN LLP


                                            */s/Robert T. Haslam*
                                            ROBERT T. HASLAM
                                            Attorneys for Defendant and Counterclaimant
                                            SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC