John P. Bovich (SBN 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone:   415-543-8700
Facsimile:   415-391-8269

William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:   612-349-8500
Facsimile:   612-339-4181

Attorneys for Advanced Micro Devices, Inc., et al.

Robert T. Haslam
E-mail: Robert.Haslam@hellerehrman.com
**Heller Ehrman LLP**
275 Middlefield Road
Menlo Park, CA 94026-3506
Telephone:  650-324-7000
Facsimile:  650-324-0638

Michael K. Plimack
E-mail:Michael.Plimack@hellerehrman.com
Christine S. Haskett
E-mail: Christine.Haskett@hellerehrman.com
**Heller Ehrman LLP**
333 Bush Street
San Francisco, CA 94104
Telephone:  415-772-6426
Facsimile:  415-772-6268

Attorneys for Samsung Electronics Co., Ltd., et al.

**Robins, Kaplan, Miller & Ciresi L.L.P.**
ATTORNEYS AT LAW
MINNEAPOLIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>　　　　　　Plaintiffs and counterclaim-defendants,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　　　Defendants and counterclaim-plaintiffs. | Case. No.  CV-08-0986-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**[Civil L.R. 16-9, Patent L.R. 2-1]**<br><br>Date: May 30, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 10, 19th Floor<br>Judge: Hon. Susan Illston |

Pursuant to the Court's Local Rules, Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD"), and Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC (collectively "Samsung"), jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case have met and conferred for the preparation of this Statement, as required by Civil L.R. 16-3.

## **CIVIL LOCAL RULES**

### **1.    PRELIMINARY STATEMENT RE SETTLEMENT AND ADR**

The parties agree that the use of a non-binding ADR process would enhance the prospects of settlement. Prior to the commencement of this lawsuit, the parties engaged in good faith negotiations, and the parties believe that further efforts at settlement are warranted.

Any ADR process must be structured to ensure that the parties will fully dedicate themselves to the process for a sustained amount of time. The parties propose a mediation before Judge Infante, who has agreed to serve, with meetings to be held through August, 2008, during which all deadlines and timeframes imposed in this case will be tolled. In addition, the parties agree that a decision-maker with authority to enter into a settlement for each party will be present for each mediation session. The parties believe that with the Court's endorsement of this process, it will save the parties substantial fees and expenses, and the Court a substantial amount of time and resources.

The parties also agree that, at the present time, there are no key discovery motions necessary to position the parties to negotiate resolution.

The parties have complied with the provisions of ADR L.R. 3-5, and have submitted the materials required under that rule. On May 13, 2008, the Court entered an Order directing the parties to private ADR as proposed in the parties' ADR Stipulation filed on May 9, 2008.

A preliminary session with Judge Infante, with attorneys only, is scheduled for

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

August 7, 2008. This session will involve both sides, presenting their cases alone, to Judge Infante so that he is prepared for the mediation sessions to follow. The mediation sessions are presently scheduled to be held in San Francisco with Judge Infante on August 12-14, 2008 and August 26-28, 2008.

**2.    JURISDICTION AND SERVICE**

The parties make the following statements with respect to jurisdiction, venue and service:

a.    The Court has subject-matter jurisdiction over AMD's First Amended Complaint for Patent Infringement and over Samsung's counterclaims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

b.    AMD asserts that the Court has personal jurisdiction over all named defendants consistent with the requirements of the California Code of Civil Procedure § 410.10 and the Due Process Clause of the United States Constitution pursuant to Fed. R. Civ. P. 4(k) establishing personal jurisdiction upon service of a Summons, and the executed Joint Stipulation of Service accepting Service. Dkt. #17 and attached. Samsung does not intend to challenge personal jurisdiction in this case.

c.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Samsung resides in this judicial district.

d.    At this time, AMD states that all defendants have been served. AMD states that Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. were served on May 2, 2008. The other five defendants stipulated to service in a Joint Stipulation of Service on March 4, 2008. *Id.*[1]

**3.    FACTS**

AMD contends it is the owner by assignment of the following U.S. Patents ("AMD Patents-in-suit"):

---

[1] Samsung states that Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. are not parties to this Joint Case Management Statement, but will file a separate Case Management Statement.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1)    U.S. Patent No. 5,545,592 ("'592 Iacoponi patent"), titled "*Nitrogen Treatment for Metal-Silicide Contact*," disclosing an improved method of forming a contact point in a semiconductor device;

2)    U.S. Patent No. 4,737,830 ("'830 Patel patent"), titled "*Integrated Circuit Structure Having Compensating Means for Self-Inductance Effects*," disclosing an improved integrated circuit wherein self-inductive voltage spikes are reduced through the use of capacitance means constructed beneath at least one bus;

3)    U.S. Patent No. 5,248,893 ("'893 Sakamoto patent"), titled "*Insulated Gate Field Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone*," disclosing an insulated gate field effect device with a smoothly curved depletion boundary in the vicinity of the channel-free zone;

4)    U.S. Patent No. 5,559,990 ("'990 Cheng patent"), titled "*Memories with Burst Mode Access*," disclosing a memory employing a plurality of subarrays with dedicated circuitry for facilitating faster burst-mode access;

5)    U.S. Patent No. 5,377,200 ("'200 Pedneau patent"), titled "*Power Saving Feature for Components Having Built-In Testing Logic*," disclosing an improvement to built-in testing in an electronic component, in particular the ability to reduce or remove the power applied to testing circuits when not in use;

6)    U.S. Patent No. 5,623,434 ("'434 Purcell patent"), titled "*Structure and Method of Using an Arithmetic and Logic Unit for Carry Propagation Stage of a Multiplier*," disclosing a method and apparatus for using an arithmetic and logic unit as part of a multiplier circuit; and

7)    U.S. Patent No. 6,784,879 ("'879 Orr patent"), titled "*Method and Apparatus for Providing Control of Background Video*," disclosing a method and apparatus for control of background video on a display, which allows the user to control attributes of the video, such as volume, while the video continues to play in the background and another application remains in focus on the display.

Samsung Electronics Co., Ltd. ("SEC") contends it is the owner by assignment of

- 4 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

the following U.S. Patents ("Samsung Patents-in-suit"):

1)    U.S. Patent No. 6,407,429 ("the '429 patent"), titled "Semiconductor Device Having Silicon on Insulator and Fabricating Method Therefor";

2)    U.S. Patent No. 5,173,442 ("the '442 patent"), titled "Methods of Forming Channels and Vias in Insulating Layers";

3)    U.S. Patent No. 5,091,339 ("the '339 patent"), titled "Trenching Techniques for Forming Vias and Channels in Multilayer Electrical Interconnects";

4)    U.S. Patent No. 5,781,750 ("the '750 patent"), titled "Dual-Instruction-Set Architecture CPU with Hidden Software Emulation Mode";

5)    U.S. Patent No. 5,740,065 ("the '065 patent"), titled "Method for Manufacturing Semiconductor Device"; and

6)    U.S. Patent No. 6,689,648 ("the '648 patent"), titled "Semiconductor Device Having Silicon on Insulator and Fabricating Method Therefor."

On May 1, 2008, AMD filed its First Amended Complaint for Patent Infringement against Samsung, which added a patent and two Samsung subsidiaries: Samsung Techwin Co. and Samsung Opto-Electronics America, Inc.  In the First Amended Complaint, AMD alleges that each of the defendants has directly infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the AMD Patents-in-suit by manufacturing, importing, using, offering for sale and/or selling products in the United States that embody or practice the claimed inventions without authority to do so.

On May 15, 2008, Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC filed their Answers and Counterclaims in response to the First Amended Complaint.  In those Answers and Counterclaims, Samsung denies that it infringes the AMD Patents-in-suit, and further alleges that the AMD Patents-in-suit are invalid.  SEC further alleges that each of the plaintiffs has infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the Samsung Patents-in-suit by manufacturing, importing, using, offering for sale and/or selling

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

products in the United States that embody or practice the claimed inventions without authority to do so.

The principal factual issues the parties dispute include:

a.    Whether any product or process made, imported, used, offered for sale and/or sold by Samsung infringes any of the AMD Patents-in-suit;

b.    Whether any product or process made, imported, used, offered for sale and/or sold by AMD infringes any of the Samsung Patents-in-suit;

c.    Whether Samsung's or AMD's alleged infringement was willful;

d.    Whether the claims of the AMD Patents-in-suit are invalid and/or unenforceable;

e.    Whether the claims of the Samsung Patents-in-suit are invalid and/or unenforceable; and

f.    The measure of damages for Samsung's or AMD's alleged infringement.

**4.    LEGAL ISSUES**

a.    The proper construction of the asserted claims in the AMD and Samsung Patents-in-suit;

b.    Whether claims of the AMD Patents-in-suit are invalid under 35 U.S.C. §§ 102, 103 and/or § 112;

c.    Whether claims of the Samsung Patents-in-suit are invalid under 35 U.S.C. §§ 102, 103 and/or 112;

d.    Whether Samsung has legal or equitable defenses to AMD's claims of patent infringement; and

e.    Whether AMD has legal or equitable defenses to Samsung's claims of patent infringement.

**5.    MOTIONS**

At this time there are no motions pending or anticipated.

**6.    AMENDMENT OF PLEADINGS**

At this time the parties do not expect to add or dismiss parties, claims or defenses.

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

The parties propose February 28, 2009 as the last day to amend the pleadings.

**7.     EVIDENCE PRESERVATION**

AMD has commenced evidence preservation measures with respect to all documents relevant to AMD's infringement claims.  AMD has issued "hold notices" to all individuals who it presently believes might have in their possession such relevant documents, electronically-recorded or otherwise, and has also interviewed numerous such individuals.    AMD will take appropriate steps to preserve documents relevant to Samsung's defenses and infringement counterclaims, following sufficient time to analyze the defenses and counterclaims, which it received on May 15, 2008.

Samsung has commenced evidence preservation measures with respect to all documents relevant to issues in this action.  Samsung has issued "hold notices" to all Samsung employees likely to be in possession of relevant documents, electronically-recorded or otherwise.

**8.     DISCLOSURES**

The parties will serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a) on May 23, 2008.  The parties' initial disclosures will include lists of all presently known persons and documents that the parties might use to support their claims and defenses. The parties specifically reserve the right to supplement their initial disclosures as discovery in this matter continues.    The parties agree that they will complete any necessary supplementation of their initial disclosures in a timely manner, in accordance with Fed. R. Civ. P. 26(e).

**9.     DISCOVERY**

A.     Discovery taken to date

AMD has served Samsung with Plaintiffs' First Set of Interrogatories to Defendants, Plaintiffs' First Set of Requests for Production of Documents to Defendants, and Plaintiff's Notice of Depositions Pursuant to Fed. R. Civ. P. 30(b)(6), Topics 1-289.

SEC has served Plaintiffs with a First Set of Interrogatories, a First Set of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Requests for Production of Documents and Things, a Second Set of Interrogatories, and a Second Set of Requests for Production of Documents and Things.

B.     Discovery plan

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and propose the following discovery plan:

I.     Other than as set forth in Section 8, above, the parties do not presently see the need to alter the timing, form, or requirement for disclosures under Rule 26(a).

Disclosures and discovery responses will be supplemented in accordance with Fed. R. Civ. P. 26(e), unless the parties agree otherwise.

II.     The parties anticipate discovery on the subjects of infringement, damages, willfulness, claim construction, validity, enforceability, and ownership.  The parties propose that fact discovery, expert discovery, and claim construction discovery should end on the dates set forth in Sections 17 and 21, below.

The parties agree that expert discovery should be limited, and agree to exclude the following four categories of documents and things from expert discovery:  (1) drafts of expert reports and expert declarations; (2) written communications between a testifying expert witness and the parties' attorneys prior to and in connection with preparation of expert reports and expert declarations; (3) documents and/or things reviewed by a testifying expert witness but not relied upon by the witness to draft his or her expert report; and (4) drafts of demonstrative exhibits prepared by or with the participation of experts.

III.     The parties discussed electronic discovery during the meet and confer.   Both parties maintain and have taken steps to preserve electronically stored information ("ESI") that is believed to be reasonably related to the issues in this action.  The parties will continue to meet and

confer on reaching a side agreement further delineating the procedures to be used in producing electronic discovery.

IV.    The parties are in the process of negotiating provisions and procedures relating to claims of privilege and immunity, and will submit a Joint Stipulated Protective Order for the Court's approval on or before May 30, 2008.

The parties further agree to log privileged and/or work product documents by category instead of logging individual documents.  Fed. R. Civ. P. 26 Committee Note (1993).  However, if any category of documents is challenged, a list of privileged and/or work product documents will be provided for that category.  Privileged and/or work product documents that were created as part of AMD's or Samsung's pre-filing investigation do not need to be logged.  Privileged and/or work product documents created by either party after the filing of the complaint also do not need to be logged.

V.    The parties have agreed to the following modifications to the limitations on discovery imposed under the Federal and Local Rules, and propose the following additional limitations:

AMD's Position:

It is AMD's position that the quantitative modifications stated in the following subsection are for each set of Patents-in-suit, rather than for all Patents-in-suit.  For example, each side would be allowed 75 interrogatories regarding the AMD Patents-in-suit, and 75 interrogatories regarding the Samsung Patents-in-suit.

Samsung's Position:

It is Samsung's position that the quantitative modifications stated in the following subsection should be applicable to the first six patents litigated under Samsung's proposal for the staging of this case.  For example, each side would be allowed 75 interrogatories regarding the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

three AMD patents and the three Samsung patents to be litigated at this time.

a.    The parties have agreed to serve interrogatories, document requests, deposition notices, requests for admission, and the responses thereto, on each other via email (hard copies to follow by mail, if requested).   The parties further agree that service of a complete copy of these documents via email by 5:00 p.m. Pacific Time shall count as same-day service.

b.    Party depositions: each side shall be limited to 280 hours total time on the record for all fact depositions in the case, including depositions noticed under Fed. R. Civ. P. 30(b)(6) and including depositions of third parties, regardless of how many depositions are noticed.  Each deposition of an individual witness shall be limited to 7 hours, unless a longer time is negotiated among the parties in advance.  For depositions where a translator is necessary, as discussed in subsection f, every 1.5 hours of such a deposition shall count as one hour toward the agreed upon 280-hour total time limit and the 7-hour single deposition time limit, in order to account for translation time.

c.    Interrogatories: 75 interrogatories per side.

d.    Requests for Production of Documents: no limit.

e.    Requests for Admission: no limit.

f.    Translations:

i.    Depositions: any party noticing the deposition of a witness who does not speak English shall bear the burden and expense of securing the services of a certified translator for the duration of the deposition, including reasonable travel, lodging, and meal expenses. The party producing a witness who does not speak English shall promptly notify the party noticing the deposition of the need for translation services.

VI.    The parties agree that the entry of a Protective Order is needed in this case.    The parties will submit a Joint Stipulated Protective Order for the Court's consideration by or on May 30, 2008.

The parties do not believe that any other orders by the Court under Rule 26(c) or under Rule 16(b) and (c) are necessary at this time.

**10.    CLASS ACTIONS**

This matter is not a class action.

**11.    RELATED CASES**

At the present time there are no related cases pending before another judge of this Court, or before another Court or administrative body.

**12.    RELIEF**

AMD is seeking damages based on its claim for patent infringement.    AMD presently anticipates that it will base its damages on a reasonable royalty theory, but expressly reserves the right to seek damages based on any applicable theory, including but not limited to, lost profits.    AMD is presently unable to estimate the amount of damages sought due to the early stages of this litigation, however, due to the number of products, the seven patents, and the seven defendants, the damage model will be in the ten-figure range.    AMD adds that it is also seeking to treble damages under 35 U.S.C. § 284, and an award of its attorneys' fees and costs under 35 U.S.C. § 285.

Samsung is seeking damages based on its claim for patent infringement.    Samsung expressly reserves the right to seek damages based on any applicable theory, including but not limited to, reasonable royalty and/or lost profits.    Samsung is presently unable to estimate the amount of damages sought due to the early stages of this litigation.    Samsung adds that it is also seeking to treble damages under 35 U.S.C. § 284, and an award of its attorneys' fees and costs under 35 U.S.C. § 285.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to the use of a Magistrate Judge.

**14.    OTHER REFERENCES**

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties are unaware at this time of any issue that can be narrowed by agreement or motion, or any way in which to expedite the presentation of evidence at trial, or any need to bifurcate issues, claims, or defenses at trial.

**16.    EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    SCHEDULING**

The parties do not agree on the appropriate schedule for this case.

**A.    AMD's Position:**

On February 19, 2008, AMD asserted six patents involving various complicated technologies against five Samsung defendants.  On March 4, 2008, AMD granted Samsung a 60-day extension to answer Plaintiffs' Complaint for Patent Infringement. AMD added one additional patent and two other Samsung subsidiary defendants in its First Amended Complaint, filed on May 1, 2008.

The original Samsung defendants, represented by Heller Ehrman, answered AMD's First Amended Complaint and also asserted six patents against AMD and ATI on May 15, 2008, three months after AMD filed its original complaint.  Samsung's counterclaims also involve assorted complex technologies.  The recently-added Samsung defendants are presently unrepresented.  Thus there are now thirteen patents in suit covering a range of memory and microprocessor technologies, involving nine different parties based in three different countries.

The parties have reached agreement on much in this Case Management Statement, but fundamental disagreements exist regarding the schedule and structure to be used in bringing this matter to resolution.

**AMD's Position on Samsung's Proposal**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

AMD strongly opposes Samsung's proposal that the parties each select three of their asserted patents. Samsung's proposal would unfairly delay the justice to which AMD is entitled, and would also set a dangerous precedent.

AMD asserted seven patents—not three—against Samsung because AMD believes that Samsung has infringed and continues to infringe seven patents. AMD is entitled to significant damages for Samsung's infringement of these seven patents. AMD should not have to wait until its infringement claims on a minority of its patents have been resolved—likely some time in 2010—before it can continue its efforts to collect damages for Samsung's infringement of the remaining patents. Samsung's willingness to temporarily forgo its efforts to collect on three of its patents is curious, to say the least. Presumably, Samsung asserted six patents against AMD because it believes AMD is infringing six patents. Samsung's proposal, however, calls that into question.

Samsung's proposal also presents the risk of setting a dangerous precedent. Should the Court endorse Samsung's proposal, future defendants faced with a large number of patents would have a clear path to quickly paring their short-term exposure. Such defendants would need only counterclaim with a similarly large number of patents, and then suggest that the parties each select a smaller number to go forward on. In this way defendants could effectively "dismiss" a significant portion of a plaintiff's suit without even filing a Rule 12 motion. The Court should not allow such a result.

AMD asserted seven patents because it is entitled to damages on seven patents. Samsung should not be able to unilaterally undermine AMD's realization of those damages simply by adding a large number of its own patents. Such a procedure would only invite a rush of unvetted infringement counterclaims. Samsung's proposal should be rejected.

### AMD's Proposal

AMD proposes that the parties proceed on all thirteen patents, albeit on separate tracks. The parties would treat the AMD Patents-in-suit as one case, and the Samsung Patents-in-suit as a separate case. The schedules for each would be similarly spaced, with

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

the Samsung Patents-in-suit Case trailing the AMD Patents-in-suit Case by 60 days. AMD's proposal offers the most timely and practical path to resolving <u>all</u> disputed issues in this action.

AMD's proposal would bring this matter to a speedier conclusion.  Under Samsung's proposal, the parties would first address only six of the thirteen asserted patents.  Resolution of those six patents would not be complete until sometime in 2010.  Only then would the parties turn to the remaining seven patents.  Assuming that the adjudication of those patents would proceed on a similar schedule, the matter would not be complete until sometime in 2012, or perhaps even 2013.  In contrast, AMD's proposal provides for the resolution of <u>all</u> disputed issues by the end of 2010.  The advantage is self-evident.  Instead of litigating this matter for five years, the parties—and the Court—would achieve finality in less than three years.

AMD's proposal is also more sensible.  Samsung's fall-back proposal—that the parties proceed on all thirteen patents on one schedule—may remove the aforementioned time concerns, but it does not address how to clear the varied hurdles that an action of this complexity presents.  Simply put, the two cases have almost nothing in common.  There is not a common set of operative facts.  There is not a common set of accused products.  There is not even a common set of parties—only Samsung Electronics Co., Ltd., has asserted counterclaims.   These differences would affect every stage of litigation, by significantly complicating everything from claim construction to dispositive motions to trial.  Every brief, every motion, every hearing and every order would have to address nearly twice as many patents.

Furthermore, each patent will have its own set of infringement theories, non-infringement theories, unenforceability theories, and invalidity theories possibly involving various references; each of which will require resolution.  This is not the situation where the parties will present a jury with many complicated facts in an effort to answer one or two questions.   The parties will present <u>many</u> complicated facts regarding <u>many</u> complicated questions.  Keeping all of these matters straight will be a challenge for the

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

1    attorneys and the Court, much less a lay jury.

2         Trying Samsung's case with AMD's case would not further judicial economy, it

3    would hamper it.    AMD's proposal prevents these avoidable complications without

4    sacrificing time or adding work.    Thus, AMD requests that the Court order separate trials

5    pursuant to Fed. R. Civ. P. 42(b), in the interests of convenience and economy.

6         For these reasons, AMD requests that AMD's claims and Samsung's counterclaims

7    be treated as distinct cases, with separate trials, juries, and scheduling deadlines.    In this

8    way, the resolution of this lawsuit can be broken into manageable pieces, and efficiently

9    brought to resolution.

10        **B.    Samsung's Position:**

11        The Court should reject AMD's proposal that this case be bifurcated into two

12   separate sets of proceedings: a first set of proceedings on AMD's claims for patent

13   infringement and a second set of proceedings, lagging by two months from the first set, on

14   Samsung's claims for patent infringement.    Allowing AMD to proceed with its asserted

15   patents two months ahead of Samsung's asserted patents will not make the resolution of

16   this lawsuit more efficient or avoid jury confusion.    AMD has asserted seven patents that

17   span several unrelated technology areas, from semiconductor fabrication to circuit design

18   to video control icons on a computer display.    Accordingly, even a single set of

19   proceedings limited to AMD's claims would not limit the range of technologies involved,

20   and conducting two sets of ongoing proceedings, two months apart, would be highly

21   confusing and onerous for the Court and for the parties.

22        Moreover, the patents asserted by Samsung relate to the same types of technologies

23   that are covered by AMD's patents (*i.e.*, Samsung has also asserted patents relating to

24   semiconductor fabrication and circuit design).    Therefore, two separate sets of

25   proceedings would be highly inefficient, as the Court will need to hear the same

26   background technical material twice—once in connection with the AMD patents and once

27   in connection with the Samsung patents.

28        It is common for cases involving multiple patents asserted by multiple parties to be

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

- 15 -

tried in a single proceeding. Jurors are commonly asked to hear complicated cases, and judicial economy more often than not outweighs any juror confusion that might result from holding a unified trial on all asserted patents. Indeed, proceeding at least initially with Markman proceedings and summary judgment on all asserted patents may narrow considerably the scope of this litigation prior to trial and allow the Court the opportunity to adjust the trial schedule accordingly.

If the Court is inclined to bifurcate the trial in some fashion, Samsung proposes that the Court order each side to select three patents from among those they are asserting for disposition in a first set of proceedings, with all deadlines regarding the remaining patents to be stayed until after the trial of the first six patents. This procedure would be more conducive to fairness and judicial economy than the one-sided proposal for bifurcation that AMD offers. Furthermore, the parties would be expected to select their three strongest patents for the first trial, thus enhancing the likelihood of a settlement.

## C.    The Parties' Proposed Schedules:

The following table sets forth the parties' proposals. The table contains three columns of proposed dates. The first column contains the dates that AMD proposes for the litigation of the AMD patents; the second column contains the dates that AMD proposes for the litigation of the Samsung patents; and the third column contains the dates that Samsung proposes for the three patents to be selected by each side. The dates in the first and third columns are identical.

AMD and Samsung agree to certain dates that are assumed, based on the timing of such rulings such as Claims Construction and Dispositive Motions. The parties agree that if the Court either enters an order earlier or later than the assumed dates, all dates thereafter would change accordingly. For example, the parties agree that Final Infringement Contentions should take place 90 days after the claim construction ruling, regardless of when that ruling is issued. This is the case for all dates following the Claim Construction ruling and the Dispositive Motion ruling. If counsel for the parties has made an incorrect assumption about when the Court may rule on these two matters, then

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

all dates thereafter will need to be adjusted.

| Event | AMD Proposed Schedule for AMD Patents | AMD Proposed Schedule for Samsung Patents | Samsung Proposed Schedule |
|---|---|---|---|
| CMC | May 30, 2008 | May 30, 2008 | May 30, 2008 |
| Mediation Tolling Begins | June 1, 2008 | June 1, 2008 | June 1, 2008 |
| Mediation Tolling Ends | August 31, 2008 | August 31, 2008 | August 31, 2008 |
| Preliminary Infringement Contentions and Document Production | September 30, 2008 | December 1, 2008 | September 30, 2008 |
| Responses to all Discovery Served Prior to June 3, 2008 | October 15, 2008 | November 14, 2008 | October 15, 2008 |
| Preliminary Invalidity Contentions and Document Production | November 14, 2008 | January 14, 2009 | November 14, 2008 |
| Exchange Proposed Claim Terms | December 2, 2008 | January 29, 2009 | December 2, 2008 |
| Exchange Preliminary Claim Constructions | December 22, 2008 | February 18, 2009 | December 22, 2008 |
| Claim Construction & Prehearing Statement | January 13, 2009 | March 16, 2009 | January 13, 2009 |
| Claim Construction Discovery Cutoff | February 27, 2009 | April 29, 2009 | February 27, 2009 |
| Opening Claim Construction Brief(s) | March 16, 2009 | May 14, 2009 | March 16, 2009 |
| Responsive Claim Construction Brief(s) | March 30, 2009 | May 28, 2009 | March 30, 2009 |
| Reply Claim Construction Brief(s) | April 8, 2009 | June 8, 2009 | April 8, 2009 |

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

| Claim Construction Tutorial | April 14, 2009 | June 15, 2009 | April 14, 2009 |
|---|---|---|---|
| Markman/Claim Construction Hearing | April 21, 2009 | June 22, 2009 | April 21, 2009 |
| Markman/Claim Construction Order (hypothetical) | May 15, 2009 | July 15, 2009 | May 15, 2009 |
| Final Infringement Contentions | August 13, 2009 | October 14, 2009 | August 13, 2009 |
| Final Invalidity Contentions | September 14, 2009 | November 12, 2009 | September 14, 2009 |
| Fact Discovery Cutoff | October 12, 2009 | December 14, 2009 | October 12, 2009 |
| Opening Expert Reports | November 2, 2009 | January 4, 2010 | November 2, 2009 |
| Rebuttal Expert Reports | November 23, 2009 | January 25, 2010 | November 23, 2009 |
| Expert Discovery Cutoff | January 18, 2010 | March 22, 2010 | January 18, 2010 |
| Dispositive Motion Filing Cutoff | February 8, 2010 | April 12, 2010 | February 8, 2010 |
| Dispositive Motion Hearings | March 15, 2010 | May 17, 2010 | March 15, 2010 |
| Dispositive Motion Ruling (hypothetical) | April 12, 2010 | June 9, 2010 | April 12, 2010 |
| Pretrial Conference Statement | May 3, 2010 | June 30, 2010 | May 3, 2010 |
| Pretrial Conference | May 17, 2010 | July 14, 2010 | May 17, 2010 |
| Trial | June 14, 2010 | August 11, 2010 | June 14, 2010 |

With regard to the proposed dates for the Tutorials and the *Markman* Hearings, the parties acknowledge that they have proposed dates that do not fall on the Court's regular law and motion calendar, but respectfully request that the Court specially set these two matters given the time that will be needed.

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**18.    TRIAL**

AMD's Position:

AMD anticipates that the trial of all of the AMD Patents-in-suit in this case, to a jury, will take approximately 13 Court days and that the trial of all of the Samsung Patents-in-suit in this case, to a jury, will take approximately 7 Court days.

Samsung's Position:

Samsung anticipates that the trial of three selected AMD patents and three selected Samsung patents, to a jury, will take approximately 12 Court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties assert that they have filed the "Certification of Interested Entities or Persons" in this matter required by Civil L.R. 3-16, and further restate that the following persons, firms, partnerships, corporations or other entities known by the parties have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

**AMD  and Samsung assert that, other than the named parties, there is no such interest to report.**

**20.    OTHER MATTERS**

The parties agree that filing and service through the Court's ECF system, prior to the Court ECF filing deadline for a particular day, shall constitute same-day service on that day.  Filing and service through the Court's ECF system shall not entitle a party to additional time to respond as contemplated by Fed. R. Civ. P. 6(d).

**<u>PATENT LOCAL RULES</u>**

**21.    MODIFICATIONS TO PATENT LOCAL RULES**

The parties agree that the controlling Patent Local Rules in this matter are the Patent Local Rules that were in effect on February 19, 2008.  Given the large number of patents involved in this case, the parties request that the Court schedule a Subsequent Case Management Conference for a date in September, 2008, at which the parties and the

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

Court can discuss whether further modifications to the Patent Local Rules are warranted in light of the patents, technologies, and products involved in the case.  As of this time, however, the parties have agreed on the following modifications to the Patent Local Rules:

The parties believe that a full-day Tutorial(s) on the technologies in issue in this matter, held shortly before the Claim Construction Hearing(s), would be of significant benefit to the Court.  The Tutorial(s) would be non-argumentative, off-the-record, with each side receiving three hours to present on all patents.

The parties further agree to the following amendments to the Patent Local Rules, each of which is reflected in the schedule set forth in Section 17:

a.    The parties shall have 90 days after service by the Court of its Claim Construction Ruling(s) to serve their Final Infringement Contentions, without leave of Court.

b.    The parties shall have 120 days after service by the Court of its Claim Construction Ruling(s) to serve their Final Invalidity Contentions, without leave of Court.

c.    The parties shall have 45 days after service of the Joint Claim Construction and Prehearing Statement(s) to complete Claim Construction discovery.

d.    The parties shall have 60 days after service of the Joint Claim Construction and Prehearing Statement(s) to file and serve their Opening Claim Construction Briefs. Each side shall file an Opening Claim Construction Brief covering just the claim terms appearing in the patents asserted by that side.

## 22.    LIVE  TESTIMONY  AT  TUTORIAL  OR  CLAIM  CONSTRUCTION HEARING

The parties agree that they will not offer live testimony from experts or other witnesses at Tutorial or Claim Construction hearings.  The parties also agree, however, that experts will be present in Court at those hearings, should the Court wish to directly question those experts.

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER

**24.    ORDER OF PRESENTATION AT CLAIM CONSTRUCTION HEARING**

AMD's Position:

AMD proposes that AMD present its arguments first at the Claim Construction Hearing on the AMD Patents-in-suit, and that Samsung present its arguments first at the Claim Construction Hearing on the Samsung Patents-in-suit.

Samsung's Position:

Samsung proposes that AMD present its arguments first at the Claim Construction Hearing with respect to patents asserted by AMD, and Samsung present its arguments first at the Claim Construction Hearing with respect to patents asserted by Samsung.

**25.    SCHEDULING CLAIM CONSTRUCTION PREHEARING CONFERENCE**

The parties do not anticipate the need for a Claim Construction Prehearing Conference at this time, but will inform the Court should issues arise that would necessitate such a hearing.

DATED:  May 20, 2008

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:/s/William H. Manning _____
         William H. Manning
         Brad P. Engdahl

**REED SMITH LLP**

By:/s/John P. Bovich _____
         John P. Bovich

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1

2    DATED:  May 20, 2008              **HELLER EHRMAN, LLP**

3
                                      By: /s/ Robert T. Haslam
4                                            Robert T. Haslam
                                             Michael K. Plimack
5                                            Christing S. Haskett

6                                     **ATTORNEYS FOR SAMSUNG**
                                      **ELECTRONICS CO., LTD.; SAMSUNG**
7                                     **SEMICONDUCTOR, INC.; SAMSUNG**
                                      **AUSTIN SEMICONDUCTOR, LLC;**
8                                     **SAMSUNG ELECTRONICS AMERICA,**
                                      **INC.; AND SAMSUNG**
9                                     **TELECOMMUNICATIONS AMERICA,**
                                      **LLC.**
10
                                      *Plaintiffs' counsel attests that concurrence in*
11                                    *the filing of this document has been obtained*
                                      *from the above-named signatory.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT
                                      STATEMENT AND [PROPOSED] ORDER

# CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

DATED: _____, 2008.

_____
Honorable Susan Illston
United States District Judge

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER