| | |
|---|---|
| John P. Bovich (SBN 150688)<br>E-mail: JBovich@reedsmith.com<br>**Reed Smith LLP**<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111<br>Telephone:   415-543-8700<br>Facsimile:   415-391-8269 | Robert T. Haslam<br>E-mail: Robert.Haslam@hellerehrman.com<br>**Heller Ehrman LLP**<br>275 Middlefield Road<br>Menlo Park, CA 94026-3506<br>Telephone:  650-324-7000<br>Facsimile:   650-324-0638 |
| William H. Manning (*pro hac vice*)<br>E-mail: WHManning@rkmc.com<br>Brad P. Engdahl (*pro hac vice*)<br>E-mail: BPEngdahl@rkmc.com<br>**Robins, Kaplan, Miller & Ciresi L.L.P.**<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Telephone:   612-349-8500<br>Facsimile:   612-339-4181 | Michael K. Plimack<br>E-mail:Michael.Plimack@hellerehrman.com<br>Christine S. Haskett<br>E-mail: Christine.Haskett@hellerehrman.com<br>**Heller Ehrman LLP**<br>333 Bush Street<br>San Francisco, CA 94104<br>Telephone:  415-772-6426<br>Facsimile:   415-772-6268 |
| Attorneys for Advanced Micro Devices, Inc., et al. | Attorneys for Samsung Electronics Co., Ltd., et al. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>        Defendants. | Case. No.  CV-08-0986-SI<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>**[Civil L.R. 7-12]** |

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or attempting to settle this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Joint Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the

JOINT STIPULATED PROTECTIVE ORDER

protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. DEFINITIONS

2.1 "Confidential" Information or Items: all items or information, regardless of how generated, stored or maintained, that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to information that the Disclosing Party believes in good faith is (1) not generally known to others and that it would not normally reveal to others except in confidence memorialized by a nondisclosure agreement, or (2) protected by a right to privacy under state or federal privacy laws or any other applicable privilege or right related to confidentiality or privacy.

2.2 Counsel (without qualifier): Outside Counsel, In-House Counsel, and their support staffs.

2.3 Designating Party: a Party or nonparty that designates Disclosure or Discovery Material that it produces as "Confidential" or "Highly Confidential — Outside Counsel's Eyes Only" or "Highly Confidential – Restricted Access Only."

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.6 "Highly Confidential – Outside Counsel's Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, including but not limited to proprietary financial, technical, organizational or

commercially sensitive information that the Producing Party maintains as highly confidential in its business.

2.7  "Highly Confidential – Restricted Access Only" Information or Items: information or items of such an extremely sensitive nature (*e.g.*, machine-readable source code, proprietary schematics in native format, proprietary databases in native format, etc.) that even a "Highly Confidential – Outside Counsel's Eyes Only" designation will not offer adequate protection.

2.8  In-House Counsel: attorneys who are employees of a Party.

2.9  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party regarding this action.

2.10  Party: any person or entity named as a plaintiff or defendant in this action, including all of its officers, directors, employees, and their support staffs.

2.11  Producing Party: a Party or nonparty that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors: persons or entities who have been retained by a Party to provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13  Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential – Restricted Access Only."

2.14  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material as defined above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof; plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

The confidentiality obligations imposed by this Stipulation and Order shall begin upon execution of this Stipulation by the Parties. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), are prohibited.

If it comes to a Party's or a nonparty's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or nonparty must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" in a clear, conspicuous manner on the cover page of any document containing Protected Material, and at the top or bottom of each page within said document.

A Party or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Outside Counsel's Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY") in a clear, distinctive manner on the cover page of any document containing Protected Material, and at the top or bottom of each page within said document.

For documents produced electronically in native format, that the Producing Party either (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY") in a clear, distinctive manner to any document containing Protected Material, or (2) affix in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" to the exterior of any CD, DVD, Flash Drive or any other media containing Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or nonparty offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only." When it is impractical to identify separately each portion of testimony

that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Joint Stipulated Protective Order.

Portions of depositions that are designated at the time as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" shall be attended only by the witness and any persons authorized by this Order to access Protected Material bearing the asserted designation, as set forth in Sections 7.2 and 7.3, below.

Transcript pages containing Protected Material and any document containing Protected Material used as an exhibit at the deposition must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible item, that the Producing Party affix in a prominent place on the exterior of the information or item, or container(s) in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential – Restricted Access Only."

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential – Restricted Access Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

If material is appropriately designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential – Restricted Access Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Designating Party will have a reasonable time to review the designated material and to inform the challenging Party in writing of its decision to change the designation or to explain its basis for declining to change the designation.  A Designating Party that does not inform the challenging Party within 5 court days will be deemed to have acquiesced in the challenging Party's objection, and any designation attached to the challenged material will be removed.  Disclosure or Discovery Material that has been stripped of its designation under this provision shall not thereafter be designated as Protected Material by the original Designating Party.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3  Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, if any, may file

and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party to demonstrate by a preponderance of the evidence that the material falls within the chosen designation. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized to receive Protected Material under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's In-House Counsel who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), limited to the following persons:

| For AMD | Name | Title |
|---|---|---|
| i. | Beth Ozmun | Director of Litigation and Employment Law |
| ii. | Kent Cooper | Director of Patents and Licensing |
| iii. | Chris Jacobs | Senior Corporate Counsel |
| For Samsung | Name | Title |
| i. | Brian Kim | Senior Legal Counsel |
| ii. | YoungJo Lim | Principal Engineer/Attorney at Law |
| iii. | Bryan Richardson | Patent Counsel |

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) during their depositions, witnesses in the action (1) who have prior knowledge of the information or items; (2) who are testifying on behalf of the Designating Party, including present and former employees of the Designating Party, as well as any person the Designating Party designates under Fed. R. Civ. P. 30(b)(6); or (3) to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) court reporters, Professional Vendors, and mock jury members to whom disclosure is reasonably necessary for this litigation and who have been appropriately informed of their confidentiality obligations;

(f) the author, addressee or recipient of the document, or the original source of the information; and

(g) the Court and its personnel.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items and/or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential – Restricted Access Only" only to:

(a) Persons described in Section 7.2(a), (c), (e), (f) and (g) above subject to the additional

1    requirements set forth in Section 7.4, below; and

2    (b) during their depositions, witnesses in the action who (1) have prior knowledge of the
3    information or items; or (2) are testifying on behalf of the Designating Party, including present
4    and former employees of the Designating Party, as well as any person the Designating Party
5    designates under Fed. R. Civ. P. 30(b)(6).

6    7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
7    OUTSIDE COUNSEL'S EYES ONLY" Information or Items and/or "HIGHLY
8    CONFIDENTIAL – RESTRICTED ACCESS ONLY" Information or Items to Experts.

9    (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a
10   Party that seeks to disclose to an Expert any information or item that has been designated
11   "Highly Confidential – Outside Counsel's Eyes Only" or "Highly Confidential – Restricted
12   Access Only" first must make a written request to the Designating Party that (1) seeks permission
13   to disclose any and all "Highly Confidential – Outside Counsel's Eyes Only" or "Highly
14   Confidential – Restricted Access Only" information to the Expert, (2) sets forth the full name of
15   the Expert and the city and state of his or her primary residence, (3) attaches a copy of the
16   Expert's current resume, and (4) identifies the Expert's current and past employer(s) in the past
17   10 years.

18   (b) A Party that makes a request and provides the information specified in the preceding
19   paragraph may disclose the subject Protected Material to the identified Expert unless, within five
20   court days of delivering the request, the Party receives a written objection from the Designating
21   Party.  Any such objection must set forth in detail the grounds on which it is based.

22   (c) A Party that receives a timely written objection must meet and confer with the
23   Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party
24   seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7
25   (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court
26   to do so.   Any such motion must describe the circumstances with specificity, set forth in detail
27   the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm
28   that the disclosure would entail and suggest any additional means that might be used to reduce

1  that risk.  In addition, any such motion must be accompanied by a competent declaration in which
2  the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and
3  the content of the meet and confer discussions) and sets forth the reasons advanced by the
4  Designating Party for its refusal to approve the disclosure.

5  In any such proceeding the Party opposing disclosure to the Expert shall bear the burden
6  of proving that the risk of harm that the disclosure would entail (under the restrictions of this
7  Order and any other safeguards proposed) outweighs the Receiving Party's need to disclose the
8  Protected Material to its Expert.

9  7.5 Procedures for Accessing, Managing and Transmitting "HIGHLY
10  CONFIDENTIAL – RESTRICTED ACCESS ONLY" Information or Items.

11  The parties are continuing to negotiate the procedures necessary to ensure the secure
12  access, management and transmittal of "Highly Confidential – Restricted Access Only"
13  Information or Items.  These procedures will be addressed in an Addendum to this Protective
14  Order or in a Supplemental Protective Order.

15  **8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
16  IN OTHER LITIGATION.**

17  If a Receiving Party is served with a subpoena, discovery request, or an order issued in
18  other litigation that would compel disclosure of Protected Material it has received from a
19  Disclosing Party, the Receiving Party must immediately notify the Designating Party, in writing,
20  and in no event more than three court days after receiving the subpoena, discovery request, or
21  order.  Such notification must include a copy of the subpoena, discovery request, or court order.

22  The Receiving Party also must immediately inform in writing the Party who caused the
23  subpoena, discovery request, or order to issue in the other litigation that some or all the material
24  covered by the subpoena, discovery request, or order is the subject of this Protective Order.  In
25  addition, the Receiving Party must deliver a copy of this Joint Stipulated Protective Order
26  promptly to the Party in the other action that caused the subpoena, discovery request, or order to
27  issue.

28  The purpose of imposing these duties is to alert the interested parties to the existence of

1  this Protective Order and to afford the Designating Party in this case an opportunity to try to
2  protect its confidentiality interests in the court from which the subpoena, discovery request, or
3  order issued. The Designating Party shall bear the burdens and the expenses of seeking
4  protection in that court of its confidential material. Nothing in these provisions should be
5  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful
6  directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Joint Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material or document summarizing, discussing or otherwise referencing Protected Material. A Party that seeks to file under seal any such document or Protected Material must comply with Judge Illstons's Standing Order on filing under seal and/or Civil Local Rule 79-5.

### 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

entity, to the Designating Party) by the sixty day deadline that identifies all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial and hearing transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    PATENT PROSECUTION BAR**

Material designated as "Highly Confidential – Outside Counsel's Eyes Only" and "Highly Confidential – Restricted Access Only" is automatically designated as subject to a prosecution bar. Any person who receives or has access to any material under Section 7.3, above, shall not be involved in the prosecution of any patent proceeding before the United States Patent and Trademark Office or any foreign agency responsible for issuing patents, by or on behalf of the Receiving Party, relating to memory or processor design or fabrication from the time of receipt of such material through and including one year from last having accessed or viewed the material.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

13.3    Right to Later Assert Privilege. By stipulating to the entry of this Protective Order, no Party waives any right to assert at any time after the disclosure or production of items or information, attorney-client privilege, work-product immunity, or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party

becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity and requests return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced documents. Nothing herein shall prevent the Receiving Party from challenging the propriety of the asserted privilege or immunity by submitting a written challenge to the court.

      13.4    Right to Seek Modification. The parties agree that, by stipulating to entry of this Protective Order, no party waives the right to later petition the court for modification of this order. Furthermore, the parties agree that in no circumstance shall a party be liable for sanctions for seeking or opposing the modification of this order.

      13.5    Right to Request Injunction. The parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If any person violates or threatens to violate the terms of this Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and that in such a situation any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

| | | |
|---|---|---|
| 1 | DATED: June 13, 2008 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| 2 | | |
| 3 | | By: /s/ William H. Manning_____ |
|   | |      William H. Manning |
| 4 | | |
| 5 | | **REED SMITH LLP** |
| 6 | | |
| 7 | | By: /s/ John P. Bovich_____ |
|   | |      John P. Bovich |
| 8 | | |
| 9 | | **ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC** |
| 10 | | |
| 11 | | |
| 12 | DATED: June 13, 2008 | **HELLER EHRMAN LLP** |
| 13 | | By: /s/ Christine S. Haskett_____ |
|    | |      Robert T. Haslam |
| 14 | |      Michael K. Plimack |
|    | |      Christine S. Haskett |
| 15 | | |
| 16 | | **ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC** |

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

**IT IS SO ORDERED**

/s/ Susan Illston
Judge Susan Illston
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Joint Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on May __, 2008, in the case of *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*, CV-08-0986-SI.   I agree to comply with and to be bound by all the terms of this Joint Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Joint Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Joint Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

JOINT STIPULATED PROTECTIVE ORDER