William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
Email: BPEngdahl@rkmc.com
Andrew M. Kepper (*pro hac vice*)
Email: AMKepper@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:  612-349-8500
Facsimile:  612-339-4181

Attorneys for Advanced Micro Devices, Inc., et al.

Robert T. Haslam
E-mail: RHaslam@cov.com
Michael K. Plimack
E-mail: MPlimack@cov.com
Christine Saunders Haskett
Email: CHaskett@cov.com
**Covington & Burling L.L.P.**
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: 650-632-4700
Facsimile:  650-632-4800

Attorneys for Samsung Electronics Co., Ltd., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Case. No.  CV-08-0986-SI <br><br> **STIPULATION AND [PROPOSED] ORDER SETTING DISCOVERY PROTOCOL** |

**I.     GENERAL PROVISIONS**

A.     This discovery format Stipulation is between Plaintiffs and Counterclaim-Defendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") and Defendants and Counterclaimants Samsung Electronics Co., Ltd. ("SEC"), Samsung Semiconductor, Inc. ("SSI"), Samsung Austin Semiconductor, LLC ("SAS"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA"), Samsung Techwin Co. ("Techwin"), and Samsung Opto-Electronics America, Inc. ("SOA") (individually each a "Party" and collectively, the "Parties").  The Parties will produce documents in accordance with the agreed-upon specifications set forth below.  Nothing in this Stipulation

1 shall supersede any provision of Judge Illston's Standing Orders.

2     B.    The production specifications in this Stipulation apply to materials which are to be produced in *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*, No. CV-0986-SI (N.D. Cal.).

    C.    The Parties will use reasonable efforts to fulfill the requirements of this Stipulation as to any documents which were produced before the Court's entry of an Order adopting the same

    D.    The Parties understand that a Party may have possession, custody or control of responsive third party documents protected under a non-disclosure agreement ("NDA"). The Parties agree to use reasonable efforts to obtain permission from third parties to produce such documents. If permission to produce third party documents covered under NDA is denied, the producing party shall promptly notify opposing counsel. Upon notification, a Party may seek a court order compelling production of these documents.

    E.    The Parties will prepare privilege logs with respect to categories of documents withheld from production on the grounds of privilege or as work product in accordance with the requirements of the Joint Case Management Statement. The Parties agree that they will make a reasonable, good faith effort to exchange complete privilege logs on December 15, 2008. The Parties will make a reasonable, good faith effort to provide complete supplemental privilege logs for supplemental productions within 21 days of the completion of such productions or as otherwise agreed.

    F.    Without prejudice to any Party's right to seek attorneys' fees, costs, or disbursements in this action, including the costs of production, the Parties shall initially bear their own costs of production. Notwithstanding the foregoing, any Party may seek to shift the cost of production to any other Party on any basis permitted by the Federal Rules of Civil Procedure or the Local Rules.

## II. FORM OF PRODUCTION – PAPER DOCUMENTS

    A.    Documents responsive to discovery requests and available in paper format will be produced as black-and-white, single page, 300 DPI, Group IV Tagged Image File Format ("TIFF") images. The Parties will accommodate reasonable requests for production of specific

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

images in color. Each TIFF image will be labeled with a production number on the corresponding page. The TIFF file should be named in accordance with the production number (e.g., BATES000001.TIF). The producing Party will provide an Opticon image load file defining document breaks for each set of page images produced and will provide optical character recognition (OCR) for each image. Documents will be produced on CD or DVD disks or on portable hard drives.

B. Each image will be named as the production Bates number.

C. Unitizing Documents. Paper documents should be logically unitized (e.g., in scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records). The Parties will make their best efforts to have their vendors or other appropriate resources unitize documents correctly and will address cooperatively situations where there are improperly unitized documents.

### III. FORM OF PRODUCTION – ELECTRONICALLY STORED INFORMATION

A. Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, the Parties agree that discovery of electronically stored information ("ESI") should be provided in the following format. For static image file formats that exist only as such, they may be produced consistently with the format for the production of paper documents as appropriate.

**1. Tagged Image File Format (TIFF)**

ESI responsive to discovery requests should be imaged and provided as black-and-white, single-page, 300 DPI, Group IV TIFFs. The Parties will accommodate reasonable requests for production of specific images in color. Each TIFF image will be labeled with a production number on the corresponding page. The TIFF file should be named in accordance with the production number (e.g., BATES000001.TIF). The producing Party will provide an Opticon image load file defining document breaks for each set of pages or images produced. For documents with attachments, "Beg. Attach" and "End Attach" fields should also be included. TIFF documents will be produced on CD or DVD disks or on portable hard drives, as appropriate due to volume.

**2.    Text Files**

For each image, an OCR text file containing page markers should be provided along with the TIFF. The provided OCR text file should be named in accordance with the TIFF file (e.g., BATES000001.TXT).If applicable, the text of native files should be extracted directly from the native file and included in a "TEXT" field in the Concordance data file (.dat file). For any document with a redaction, no text files will be provided for the redacted portion of the document.

**3.    Unique IDs**

Each image will be named as the production Bates number.

**4.    Metadata Fields**

Without prejudice to reasonable requests for production of additional metadata with respect to any specific document or documents, the following metadata will be provided if it exists:

For Email:

a. Author

b. Recipient

c. CC

d. BCC

e. Subject

f. Date Sent

g. Time Sent

For Electronic Files:

a. File name

b. File size

c. Date Created

d. Date Modified

e. Author

f. Title

### 5. Native Format

Microsoft Excel Files shall be produced in native format instead of TIFF format. The native documents will be assigned a document level production number, and the native file name shall be prepended with a production number (i.e. BATES0000001_NativeFile.xls). The parties should include a link to these files in the Concordance data file (.dat file), as well as the original file name and any relevant custodian information. The parties will include a placeholder image in the production for these documents which will contain the production ID and the original file name. To the extent that a party wishes to receive other types of ESI in native format, the parties shall meet and confer and shall comply with reasonable requests to produce ESI in native format. When produced, native file format documents will be produced on CD or DVD disks or on portable hard drives, as appropriate due to volume.

### 6. "Highly-Confidential – Restricted Access Only" Information

The parties continue to negotiate the terms and format of production of "Highly-Confidential – Restricted Access Only" information . These procedures will be addressed in an addendum to the Joint Stipulated Protective Order of June 19, 2008 or in a supplemental protective order.

### 7. Non-Convertible Files

Certain types of files such as system, program, and sound files may not be amenable to conversion into anything meaningful in TIFF format. If responsive, these will be produced in native file format with a placeholder TIFF image. A link to the native file will be produced in the Concordance .dat file in a field titled "NATIVEFILELINK." Other files may not be able to be converted to TIFF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF images of such files are unsuccessful and they are determined or reasonably thought to be responsive, these will also be accounted for with a placeholder image. The Parties shall meet and confer as to whether particular documents accounted for with a placeholder image shall be produced in native format. Some examples of file types that may not convert include, but are not limited to, file types with the following extensions: *.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi

*.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *.db/.

**8. Parent-Child Relationships**

Parent-child relationships (the association between an attachment and its parent document) should be preserved.

**9. Objective Coding Fields**

The Parties will work cooperatively regarding load file formats. The following objective coding fields will be provided in load files to the extent determinable:

    a. Beginning Bates Number;

    b. Ending Bates Number;

    c. Beginning Attachment Bates Number;

    d. Ending Attachment Bates Number; and

    e. Source/Custodian (if reasonably available).

    f. Links to any native files being produced.

**10. De-Duplication**

In the interest of reducing document production costs, the Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations.

**11. Use of Native Files in Deposition**

For documents produced in native format with placeholder images, the parties should attach a print-out of the placeholder image bearing the document Bates number to a print-out of the native file for use as a deposition exhibit.

**IV. ELECTRONIC SEARCHES**

**A.** To the extent required by the Federal Rules of Civil Procedure and the Local Rules, the Parties agree to conduct reasonable searches for reasonably accessible sources including, but not limited to, e-mail and non-email electronic documents on active e-mail accounts and archived e-mail accounts stored on active computer networks, desktop computers, laptop computers, servers, hard drives, workstations, and available electronic storage media (such as CDs, DVDs, portable hard drives, and USB drives). Consistent with those rules, each party

represents that it has taken reasonable steps to preserve reasonably accessible sources of ESI.

Pursuant to Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure, the Parties hereby identify the following inaccessible sources of ESI, without prejudice to either Parties' rights to seek production of any specific ESI in accordance with Rule 26:

a. Voicemail, if any;

b. Instant Messaging, except for company authorized and managed Instant Messaging, if any;

c. Text Messaging, except for company authorized and managed Text Messaging, if any;

d. Legacy Data, which means and includes documents and data from inactive systems or applications of the parties;

e. Residual, fragmented, damaged, permanently deleted, slack and unallocated data, if any;

f. Data stored exclusively on cellular phones or personal digital assistants; and

g. Backup tapes of email.

**B.     Right to Request Additional Information**

The agreements set forth herein are without prejudice to the right of a Party to request additional information about, or production of additional, ESI, and any objections to such requests for information or production. The Parties will confer in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, and reserve all rights to seek Court assistance by motion or otherwise to resolve such disputes if agreement cannot be reached.

DATED:  October 13, 2008            **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:    /s Andrew M. Kepper

William H. Manning
Brad P. Engdahl

Case. No. CV-08-0986-SI         - 7 -         STIPULATION AND PROPOSED ORDER SETTING DISCOVERY PROTOCOL

Andrew M. Kepper

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

DATED: October 13, 2008     **COVINGTON & BURLING L.L.P.**

By:    /s Christine Saunders Haskett

Robert T. Haslam
Michael K. Plimack
Christine Saunders Haskett

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG TECHWIN CO., LTD.; AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC.**

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED:_____

_____
Honorable Susan Illston
United States District Judge

Case. No. CV-08-0986-SI     - 8 -     STIPULATION AND PROPOSED ORDER SETTING DISCOVERY PROTOCOL