| | |
|---|---|
| William H. Manning (*pro hac vice*) <br> E-mail: WHManning@rkmc.com <br> Brad P. Engdahl (*pro hac vice*) <br> E-mail: BPEngdahl@rkmc.com <br> **Robins, Kaplan, Miller & Ciresi L.L.P.** <br> 2800 LaSalle Plaza <br> 800 LaSalle Avenue <br> Minneapolis, MN 55402 <br> Telephone: 612-349-8500 <br> Facsimile: 612-339-4181 <br><br> Attorneys for Advanced Micro Devices, Inc., et al. | Robert T. Haslam (Bar No. 71134) <br> E-mail: Rhaslam@cov.com <br> **Covington & Burling LLP** <br> 333 Twin Dolphin Drive, Suite 700 <br> Redwood Shores, CA 94065 <br> Telephone: 650-632-4700 <br> Facsimile: 650-632-4800 <br><br> Christine Saunders Haskett (Bar No. 188053) <br> E-mail: Chaskett@cov.com <br> **Covington & Burling LLP** <br> One Front Street <br> San Francisco, CA 94111 <br> Telephone: 415-591-7087 <br> Facsimile: 415-955-6587 <br><br> Attorneys for Samsung Electronics Co., Ltd., et al. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Case. No. CV-08-0986-SI <br><br> **ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER** <br><br> **[Civil L.R. 7-12]** |

The parties in the above-referenced action hereby agree that the following replaces Section 7.5 of the Joint Stipulated Protective Order (Dkt. #60), currently in effect:

7.5 Procedures for Accessing, Managing and Transmitting AMD "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item that AMD has designated "Highly Confidential – Restricted Access Only" only to the persons permitted under Section 7.3. The following terms and

conditions set forth additional requirements regarding the Receiving Party's access to and use of such materials:

(a) AMD, as the Designating Party will provide electronically stored information or items that it has designated "Highly Confidential – Restricted Access Only" on encrypted CDs, DVDs, hard drives or other media. The Receiving Party's access to electronically stored information or items that AMD has designated "Highly Confidential – Restricted Access Only" shall be limited to a single stand-alone computer (a computer that is not connected to the internet, a network, wireless device, or any other peripheral device except a printer) located in a locked, restricted access room at the San Francisco office of the Receiving Party's Outside Counsel.

(b) The Receiving Party shall not physically, photographically, xerographically, magnetically, digitally, optically or otherwise copy by any means information or items that AMD has designated "Highly Confidential – Restricted Access Only," subject to the exceptions enumerated in Paragraph (c), below.

(c) The Receiving Party may create only the following documents from information or items that AMD has designated "Highly Confidential – Restricted Access Only":

(i) Paper printouts or physical photocopies of information or items designated "Highly Confidential – Restricted Access Only;"

(ii) Hand-written or typed documents—including word processing documents—reflecting the content of information or items designated "Highly Confidential – Restricted Access Only;"

(iii) Adobe "pdf" documents of materials described in subparts (i) and (ii), above that contain source code, for the sole purposes of filing documents with the Court or serving another Party; and

(iv) Adobe "pdf" documents, "jpg" images or "tif" images of materials described in subparts (i) and (ii), above that do not contain source code, for the sole purposes of providing said documents to an Expert permitted to receive such materials under Section 7.3 and approved under Section 7.4, filing documents with the Court, serving another party, or maintaining internal records of documents filed or served.

     (d)    Documents that the Receiving Party creates under Paragraph (c) are subject to the following conditions:

         (i)    The documents must be marked "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" in a clear, conspicuous manner on the cover page, and at the top or bottom of each subsequent page within said document;

         (ii)    If the Receiving Party provides the documents to an Expert permitted to receive such materials under Section 7.3 and approved under Section 7.4, said Expert must return the documents to the Receiving Party immediately upon the close of expert discovery in this litigation;

         (iii)    The Receiving Party must destroy all Adobe "pdf" documents described in Paragraph (c)(iii) within 24 hours after filing the documents with the Court or serving another Party, and must confirm in writing to the Designating Party that such destruction has been completed; and

         (iv)    The Receiving party shall encrypt or password-protect all documents described in Paragraphs (c)(iii)-(iv).

     (e)    The Receiving Party shall not send, transmit or otherwise transport the documents referred to in Paragraphs (a)–(c), subject to the following exceptions:

         (i)    For physical embodiments of materials described in Paragraph (c)(i)-(ii):

             (A)    If sent to any person permitted to receive such documents under Section 7.3, the Receiving Party must send these documents in a sealed container via certified mail, return receipt requested; or an established overnight, freight, delivery or messenger service. The Receiving Party must notify the Disclosing Party immediately if, for any reason, the documents to do not reach their intended destination; and

             (B)    If physically transported for any other purpose, the Receiving Party must retain physical custody and control of the documents at all times and must store the documents in a locked, secure place.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

  (ii) For electronic embodiments of documents described in Paragraph (c)(iii)-(iv):

    (A) If electronically or digitally transmitted, the Receiving Party must encrypt these documents, or transmit these documents over a secure network; and

    (B) If transported on CD, DVD, hard drive or any other media for any other purpose, the Receiving Party must retain physical custody and control of the media at all times and must store the media in a locked, secure place.

 (h) The provisions in Section 10 regarding filing documents under seal shall apply to documents described in Paragraph (c)(iii).

DATED: November 17, 2008   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ William H. Manning _____
   William H. Manning
   Brad P. Engdahl

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC., ET AL.**

DATED: November 17, 2008   **COVINGTON & BURLING LLP**

By: /s/ Christine S. Haskett _____
   Robert T. Haslam
   Christine S. Haskett

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., ET AL.**

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

November __, 2008   /s/ Susan Illston _____
   Honorable Susan Illston
   United States District Judge

Case No. CV-08-0986-SI  - 4 -  ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER