1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   ADVANCED MICRO DEVICES, INC.,              No. C 08-00986 SI

9                   Plaintiff,                 **ORDER RE: AMD'S RECENT
                                               DISCOVERY REQUESTS [Docket Nos.
10        v.                                   103 and 114]**

11  SAMSUNG ELECTRONICS CO., et al.,

12                  Defendants.
    _____/

13

14          Advanced Micro Devices, Inc. ("AMD") has filed two letter briefs asking the Court to compel

15  the Samsung defendants and counter-claimants to produce certain documents requested by AMD.  The

16  Court will consider each in turn.

17

18  **1.      AMD's request for firmware source code [Docket No. 103]**

19          AMD has accused Samsung products of infringing various AMD patents, including U.S. Patent

20  No. 6,784,879 ("the '879 patent").  In general terms, the '879 patent describes a "user interface" (i.e.

21  a system by which a user interacts with a device) that displays images in the foreground of the device's

22  screen while the background video remains in focus.  The parties dispute the scope of the '879 patent.

23  Samsung contends that the '879 patent claims only the visual design and operation of the user interface,

24  while AMD argues that the patent also comprises the system whereby the interface "interacts" with the

25  displayed video.

26          AMD requests an order compelling Samsung to produce the "firmware source code" (i.e. a

27  software program or set of instructions programmed on a hardware device) that generates the graphical

28  user interfaces in approximately 7,095 accused Samsung televisions, cell phones, camcorders and digital

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  cameras.  AMD contends that, because the '879 patent claims a system for controlling background video

2  while an application is displayed in the foreground, AMD must examine the firmware source code of

3  the accused devices to determine whether the computer programs in those devices have the same effect

4  as limitations claimed in the '879 patent.  Samsung responds that AMD has no need to analyze the

5  firmware in the accused devices because the '879 patent describes only a user interface; AMD can

6  therefore determine whether the accused devices infringe the '879 patent by examining screen images

7  already produced by Samsung.

8       The Court finds that AMD is entitled to the documents it requests under the broad discovery

9  contemplated by Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. Pro. 26 ("For good cause, the

10  court may order discovery of any matter relevant to the subject matter involved in the action.").  To find

11  otherwise would require the Court to interpret the scope of the '879 patent, which it cannot do at this

12  early stage in the litigation, before the Court has conducted a *Markman* hearing or issued a claim

13  construction order.  Accordingly the Court GRANTS AMD's request for Samsung to produce the

14  firmware source code for the accused Samsung televisions, cell phones, camcorders and digital cameras

15  offered for sale or sold in this country on or after February 19, 2008.  Samsung must produce this

16  discovery <u>within twenty-one days of the issuance of this Order</u>.

17

18  **2.  AMD's request for documents and supplemental interrogatory responses [Docket No. 114]**

19       AMD has also filed a letter brief requesting an order compelling Samsung to (1) produce

20  documents responsive to AMD's Document Requests Nos. 260, 262, 263, 279, 283, 284, 291 and 292

21  and (2) provide supplemental answers to AMD's Interrogatories Nos. 17, 18, and 20.  Samsung contends

22  that AMD's request should be denied as moot because Samsung has either already produced or agreed

23  to produce the discovery at issue.  Based on the representations made by Samsung's counsel in their

24  March 6 letter brief, the Court agrees with Samsung that AMD is premature in seeking the Court's

25  intervention in this matter.  It appears that the only issue that remains in dispute is Samsung's response

26  to Document Request No. 291, which seeks documents relating to Samsung's testing of third-party

27  products prior to the filing of the Samsung counterclaim patents.  Samsung (as counter-plaintiff)

28  contends that these documents are irrelevant to the issue of whether AMD's products infringe the

Samsung patents.  The Court disagrees.  Evidence of third-products in existence before the filing of the Samsung patents could be relevant to anticipation and obviousness defenses.  Accordingly, the Court GRANTS AMD's request with respect to Request No. 291, insofar as AMD requests documents relating to testing of third party products that was not performed at the direction of Samsung's attorneys.  All other requests are DENIED without prejudice.  Samsung shall produce these documents within twenty-one days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: March 9, 2009

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California