| | |
|---|---|
| William H. Manning (*pro hac vice*) <br> E-mail: WHManning@rkmc.com <br> Brad P. Engdahl (*pro hac vice*) <br> E-mail: BPEngdahl@rkmc.com <br> **Robins, Kaplan, Miller & Ciresi L.L.P.** <br> 2800 LaSalle Plaza <br> 800 LaSalle Avenue <br> Minneapolis, MN 55402 <br> Telephone: 612-349-8500 <br> Facsimile: 612-339-4181 <br><br> John P. Bovich (SBN 150688) <br> E-mail: JBovich@reedsmith.com <br> **Reed Smith LLP** <br> Two Embarcadero Center, Suite 2000 <br> San Francisco, CA 94111 <br> Telephone: 415-543-8700 <br><br> Attorneys for Advanced Micro Devices, Inc., et al. | Robert T. Haslam (Bar No. 71134) <br> E-mail: Rhaslam@cov.com <br> **Covington & Burling LLP** <br> 333 Twin Dolphin Drive, Suite 700 <br> Redwood Shores, CA 94065 <br> Telephone: 650-632-4700 <br> Facsimile: 650-632-4800 <br><br> Christine Saunders Haskett <br> E-mail: Chaskett@cov.com <br> **Covington & Burling LLP** <br> One Front Street <br> San Francisco, CA 94111 <br> Telephone: 415-591-7087 <br> Facsimile: 415-955-6587 <br><br> Attorneys for Samsung Electronics Co., Ltd., et al. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Case. No. CV-08-0986-SI <br><br> **SECOND ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER** <br><br> [Civil L.R. 7-12] |

The parties in the above-referenced action hereby agree that the following replaces Section 7.2(b) of the previously filed Joint Stipulated Protective Order (Dkt. #60), currently in effect:

(b) the Receiving Party's In-House Counsel who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), limited to the following persons:

| For AMD | Name | Title |
|---|---|---|
| i. | Beth Ozmun | Vice President of Litigation and Employment Law |

|   |   |   |   |
|---|---|---|---|
| ii. | Kevin O'Neil | Assistant General Counsel |
| iii. | Chris Jacobs | Senior Corporate Counsel |

| For Samsung | Name | Title |
|---|---|---|
| i. | Brian Kim | Senior Legal Counsel |
| ii. | YoungJo Lim | Principal Engineer/Attorney at Law |
| iii. | Bryan Richardson | Patent Counsel |

The parties in the above-referenced action hereby further agree that the following replaces Section 7.5 of the previously filed Addendum to Joint Stipulated Protective Order (Dkt. #87), currently in effect:

7.5 Procedures for Accessing, Managing and Transmitting "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Restricted Access Only" only to the persons permitted under Section 7.3.  The following terms and conditions set forth additional requirements regarding the Receiving Party's access to and use of such materials:

(a) When AMD is the Designating Party, it will provide electronically stored information or items that it has designated "Highly Confidential – Restricted Access Only" on encrypted CDs, DVDs, hard drives or other media.  The Receiving Party's access to electronically stored information or items designated "Highly Confidential – Restricted Access Only" shall be limited to stand-alone computers (computers that are not connected to the internet, a network, wireless device, or any other peripheral device except a printer) and monitors located in a locked, restricted access room.  Unless otherwise agreed to by the parties in writing or directed by the Court, this room shall be located at the San Francisco office of the Receiving Party's Outside Counsel.

When Samsung is the Designating Party, it shall provide electronically stored information or items that it has designated "Highly Confidential -- Restricted Access Only" on encrypted CDs, DVDs, hard drives or other media.  The Receiving Party's access to electronically stored information or items designated "Highly Confidential -- Restricted Access Only" shall be limited

to stand-alone computers (computers that are not connected to the internet, a network, wireless device, or any other peripheral device except as may be necessary to access a server in Korea designated by Samsung) and monitors, located in a locked, restricted access room. Unless otherwise agreed to by the parties in writing or directed by the Court, this room shall be located at the San Francisco office of the Designating Party's Outside Counsel.

(b) The Receiving Party shall not physically, photographically, xerographically, magnetically, digitally, optically or otherwise copy by any means information or items designated "Highly Confidential – Restricted Access Only," subject to the exceptions enumerated in Paragraph (c), below.

(c) The Receiving Party may create only the following documents from information or items designated "Highly Confidential – Restricted Access Only":

    (i) Paper printouts or physical photocopies of information or items designated "Highly Confidential – Restricted Access Only;"

    (ii) Hand-written or typed documents—including word processing documents—reflecting the content of information or items designated "Highly Confidential – Restricted Access Only;"

    (iii) Adobe "ps" or "pdf" documents of materials described in subparts (i) and (ii), above that contain source code, for the sole purposes of filing documents with the Court or serving another Party;

    (iv) Adobe "ps" or "pdf" documents, "jpg" images or "tif" images of materials described in subparts (i) and (ii), above that do not contain source code, for the sole purposes of providing said documents to an Expert permitted to receive such materials under Section 7.3 and approved under Section 7.4, filing documents with the Court, serving another party, or maintaining internal records of documents filed or served; and

    (v) Adobe "ps" or "pdf" documents, "jpg" images or "tif" images of materials that do not contain source code, for the purpose of internal case analysis and preparation, when information or items designated "Highly Confidential – Restricted Access Only" are produced at office of the Designating Party or its Outside Counsel.

Case No. CV-08-0986-SI     - 3 -     SECOND ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER

(d) Documents that the Receiving Party creates under Paragraph (c) are subject to the following conditions:

    (i) The documents must be marked "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" in a clear, conspicuous manner on the cover page, and at the top or bottom of each subsequent page within said document;

    (ii) If the Receiving Party provides the documents to an Expert permitted to receive such materials under Section 7.3 and approved under Section 7.4, said Expert must return the documents to the Receiving Party immediately upon the close of expert discovery in this litigation;

    (iii) The Receiving Party must destroy all Adobe "pdf" documents described in Paragraph (c)(iii) within 24 hours after filing the documents with the Court or serving another Party, and must confirm in writing to the Designating Party that such destruction has been completed; and

    (iv) The Receiving party shall encrypt or password-protect all documents described in Paragraphs (c)(iii)-(v).

(e) The Receiving Party shall not send, transmit or otherwise transport the documents referred to in Paragraphs (a)–(c), subject to the following exceptions:

    (i) For physical embodiments of materials described in Paragraph (c)(i)-(ii):

        (A) If sent to any person permitted to receive such documents under Section 7.3, the Receiving Party must send these documents in a sealed container via certified mail, return receipt requested; or an established overnight, freight, delivery or messenger service. The Receiving Party must notify the Disclosing Party immediately if, for any reason, the documents to do not reach their intended destination; and

        (B) If physically transported for any other purpose, the Receiving Party must retain physical custody and control of the documents at all times and must store the documents in a locked, secure place.

Case No. CV-08-0986-SI — - 4 - — SECOND ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER

    (ii) For electronic embodiments of documents described in Paragraph (c)(iii)-(v):

      (A) If electronically or digitally transmitted, the Receiving Party must encrypt these documents, or transmit these documents over a secure network; and

      (B) If transported on CD, DVD, hard drive or any other media for any other purpose, the Receiving Party must retain physical custody and control of the media at all times and must store the media in a locked, secure place.

  (f) The provisions in Section 10 regarding filing documents under seal shall apply to documents described in Paragraph (c)(iii)-(v).

DATED: March 25, 2009    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
  William H. Manning
  Brad P. Engdahl

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC., ET AL.**

DATED: March 25, 2009    **COVINGTON & BURLING LLP**

By: _____
  Robert T. Haslam
  Christine S. Haskett

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., ET AL.**

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

4/1/09
March___, 2009    _____
          Honorable Susan Illston
         United States District Judge

Case No. CV-08-0986-SI  - 5 -  SECOND ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER