IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., | No. C 08-986 SI |
| Plaintiffs/Counterdefendants, | **ORDER GRANTING SAMSUNG'S MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, et al., | |
| Defendants/Counterclaimants. | |

Defendants have filed a motion for leave to amend their answers and counterclaims. The motion is scheduled for hearing on May 20, 2009. Pursuant to Civil Local Rule 7-1(b), Court finds this matter appropriate for resolution without oral argument and VACATES the hearing.[1] For the reasons set forth below, the Court GRANTS defendants' motion.

**BACKGROUND**

Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC ("AMD") brought suit against defendants Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Samsung Techwin Co., Ltd.; and Samsung Opto-Electronics America, Inc. (collectively, "Samsung"), alleging infringement of seven AMD patents, including United States Patents Nos. 5,545,592 to Iacoponi ("Iacoponi") and 5,559,990 to Cheng ("Cheng"). In the instant motion, Samsung

---

[1] The hearing on defendants' motion for summary judgment remains on calendar as scheduled.

seeks leave to amend its pleadings and allege that the Cheng applicants engaged in inequitable conduct by failing to disclose U.S. Patent No. 5,285,421 to the Patent and Trademark Office ("PTO") and that the Iacoponi patent applicants engaged in inequitable conduct by failing to disclose prior art references.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a plaintiff may amend its complaint "once as a matter of course before being served with a responsive pleading," and "only with the opposing party's written consent or the court's leave" thereafter. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*; *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("We have stated that this policy is to be applied with extreme liberality.") (internal citation omitted). Rule 15 embodies a strong federal policy in favor of deciding cases on their merits. Thus, leave to amend is freely given unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Owens*, 244 F.3d at 712 ("In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'") (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

"[T]he nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). "The single most important factor is whether prejudice would result to the nonmovant." *Id.* (citing cases). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Id.* (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

## DISCUSSION

Three of the four factors the Court must consider in determining whether Samsung should be granted leave to amend its pleadings are not at issue here – AMD does not contend that Samsung is

2

acting in bad faith or that amendment would cause undue delay or unfair prejudice to AMD. Indeed, it would be difficult for AMD to make such arguments as this is Samsung's first request for leave to file amended pleadings, discovery is scheduled to continue for more than six months, and Samsung filed its request before the parties' stipulated deadline for doing so. *See* Docket No. 115. The only issue, then, is whether Samsung's proposed amendment would be futile.

Samsung argues that AMD improperly converts its opposition into a motion to dismiss. The Court agrees with Samsung that not all *Foman* factors are equal and that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility alone therefore might not be sufficient to bar Samsung from amending its pleadings. In the interest of completeness, however, the Court will consider AMD's argument that Samsung's proposed amendment would be futile.

"The general rule that parties are allowed to amend their pleadings does not apply to actions in which the amendment would be an exercise in futility, or in which the amended complaint would also be subject to dismissal." *In re Fritz Companies Sec. Lit.*, 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003). "The court can deny the motion to amend on the basis of futility either if the amended complaint would be dismissed under Rule 12(b)(6), *Soghomonian v. United States*, 82 F. Supp. 2d 1134, 1141 (E.D. Cal. 1999), or if plaintiff fails to plead with requisite specificity under Rule 9(b)." *Id.*[2] Under the doctrine of inequitable conduct, a patent is unenforceable if the patent applicant fails to disclose material information, or submits false material information, with an intent to deceive, while prosecuting a patent before the PTO. *See Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867 (Fed. Cir. 1988). "[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity." *Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *see also Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Solutions, P.C.,* 482 F.3d 1347, 1356 (Fed. Cir.

---

[2] Samsung argues that the "futility" a court considers on a motion for leave to amend is a different standard from that presented by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Samsung relies on *Miller v. Rykoff-Sexton, Inc.*, which held that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." 845 F.2d 209, 214 (9th Cir. 1988). The Court agrees with AMD that the Supreme Court rejected the "no set of facts" standard in *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 (2007).

3

2007). "To plead an inequitable conduct claim, a party must set forth the content of the alleged misrepresentation or omission and indicate why or how the alleged misrepresentation or omission is material." *Collaboration Props., Inc. v. Tandberg ASA*, 2007 WL 205065 *3 (N.D. Cal. Jan. 25, 2007).

**1.      The Iacoponi Patent**

Samsung seeks leave to add allegations that applicants for the Iacoponi patent engaged in inequitable conduct by withholding sixty-five prior art references from the PTO. The Iacoponi patent application was filed in February of 1995; the patent issued in August of 1996. In its proposed amended answer, Samsung alleges that in the mid-1990s, there was an annual conference in northern California, known as the VLSI Multi-Level Interconnect ("VMIC") conference, that covered semiconductor interconnect technology. *See* Samsung Mot., Appendix A ("Answer") ¶ 79. This field includes the formation of contacts in semiconductor devices, which is the subject of Iacoponi. *Id.* ¶ 81. The inventor of Iacoponi, John Iacoponi, attended several VMIC conferences from 1993 to 1996. *Id.* ¶ 80. Participants at each conference received books containing more than a hundred technical abstracts relating to semiconductor interconnect technology. *Id.* ¶ 81. Samsung alleges that Mr. Iacoponi's practice was to retain the technical abstracts for at least a year. *Id.*

Sixty-four of the references that Samsung seeks to add are technical abstracts that were distributed at the VMIC conference. *See id.* ¶ 83. According to Samsung, they disclose "processes for forming nitrided contacts in semiconductor devices, including processes utilizing nitrogen ionized in a plasma." *Id.* Samsung contends that the technical abstracts are therefore "highly material" to the patentability of the claims of the Iacoponi patent. *Id.* The last reference Samsung seeks to add is a paper that Mr. Iacoponi co-authored and presented at the 1993 VMIC conference, entitled "Single Chamber Implementation of a Coherent Ti/TiN Process for Sub-Half Micron Technologies." Samsung contends that the paper addresses the "use of titanium and titanium nitride to form contacts in semiconductor devices" and was therefore "highly material" to the patentability of the claims of the Iacoponi patent. *Id.* ¶ 86. Mr. Iacoponi did not disclose his paper or the sixty-four technical abstracts to the patent examiner during prosecution of the Iacoponi patent. *Id.*

AMD contends that Samsung's theory of inequitable conduct fails as a matter of law for two

4

reasons. First, AMD argues that although Samsung had a full day to depose Mr. Iacoponi, it asked him about only three of the technical abstracts and thus has no factual support for its inequitable conduct allegations for the other references. The Court disagrees with AMD's contention that Samsung must put forward evidence in support of its allegations. While the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . [or] allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," it must otherwise accept allegations of material fact "as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Samsung has alleged that the references were material and that Mr. Iacoponi knew of them (either because he received them at the VMIC conference or was the co-author), but did not disclose them to the PTO. The Court must accept as true Samsung's allegation that Mr. Iacoponi had knowledge of these references; Samsung is not yet required to put forward evidence in support of this allegation.

Second, AMD contends that Samsung mischaracterizes the record on the three references about which it did question Mr. Iacoponi. Specifically, AMD contends that the deposition testimony reveals that Mr. Iacoponi testified that he was not familiar with these materials. The issue of what Mr. Iacoponi knew during the patent prosecution is a question of fact that cannot be resolved on a motion for leave to amend.

AMD also argues that Samsung has failed to plead inequitable conduct with sufficient particularity because it has not specified how the references were material. As noted above, Samsung alleges that the references are material because they reveal "processes for forming nitrided contacts in semiconductor devices, including processes utilizing nitrogen ionized in a plasma." Answer ¶ 83. Claim 1 of Iacoponi discloses "[a] method for forming a contact to a semiconductor body, said method comprising . . . exposing said metal silicide layer to nitrogen ionized in a plasma, thereby converting a portion of said silicide layer to a first metal nitride layer . . . ." Samsung's allegation that the prior art referenced the method claimed in Iacoponi is sufficient to support its claim that the references were material. Requiring it to provide allegations about each of the dozens of abstracts cited in its answer would conflict with the requirement that pleadings be "simple, concise, and direct." Fed. R. Civ. Pro. 8(d)(1).

Finally, AMD argues that Samsung has failed to properly allege intent to deceive the PTO. Samsung alleges that an inference of an intent to deceive the PTO is warranted in light of:

> (a) the high level of materiality of the materials presented at the 1993 to 1996 VMIC conferences . . . (b) the fact that the VMIC conference was well-known to those working in the field of semiconductor interconnect technology; and/or (c) the large volume of highly material information distributed at the VMIC conferences between June of 1993 and June of 1996; and/or (d) the high level of materiality of the Iacoponi paper and the fact that this paper was co-authored by the inventor himself.

Answer ¶ 88. While "intentionally failing to cite prior art to the PTO . . . is not necessarily tantamount to doing those same intentional acts with an intent to deceive the PTO," *Xilinx, Inc. v. Altera Corp.*, 1994 WL 782236 *3 (N.D. Cal. Feb. 8, 1994), Samsung has alleged that the inventor withheld dozens of materials that disclosed the method claimed in the patent and that he had either authored or received the materials at a conference. It is possible that at a later stage in this proceeding, Samsung could establish that these facts warrant an inference of intent to deceive.

Accordingly, the Court finds that Samsung has sufficiently alleged that Mr. Iacoponi engaged in inequitable conduct in the prosecution of the Iacoponi patent.

**2.    The Cheng Patent**

Samsung alleges that during the prosecution of Cheng, attorney Michael Shenker of the prosecuting law firm engaged in inequitable conduct by failing to disclose U.S. Patent No. 5,285,421 ("the '421 patent") to the PTO. Answer ¶ 64. According to Samsung, the '421 patent discloses each limitation of the claims in Cheng and has an earlier priority date than Cheng. *Id.* ¶ 66. The '421 patent claims priority to patent application 07/557,899 ("the '899 application"). *Id.* During the prosecution of Cheng, Mr. Shenker allegedly submitted a form to the PTO that disclosed applications for two patents owned by AMD, including the '899 application. *Id.* ¶ 69. The second application was for 07/558,033 ("the '033 application"). *Id.* The PTO informed Mr. Shenker that the patent applications could not be considered as submitted, but could be referenced in the "background of the invention" portion of the disclosure statement. *Id.* ¶ 70. While the prosecution of Cheng was ongoing, an application that was a continuation of the '899 application issued as the '421 patent, *id.* ¶ 71, and the '033 application issued as U.S. Patent No. 5,280,594 ("the '594 patent"), *id.* ¶ 72. Mr. Shenker subsequently disclosed the '594

patent to the PTO but did not disclose the '421 patent. *Id.* ¶ 73.

AMD argues that Samsung's allegations of inequitable conduct fail as a matter of law because the Cheng applicants fulfilled their disclosure obligations. According to AMD, the '899 application was properly disclosed to the PTO and is substantively identical to the '421 patent – the only difference is that the '421 patent adds two figures and a description of those figures. AMD contends that these amendments are immaterial and that disclosure of the '421 patent was not required as it would have been cumulative of the '899 application.

Without reaching the question of whether AMD fulfilled its disclosure obligation by referencing the '899 application in the "background of the invention" portion of the disclosure statement, AMD's opposition raises a factual question: whether the differences between the '899 application and the '421 patent are material. As this is a factual dispute, the Court cannot find the amendments immaterial as a matter of law at this stage in the litigation.

AMD also argues that Samsung's proposed amendment fails because it does not allege scienter with sufficient particularity. Samsung alleges that Mr. Shenker knew that the reference in the '899 patent application was material and that the PTO had not considered it, and that even though he subsequently resubmitted the '033 application (through the '594 patent), he failed to disclose the '421 patent. The Court agrees with Samsung that based on these allegations, it may eventually be able to show that an inference of intent to deceive is warranted. Samsung has therefore alleged intent to deceive the PTO with sufficient particularity.

In sum, while AMD may ultimately show that there are legal or evidentiary shortcomings in Samsung's proposed amendments, the amendments are not, on their face, futile. Furthermore, AMD has not argued that amendment at this stage will prejudice it. The Court therefore must grant Samsung leave to amend its answer and counterclaims. *See Senza-Gel*, 803 F.2d at 666 ("Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.") (citation omitted).

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to amend its answer and counterclaims.

**IT IS SO ORDERED.**

Dated: May 18, 2009

SUSAN ILLSTON
United States District Judge