1   William H. Manning (*pro hac vice*)
    E-mail: WHManning@rkmc.com
2   Brad P. Engdahl (*pro hac vice*)
    E-mail: BPEngdahl@rkmc.com
3   Andrew M. Kepper (*pro hac vice*)
    Email: AMKepper@rkmc.com
4   **Robins, Kaplan, Miller & Ciresi L.L.P.**
    2800 LaSalle Plaza
5   800 LaSalle Avenue
    Minneapolis, MN 55402
6   Telephone: 612-349-8500
    Facsimile:  612-339-4181
7
    John P. Bovich (SBN 150688)
8   E-mail: JBovich@reedsmith.com
    **Reed Smith LLP**
9   101 Second Street, Suite 1800
    San Francisco, CA 94105
10  Telephone: 415-543-8700

11  Attorneys for Plaintiffs Advanced Micro
    Devices, Inc. and ATI Technologies, ULC
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16

17  ADVANCED MICRO DEVICES, INC.,        Case No.  CV-08-0986-SI
    et al.,
18                                        **AMD'S NOTICE OF MOTION AND**
              Plaintiffs,                 **MOTION FOR JUDGMENT ON THE**
19                                        **PLEADINGS OF NO INEQUITABLE**
         v.                               **CONDUCT RELATING TO U.S.**
20                                        **PATENT NO. 5,545,592;**
    SAMSUNG ELECTRONICS CO., LTD.,        **MEMORANDUM OF POINTS AND**
    et al.,                               **AUTHORITIES IN SUPPORT**
21                                        **THEREOF**
              Defendants.
22                                        **[PROPOSED] ORDER [FILED**
                                          **CONCURRENTLY HEREWITH]**
23
                                          Date: February 5, 2010
24                                        Time: 9:00 a.m.
                                          Location: 19th Floor, Courtroom 10
25                                        Judge: Hon. Susan Y. Illston

26

27

28

Case. No.  CV-08-0986-SI

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION...............................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.................................................2

I.      Introduction ..............................................................................................................2

II.     Relevant Facts And Procedural History ...............................................................3

III.    Applicable Law .........................................................................................................4

        A.      Judgment On The Pleadings Standard ................................................4

        B.      The Requirements For Properly Pleading Inequitable Conduct ..................5

IV.     Samsung's Inequitable Conduct Allegations For The Iacoponi '592 Patent
        Fail To State A Claim Under *Exergen*, Rule 9(B) And Rule 12(C).........................6

        A.      Samsung Fails To Satisfy The Materiality Prong Of The Inequitable
                Conduct Test...........................................................................................7

                1.      Samsung fails to identify what Iacoponi '592 patent claims,
                        and what limitations in those claims, are impacted by its
                        inequitable conduct allegations. ....................................................7

                2.      Samsung fails to identify where in its alleged inequitable
                        conduct references the material information is found...................8

                3.      Samsung fails to specify why the sixty-four alleged
                        inequitable conduct references are non-cumulative and how an
                        examiner would have used the non-cumulative information in
                        assessing the patentability of the Iacoponi '592 patent claims. .........8

        B.      Samsung Fails To Satisfy The Intent Prong Of The Inequitable
                Conduct Test...........................................................................................9

                1.      Samsung fails to properly allege that John Iacoponi was aware
                        of the allegedly material information in the alleged inequitable
                        conduct references. .......................................................................10

                2.      Samsung fails to allege facts from which a court may
                        reasonably infer intent to deceive. ..............................................10

CONCLUSION .........................................................................................................12

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) ........................................................................................ 9

5

*Chang v. Wells Fargo & Co.,*
  2009 WL 2524406 (N.D. Cal. 2009) ................................................................ 4

6

7

*Exergen Corp. v. Wal-Mart Stores, Inc.,*
  575 F.3d 1312 (Fed. Cir. 2009) ................................... 1, 2, 4, 5, 6, 7, 8, 9, 10, 12

8

*Praxair, Inc. v. ATMI, Inc.,*
  543 F.3d 1306 (Fed. Cir. 2008) ........................................................................ 11

9

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) .......................................................................... 4

10

11

**Rules**

12

Fed. R. Civ. P. 12 ................................................................................................... 4

13

Fed. R. Civ. P. 9 ..................................................................................................... 4

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1

**NOTICE OF MOTION AND MOTION**

TO SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; and SAMSUNG DIGITAL IMAGING CO., LTD. (collectively referred to as "Samsung" or "Defendants"), AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 5, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Illston, United States Court House, San Francisco, California, Plaintiffs ADVANCED MICRO DEVICES, INC. and ATI TECHNOLOGIES, ULC (collectively "AMD") will move and hereby do move pursuant to Federal Rules of Civil Procedure 9(b) and 12(c) for an order granting judgment on the pleadings as to the inequitable conduct defenses and claims asserted by Samsung (Dkt. #236, ¶¶77-89, 158-171; Dkt. ##237-241, ¶¶77-89, 123-136 and; Dkt. #242, ¶¶77-89, 122-135) against U.S. Patent No. 5,545,592 ("Iacoponi '592 patent"). This motion is brought on the grounds that Samsung has failed to plead its inequitable conduct allegations as to the Iacoponi '592 patent with sufficient particularity to state a claim for relief. Alternatively, the Court may choose to resolve this issue pursuant to N.D. Cal. Civil Local Rule 7.9 through reconsideration of its previous Order (Dkt. #234) allowing Samsung's Motion for Leave to Amend to assert inequitable conduct claims and defenses due to "a change of law occurring after the time of such order" in light of *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers and pleadings on file in this action, and such other and further evidence as may subsequently be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

In light of the "heightened pleading requirement" set forth in the Federal Circuit's recent decision in *Exergen Corp. v. Wal-Mart Stores, Inc.*,  575 F.3d 1312, 1316 (Fed. Cir. 2009), judgment on the pleadings is warranted on Samsung's claims and defenses that John Iacoponi, the inventor of U.S. Patent No. 5,545,592 ("the Iacoponi '592 patent") engaged in inequitable conduct by withholding sixty-four references ("Alleged Inequitable Conduct References") from the U.S. Patent and Trademark Office ("PTO"). Samsung has failed to comply with the requirements for pleading inequitable conduct stated in *Exergen*.  Specifically, Samsung failed to properly plead each of the following:

1.   The specific Iacoponi '592 patent claims and limitations in those claims to which the sixty-four Alleged Inequitable Conduct References are relevant;

2.   The location in each of the Alleged Inequitable Conduct References of the allegedly material information withheld from the PTO;

3.   The claim limitations or combination of claim limitations from the Iacoponi '592 patent that are disclosed in the Alleged Inequitable Conduct References, but are missing from the Iacoponi '592 patent art of record.

These deficiencies are individually fatal to Samsung's allegations of inequitable conduct.  Aside from these deficiencies, Samsung's pleading fails to give rise to a reasonable inference that Mr. Iacoponi was aware of the alleged material information contained in the Alleged Inequitable Conduct References, and fails to provide the underlying facts from which a court could reasonably infer that John Iacoponi acted with specific intent to deceive the PTO.

Pleading the above information is required.  *Exergen*, 575 F.3d at 1328-30.  Without such pleading requirements, inequitable conduct would become "'a magic incantation to be asserted against every patentee' and its 'allegation established upon a

mere showing that art or information having some degree of materiality was not disclosed.'" *Id*. at 1331 (citation omitted). Samsung has failed in its First Amended Answer and Counterclaims to plead its inequitable conduct allegations with sufficient particularity to state a claim upon which relief can be granted and its claims and defenses (Dkt. #236, ¶¶77-89, 158-171; Dkt. ##237-241, ¶¶77-89, 123-136 and; Dkt. #242, ¶¶77-89, 122-135) should be dismissed.

## II.    Relevant Facts And Procedural History

On March 11, 2009, Samsung filed a Motion for Leave To Amend Answers and Counterclaims to allege that the inventor of the '592 patent, John Iacoponi, engaged in inequitable conduct by withholding from the PTO during prosecution sixty-four references distributed at conferences. (Dkt. #120 at 5-6). AMD opposed Samsung's Motion for Leave to Amend as futile because Samsung failed to state a claim upon which relief can be granted and failed to plead inequitable conduct with particularity. (Dkt. #201). AMD argued that Samsung had failed to plead inequitable conduct with sufficient particularity because Samsung did not specify how each of its Alleged Inequitable Conduct References was material and non-cumulative, failed to properly allege actual knowledge of the sixty-four conference papers, and failed to properly allege how an inference of intent to deceive was warranted. (*Id*. at 10-13).

The Court granted Samsung's Motion for Leave to Amend. (Dkt. #234). As to AMD's arguments, the Court determined that Samsung's explanation of the materiality of its sixty-four Alleged Inequitable Conduct References was sufficient because "[r]equiring it to provide allegations about each of the dozens of abstracts cited in its answer would conflict with the requirement that pleadings be 'simple, concise, and direct.' Fed. R. Civ. P. 8(d)(1)." (*Id*.). The Court also found that Samsung's allegations of intent to deceive were sufficient because "[i]t is possible that at a later stage in this proceeding, Samsung could establish that these facts warrant an inference of intent to deceive." (*Id*. at 6). Upon the Court's Order, Samsung filed its First Amended Answer and Counterclaims. (Dkt. ##236-242). AMD replied to Samsung's First Amended Answer and Counterclaims.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

(Dkt. ##244-246).   AMD now files its Motion for Judgment on the Pleadings of No Inequitable Conduct as to U.S. Patent No. 5,559,990 pursuant to Fed. R. Civ. P. 12(c) and 9(b).   In the alternative, the Court may choose to resolve this issue pursuant to N.D. Cal. Civil Local Rule 7.9 through reconsideration of its previous Order (Dkt. #234) allowing Samsung's Motion for Leave to Amend to assert inequitable conduct claims and defenses due to "a change of law occurring after the time of such order" in light of *Exergen*, 575 F.3d 1312.

## III.   <u>Applicable Law</u>

### A.   Judgment On The Pleadings Standard

This is a motion for judgment on the pleadings for failure to state a claim.   A defense of failure to state a claim upon which relief may be granted, typically raised pursuant to Rule 12(b)(6), can be made after an answer has been filed by moving for judgment on the pleadings pursuant to Rule 12(c).   Fed. R. Civ. P. 12(h)(2).   "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion."   *Chang v. Wells Fargo & Co.*, 2009 WL 2524406, at *4 (N.D. Cal. 2009).   Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.   *Id.*

Of course, a non-moving party's allegations must be sufficiently pled before they can be taken as true.   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To state a claim upon which relief can be granted, the party alleging inequitable conduct must satisfy Fed. R. Civ. P. 9(b) , which states that all allegations of fraud shall be stated with particularity.   *Exergen*, 575 F.3d at 1326. ("'[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b).") (citation omitted). Insufficiently pled allegations of fraud contained in a pleading or claim should be disregarded.   *Vess*, 317 F.3d at 1105.   The court should then examine the allegations that remain to determine whether they state a claim for relief.   *Id.*   "If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   fraud, there is effectively nothing left of the complaint" and dismissal for failure to state a

2   claim is warranted.  *Id*. at 1107.

3   **B.     The Requirements For Properly Pleading Inequitable Conduct**

4           After this Court's Order of May 18th granting Samsung leave to amend, the

5   Federal Circuit on August 4th clarified what is required to plead a claim of inequitable

6   conduct with the particularity required by Rule 9(b).  *Exergen*, 575 F.3d 1312.  *Exergen*

7   held that it is now necessary to "identify the specific who, what, when, where, and how of

8   the material misrepresentation or omission committed before the PTO" when pleading

9   inequitable conduct.  *Id*. at 1328.  Thus, according to *Exergen*, at the pleading stage, a

10  properly pled inequitable conduct claim must identify:

11      1.    *What* claims and claim limitations from the patent-in-suit each of the

12            withheld references are relevant to; and

13      2.    *Where* is the allegedly material information that was withheld from

14            the PTO located in each of the withheld references; and

15      3.    The claim limitations, or combination of claim limitations from the

16            patent-in-suit, that are disclosed in the withheld references, but are

17            missing from the art of record for the patent-in-suit.   Such

18            allegations are necessary to explain both "*why*" the withheld

19            information is material and not cumulative, and "*how*" an examiner

20            would have used this information in assessing the patentability of the

21            claims.

22  *Id*. at 1328-30.

23          *Exergen* also required that, to plead the intent prong of inequitable conduct with

24  sufficient particularity, the facts alleged must give rise to a reasonable inference of

25  scienter.  *Id*. at 1330.  The pleading must include "underlying facts from which a court

26  may reasonably infer that a specific individual (1) knew of the withheld material

27  information or of the falsity of the material misrepresentation, and (2) withheld or

28  misrepresented this information with a specific intent to deceive the PTO."  *Id*. at 1328-

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   29.

2   **IV.    Samsung's Inequitable Conduct Allegations For The Iacoponi '592 Patent Fail**

3           **To State A Claim Under _Exergen_, Rule 9(B) And Rule 12(C).**

4           Under the _Exergen_ standard, Samsung's inequitable conduct pleading relating to

5   the Iacoponi '592 patent is plainly deficient.   Samsung fails to satisfy the materiality

6   prong of the _Exergen_ inequitable conduct pleading test because it fails to specify:

7           (1) what claims and claim limitations of the Iacoponi '592 patent are

8           impacted by its allegations;

9           (2) where the allegedly material information is located within each of its

10          Alleged Inequitable Conduct References; and

11          (3) the claim limitations, or combination of claim limitations, from the

12          Iacoponi '592 patent that are disclosed in the Alleged Inequitable Conduct

13          References, but are missing from the prior art of record for the Iacoponi

14          '592 patent (the _why_ and _how_ of the materiality inquiry).

15  (_See_ Dkt. #236, ¶¶77-89, 158-171; Dkt. ##237-241, ¶¶77-89, 123-136 and; Dkt. #242,

16  ¶¶77-89, 122-135) (Samsung's inequitable conduct claims and defenses for the Iacoponi

17  '592 patent).

18          As to the intent prong of the inequitable conduct test, Samsung fails to provide the

19  underlying facts from which a court may reasonably infer:

20          (1) that John Iacoponi knew of the withheld material information contained

21          in each of Samsung's Alleged Inequitable Conduct References; and

22          (2) that he withheld this information with a specific intent to deceive the

23          PTO.

24  (_Id_.).   In light of _Exergen_, Samsung has insufficiently pled its inequitable conduct

25  allegations and therefore has failed to state a claim for inequitable conduct.  Dismissal is

26  required.

27

28

AMD'S MOTION FOR JUDGMENT ON THE
PLEADINGS OF NO INEQUITABLE CONDUCT
RELATING TO U.S. PATENT 5,545,592

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

A.     **Samsung Fails To Satisfy The Materiality Prong Of The Inequitable Conduct Test.**

1.     **Samsung fails to identify what Iacoponi '592 patent claims, and what limitations in those claims, are impacted by its inequitable conduct allegations.**

To properly plead a claim of inequitable conduct, a defendant must specify what claims and claim limitations of the patent-in-suit are impacted by its allegations of inequitable conduct.   In *Exergen*, the defendant's proposed pleading stated that an inequitable conduct reference "was material to the patentability . . . because it discloses a technique of scanning a radiation detector across a target to measure the maximum emitted radiation, and it is not cumulative to the information already of record ."   *Exergen*, 575 F.3d at 1325.   A similar allegation was also made using a second inequitable conduct reference.   *Id*.   ("The '998 patent was material to the patentability of the '685 patent because it discloses a technique of swiping a radiation detector across a target, and it is not cumulative to the information already of record in the prosecution history of the '685 patent.").   *Id*.   *Exergen* found both allegations to be deficient because the pleading "fails to identify which claims, and which limitations in those claims, the withheld references are relevant to."   *Id*. at 1329.

Samsung's pleading is strikingly similar to the pleading rejected in *Exergen*.   Samsung fails to identify the claims and claim limitations in the Iacoponi '592 patent that are impacted by its Alleged Inequitable Conduct References.   Samsung merely alleges that "[n]umerous of the over one hundred technical abstracts distributed at each of the VMIC conferences between and including June of 1993 to June of 1996 were highly material to the patentability of the claims of the '592 patent in that they disclosed processes for forming nitrided contacts in semiconductor devices, including processes utilizing nitrogen ionized in a plasma." (*See*, *e.g.*, Dkt. #236, ¶83).   This information, without any mention of the relevant claims or claim limitations, does not provide sufficient particularity to state a claim for relief under *Exergen*.   *See* 575 F.3d at 1329.

1

2

     **2.**     **Samsung fails to identify where in its alleged inequitable conduct references the material information is found.**

3

     Under *Exergen*, a party asserting inequitable conduct cannot simply rely on a

4 general statement that a reference is material. The defendant in *Exergen* pled generally

5 that its inequitable conduct references, as a whole, were "material to the patentability of

6 the '685 patent" without identifying the specific portions of the inequitable conduct

7 references that were material. *Id*. at 1326. *Exergen* found that the defendant's statement

8 of materiality was not sufficiently particular to state a claim for inequitable conduct

9 because it fails "to identify . . . where in those references the material information is

10 found." *Exergen*, 575 F.3d at 1329. A defendant must identify the specific portions of the

11 allegedly withheld references that it claims are material. *Id*.

12

     Like the defendant's pleading in *Exergen*, Samsung has failed to identify where the

13 material information is located in its Alleged Inequitable Conduct References. Samsung's

14 pleading brusquely describes its sixty-four Alleged Inequitable Conduct References as

15 being "highly material" to the Iacoponi '592 patent, but fails to identify the specific

16 portions of those references it alleges are material. (*See, e.g.*, Dkt. #236, ¶83). This type

17 of pleading falls short of the *Exergen* standard and fails to state a proper claim of

18 inequitable conduct.

19

20

21

22

     **3.**     **Samsung fails to specify why the sixty-four Alleged Inequitable Conduct References are non-cumulative and how an examiner would have used the non-cumulative information in assessing the patentability of the Iacoponi '592 patent claims.**

23

     A defendant's inequitable conduct pleading must also allege facts that plausibly

24 suggest that its inequitable conduct references are non-cumulative. *Exergen* requires that

25 an inequitable conduct pleading must identify the claim limitations or combination of

26 claim limitations that are disclosed in the allegedly withheld references, but are missing

27 from the art of record. *Exergen*, 575 F.3d at 1329 (stating that the pleading fails to

28 "identify the particular claim limitations, or combination of claim limitations, that are

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   supposedly absent from the information of record"). This information is required to

2   "explain both 'why' the withheld information is material and not cumulative, and 'how'

3   an examiner would have used this information in assessing the patentability of the

4   claims." *Id.* at 1329-30. *Exergen* held that the defendant's pleading was deficient

5   because it only stated that its inequitable conduct references were "not cumulative to the

6   information already of record." *Id.* at 1329.

7        Samsung's pleading contains even less particularity than the defendant's pleading

8   rejected in *Exergen*. Where the defendant in *Exergen* at least made the allegation that its

9   inequitable conduct references were not cumulative, Samsung fails to make such an

10  allegation. Samsung's pleading merely states in a conclusory manner that its sixty-four

11  Alleged Inequitable Conduct References are "highly material" to the Iacoponi '592 patent.

12  (*See, e.g.*, Dkt. #236, ¶83). Samsung's pleading does not identify the material information

13  contained in any of its Alleged Inequitable Conduct References that is absent from the

14  prior art of record for the Iacoponi '592 patent. (*Id.*). Samsung also provides no

15  explanation as to why the Alleged Inequitable Conduct References are not cumulative and

16  how an examiner would have used those references. (*Id.*). This information is required at

17  the pleading stage by *Exergen*. 575 F.3d at 1328-29.

18        **B.    Samsung Fails To Satisfy The Intent Prong Of The Inequitable Conduct**

19             **Test.**

20        Samsung's allegations fail to include "underlying facts from which a court may

21  reasonably infer that a specific individual (1) knew of the withheld material information

22  or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this

23  information with a specific intent to deceive the PTO" as is required by *Exergen*. *Id.*[1]

24

25

26  [1] "Although 'knowledge' and 'intent' may be averred generally" under Rule 9(b), *Exergen*
    "requires that the pleadings allege sufficient underlying facts from which a court may
27  reasonably infer that a party acted with the requisite state of mind." 575 F.3d at 1327; *see
    also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

28

AMD'S MOTION FOR JUDGMENT ON THE
PLEADINGS OF NO INEQUITABLE CONDUCT
RELATING TO U.S. PATENT 5,545,592

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

MINNEAPOLIS

1. **Samsung fails to properly allege that John Iacoponi was aware of the allegedly material information in the alleged inequitable conduct references.**

Samsung fails to provide underlying facts upon which a court could reasonably infer that John Iacoponi was aware of the allegedly withheld material information contained in Samsung's Alleged Inequitable Conduct References. According to *Exergen*, "one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference." *Exergen*, 575 F.3d at 1330 (emphasis in original). Samsung merely alleges that Mr. Iacoponi was aware that the sixty-four references existed. (Dkt. # 236, ¶84) ("Mr. Iacoponi was aware of and retained copies of the VMIC materials distributed at the VMIC conferences he attended."). Samsung has not alleged that Mr. Iacoponi was aware of any specific material *information* contained in any of the sixty-four references.[2] Accordingly, as in *Exergen*, Samsung's pleading "does not allege facts that would support a reasonable inference that a relevant individual knew of the allegedly material information" contained in Samsung's references. *Exergen*, 575 F.3d at 1330.

2. **Samsung fails to allege facts from which a court may reasonably infer intent to deceive.**

To properly plead inequitable conduct in light of *Exergen*, Samsung must properly allege materiality and must also provide "underlying facts from which a court may reasonably infer that" John Iacoponi withheld information "with a specific intent to deceive the PTO." *Id.* at 1328-29. Samsung failed to plead the underlying facts from which an inference of deceptive intent can be made. Indeed, Samsung compounds its

---

[2] Nor can Samsung in good faith allege that John Iacoponi was aware of the allegedly material information contained in each of its sixty-four references. John Iacoponi's deposition testimony makes clear that he has never read the references. He testified that his practice was simply to put these materials "on a shelf, and if I was not forced to consolidate office space or clean up shelf space, leave them there." (Iacoponi Depo. Tr. at 33:14-34:2 and 35:13-16).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

failure to sufficiently plead the materiality of its sixty-four references by improperly relying on this missing materiality as support for a finding of intent.  Samsung's deceptive intent allegations read as follows:

> Upon information and belief, Mr. Iacoponi withheld the materials distributed at the VMIC conferences held between and including June of 1993 to June of 1996, including the references listed in paragraph 83 and the Iacoponi paper, from the USPTO with an intent to deceive the USPTO.  Moreover, an inference of an intent to deceive the USPTO is warranted, in light of: (a) *the high level of materiality* of the materials presented at the 1993 to 1996 VMIC conferences, including the references listed in paragraph 83; and/or (b) the fact that the VMIC conference was well-known to those working in the field of semiconductor interconnect technology; and/or (c) *the large volume of highly material information* distributed at the VMIC conferences between June of 1993 and June of 1996; and/or (d) *the high level of materiality of the Iacoponi paper* and the fact that this paper was co-authored by the inventor himself.

(Dkt. #236, ¶88) (emphasis added).  Three of the four allegations offered to establish deceptive intent relate solely to the supposed materiality of Samsung's Alleged Inequitable Conduct References.  (*Id.*).  Samsung's allegation is insufficient.  An inference of deceptive intent cannot be based merely on an allegation of materiality.  "The required showings of materiality and intent are separate, and a showing of materiality alone does not give rise to a presumption of intent to deceive."  *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1313 (Fed. Cir. 2008).  Thus, even if Samsung had properly pled materiality, Samsung cannot rely solely on materiality to establish intent.

The only cognizable facts apart from materiality that are alleged by Samsung are "the fact that the VMIC conference was well-known to those working in the field of

1   semiconductor interconnect technology" and that John Iacoponi "co-authored" a paper of
2   unspecified materiality.  (Dkt. #236, ¶88).  Neither of these facts can support an inference
3   of deceptive intent because neither has anything to do with John Iacoponi's state of mind.
4   Put another way, even if Samsung establishes as fact that the VMIC conference is well
5   known in the industry, it does not tend to show that John Iacoponi acted with specific
6   intent to deceive the Patent and Trademark Office.

7      Samsung's pleading fails to meet a threshold level of deceptive intent required to
8   support an allegation of inequitable conduct.  *Exergen*, 575 F.3d at 1331.  Samsung's
9   generic assertion of sixty-four references of unknown materiality, unspecified portions of
10  which allegedly apply to unspecified claims and claim limitations for unspecified reasons
11  is precisely the "magic incantation to be asserted against every patentee . . . " rejected by
12  *Exergen*.  *Id*.

13                              **CONCLUSION**

14     Because Samsung has failed to plead inequitable conduct for the Iacoponi '592
15  patent with the particularity required to state a claim for relief under Rules 9(b) and 12(c),
16  AMD respectfully requests judgment on the pleadings in its favor and dismissal of
17  Samsung's inequitable conduct allegations relating to the Iacoponi '592 patent (Dkt. #236,
18  ¶¶77-89, 158-171; Dkt. ##237-241, ¶¶77-89, 123-136 and; Dkt. #242, ¶¶77-89, 122-135).

19
20
21
22
23
24
25
26
27
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Case No. CV-08-0986-SI            - 12 -         AMD'S MOTION FOR JUDGMENT ON THE
                                                 PLEADINGS OF NO INEQUITABLE CONDUCT
                                                 RELATING TO U.S. PATENT 5,545,592

1   DATED:  December 7, 2009          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

2

3                                    By: _William H. Manning_____

4                                        William H. Manning
                                         Brad P. Engdahl
5                                        Andrew M. Kepper

6                                    2800 LaSalle Plaza
                                     800 LaSalle Avenue
7                                    Minneapolis, MN  55402-2015
                                     612-349-8500
8
                                     **ATTORNEYS FOR PLAINTIFFS**
9                                    **ADVANCED MICRO DEVICES, INC. AND**
                                     **ATI TECHNOLOGIES, ULC**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

AMD'S MOTION FOR JUDGMENT ON THE
PLEADINGS OF NO INEQUITABLE CONDUCT
RELATING TO U.S. PATENT 5,545,592

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS