| | |
|---|---|
| William H. Manning (*pro hac vice*)<br>E-mail: WHManning@rkmc.com<br>Brad P. Engdahl (*pro hac vice*)<br>E-mail: BPEngdahl@rkmc.com<br>Samuel L. Walling (*pro hac vice*)<br>E-mail: SLWalling@rkmc.com<br>**Robins, Kaplan, Miller & Ciresi L.L.P.**<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Telephone: 612-349-8500<br>Facsimile: 612-339-4181<br><br>John P. Bovich (Bar No. 150688)<br>E-mail: JBovich@reedsmith.com<br>**Reed Smith LLP**<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Telephone: 415-543-8700<br><br>Attorneys for Plaintiffs and<br>Counterdefendants Advanced Micro<br>Devices, Inc., et al. | Robert T. Haslam (Bar No. 71134)<br>E-mail: RHaslam@cov.com<br>**Covington & Burling LLP**<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: 650-632-4700<br>Facsimile: 650-632-4800<br><br>Christine Saunders Haskett (Bar No. 188053)<br>E-mail: CHaskett@cov.com<br>**Covington & Burling LLP**<br>One Front Street<br>San Francisco, CA 94111<br>Telephone: 415-591-6000<br>Facsimile: 415-591-6091<br><br>Alan H. Blankenheimer (Bar. No. 218713)<br>E-mail: ABlankenheimer@cov.com<br>**Covington & Burling LLP**<br>9191 Towne Centre Drive, 6th Floor<br>San Diego, CA 92122<br>Telephone: 858-678-1801<br>Facsimile: 858-678-1601<br><br>Attorneys for Defendants and<br>Counterclaimants Samsung Electronics Co., Ltd., et al. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants. | Case. No. CV-08-0986-SI<br><br>**STIPULATION REGARDING EXEMPLAR PRODUCTS FOR THE PURPOSES OF PROVING INFRINGEMENT / NON-INFRINGEMENT**<br><br>**[Civil L.R. 7-12]** |

Case No. CV-08-0986-SI             STIPULATION RE: EXEMPLAR PRODUCTS

1    Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD"),
2  and Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin
3  Semiconductor, LLC; Samsung Electronics America, Inc.; Samsung Telecommunications
4  America, LLP; and Samsung Digital Imaging Co., Ltd. (collectively "Samsung") jointly
5  submit this Stipulation regarding exemplar products.

6    This Stipulation shall apply only to this case, captioned *Advanced Micro Devices,*
7  *Inc., et al. v. Samsung Electronics Co., Ltd., et al.,* Case No. CV-08-0986-SI.  This
8  Stipulation shall not raise any presumption of infringement or non-infringement by any
9  product in this or any other case or other circumstances.

10   This Stipulation is intended to identify exemplar products for the purpose of
11  proving whether the Accused Instrumentalities identified by AMD and Samsung in their
12  respective Patent Local Rule 3-1 disclosures infringe the patent claims asserted in this
13  matter.

14   This Stipulation is not subject to, or in any way constrained by, the Stipulation
15  Regarding Exemplar Products for Discovery [Dkt. #89], filed earlier in this case.

16   Pursuant to Civil Local Rule 7-12, IT IS HEREBY STIPULATED AND
17  AGREED, by and between AMD and Samsung that:

18  **I.    PURPOSE.**
19   This Stipulation shall apply only to the following undertakings:
20    A.    Proving infringement of the patents asserted in this matter; and
21    B.    Proving non-infringement of the patents asserted in this matter.
22  **II.   OPERATION AND EFFECT.**
23   This Stipulation shall establish exemplar groups for certain asserted patents,
24  subject to the reservation of rights in Sections XIV-XVI  hereof.  Each exemplar group
25  shall be made up of Accused Instrumentalities identified pursuant to Patent L.R. 3-1, and
26  shall be represented by one exemplar as detailed in the attached exhibits.  That the
27  exhibits list accused products at the device level shall not be construed to be a waiver of
28  any claims properly made in the parties' respective Local Rule 3-1 Preliminary

Case No. CV-08-0986-SI            - 2 -              STIPULATION RE:
                                                  EXEMPLAR PRODUCTS

Infringement Contentions as to more fully integrated products such as consumer products that incorporate the listed accused devices.

The parties' burden to prove infringement or non-infringement shall extend only to the exemplar products. To prove that all Accused Instrumentalities in an exemplar group infringe a given claim, the asserting party need only prove that the exemplar product for that group infringes the claim. Thus, a determination by the Court or the jury that an exemplar product infringes an asserted claim shall result in a determination that all Accused Instrumentalities in the corresponding exemplar group also infringe that claim.

To prove that none of the Accused Instrumentalities in an exemplar group infringe a given claim, the defending party need only prove that the exemplar product for that group does not infringe the claim. Thus, a determination by the Court or the jury that the exemplar product does not infringe an asserted claim results in a determination that none of the Accused Instrumentalities in the respective exemplar group infringe that claim.

**III.   U.S. Patent No. 5,559,990 (Cheng)**

With respect to U.S. Patent No. 5,559,990, 24 exemplar products will represent the Accused Instrumentalities identified for the '990 patent pursuant to Patent L.R. 3-1. Each exemplar product, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit A to this Stipulation.

**IV.   U.S. Patent No. 5,248,893 (Sakamoto)**

With respect to U.S. Patent No. 5,248,893, three exemplar products will represent the Accused Instrumentalities identified for the '893 patent pursuant to Patent L.R. 3-1. Each exemplar product, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit B to this Stipulation. AMD is not asserting claims 8, 9 and 14. The parties are attempting to reach agreement regarding the fabrication process used to create the K4H510438C exemplar. If the parties cannot reach agreement, the parties will present the issues to the Court for resolution.

**V.   U.S. Patent No. 4,737,830 (Patel)**

With respect to U.S. Patent No. 4,737,830, the parties currently agree on the

1 identification of exemplars and correlation of Accused Instrumentalities with respect to NAND and SRAM, but disagree concerning accused DRAM. AMD's proposed exemplars and correlations are set forth in Exhibit C. Samsung's proposed exemplars and correlations are set forth in Exhibit C-1. In addition, Samsung is currently attempting to categorize a number of products that are not yet associated to an exemplar, and/or to determine whether certain products can be so associated. Exhibits C and C-1 identify those products as "TBD." The parties will either resolve the exemplar identification and correlation issues or will present those issues to Court for resolution.

### VI. U.S. Patent No. 5,545,592 (Iacoponi)

With respect to U.S. Patent No. 5,545,592, four exemplar products fabricated by accused processes will represent certain of the Accused Instrumentalities identified for the '592 patent pursuant to Patent L.R. 3-1. Each exemplar product, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit D to this Stipulation. The parties currently dispute the exemplar categorization for certain additional products under this patent, and those products are listed in Exhibit D1. Additionally, the parties are attempting to reach agreement on whether the process flow that has to date been linked to the K4T1G164QA exemplar should continue to be linked to the exemplar. Finally, Samsung is currently attempting to categorize a number of products that are not yet associated to an exemplar, and Exhibit D identifies those products as "TBD." The parties will either resolve these disputes or will present the issues to the Court for resolution.

### VII. U.S. Patent No. 5,623,434 (Purcell)

With respect to U.S. Patent No. 5,623,434, five exemplars will represent the Accused Instrumentalities identified for the '434 patent pursuant to Patent L.R. 3-1. Each exemplar, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit E to this Stipulation.

### VIII. U.S. Patent No. 5,377,200 (Pedneau)

With respect to U.S. Patent No. 5,377,200, three exemplars will represent the Accused

Case No. CV-08-0986-SI - 4 - STIPULATION RE: EXEMPLAR PRODUCTS

Instrumentalities identified for the '200 patent pursuant to Patent L.R. 3-1. Each exemplar, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit F to this Stipulation.

### IX. U.S. Patent No. 6,784,879 (Orr)

With respect to U.S. Patent No. 6,784,879, the parties dispute the scope of the Accused Instrumentalities in AMD's Preliminary Infringement Contentions. For purposes of this stipulation, fourteen exemplar products will represent the products identified for the '879 patent in Samsung's October 26, 2009 letter from Sam Ernst to Aaron Fahrenkrog. The parties dispute which products should be the exemplar products. Each proposed exemplar product, and a list of the products in its corresponding exemplar group, is set forth in Exhibit G to this Stipulation. Samsung does not concede that any of these products has been properly accused of infringing the '879 patent.

### X. U.S. Patent No. 5,781,750 (Blomgren)

With respect to U.S. Patent No. 5,781,750, three exemplars will represent the Accused Instrumentalities identified for the '750 patent pursuant to Patent L.R. 3-1. Each exemplar, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit H to this Stipulation.

### XI. U.S. Patent Nos. 6,407,429 and 6,689,648 (Ko)

With respect to U.S. Patents Nos. 6,407,429 and 6,689,648, three exemplar process technologies will represent the process technologies used to manufacture the Accused Instrumentalities identified for the '429 and '648 patents pursuant to Patent L.R. 3-1 as well as all other products manufactured using the same process or substantially similar processes. Each exemplar process technology, and a list of the Accused Instrumentalities in its corresponding exemplar group, is set forth in Exhibit I to this Stipulation.

### XII. U.S. Patent No. 5,740,065 (Jang)

With respect to U.S. Patent No. 5,740,065, the parties are continuing to discuss whether exemplar sets of source code will represent the Accused Instrumentalities identified for the '065 patent pursuant to Patent L.R. 3-1. If an agreement on such

exemplars is reached, each exemplar set of source code, and a list of the sets of source code in its corresponding exemplar group, will be set forth in a supplemental stipulation.

### XIII.  U.S. Patent Nos. 5,091,339 and 5,173,442 (Carey)

With respect to U.S. Patents Nos. 5,091,339 and 5,173,442, one exemplar process technology will represent the accused process technologies used in the manufacture of the Accused Instrumentalities identified for the '339 and '442 patents pursuant to Patent L.R. 3-1.  The exemplar process technology, and Accused Instrumentalities in the exemplar group, are listed in Exhibit K. The parties dispute whether additional products manufactured using process technology having a different geometry size but which otherwise use the same, or substantially the same steps, for via and channel formation are properly included as part of the exemplar group or instead require a different exemplar group or groups.  The parties will either resolve this dispute or will present the issue to the Court for resolution

### XIV. MODIFICATION OF EXEMPLAR GROUPS FOLLOWING FINAL INFRINGEMENT CONTENTIONS

Pursuant to the Court's October 27, 2009 Order Modifying the Court's Pretrial Preparation Order (Docket No. 258), the parties' Final Infringement Contentions are due December 23, 2009.

(a) Samsung contends that the criteria for identifying exemplar products for purposes of trial -- i.e., the determination of which similarities may be relevant to infringement of a particular patent and which differences concededly are not -- depend on, among other factors, the patent owners' contentions regarding infringement. Accordingly, to ensure that the choices of exemplars and the products each represents are as accurate as possible for this purpose, Samsung reserves its right to modify this Stipulation as may be required after receiving AMD's Final Infringement Contentions, as set forth in this Section XIV.

(b) Specifically, Samsung reserves its right to supplement or amend the list of exemplar products and/or the products each exemplar represents as set forth in this

Case No. CV-08-0986-SI — - 6 - — STIPULATION RE: EXEMPLAR PRODUCTS

Stipulation if AMD identifies new infringement theories in support of its Final Infringement Contentions that were not specifically communicated to Samsung in AMD's Preliminary Infringement Contentions, or new structures in support of its Final Infringement Contentions that were not specifically communicated to Samsung in AMD's Preliminary Infringement Contentions and materially affect the designation of appropriate exemplar categories. Such additional infringement theories or additional structures must in any event be permitted by the Patent Local Rules.

(c) To the extent such supplementation or amendment of exemplars or exemplar grouping is reasonably required, it shall be limited solely to changes that are in good faith required by the newly asserted theory or newly identified accused structure. Such supplementation or amendment shall be made as soon as reasonably possible but not later than January 14, 2009.

(d) If Samsung exercises its right to supplement or amend its exemplar list in light of AMD's Final Infringement contentions, Samsung shall contemporaneously provide to AMD (i) a specific explanation of the reasons for this supplementation or amendment, and (ii) documentation supporting such supplementation or amendment, including in the case of any new exemplar documents sufficient to describe the structure or operation of that exemplar. Should AMD dispute that the supplementation or amendment is required by new infringement theories or structure identified in its Final Infringement Contentions, it shall be permitted to challenge such supplementation or amendment within ten days of the service of such supplemental or amended exemplars.

(e) If Samsung (i) identifies new exemplars or (ii) adds products to existing exemplar categories that AMD has not previously accused because of their limited sales, AMD shall be permitted to amend its Final Infringement Contentions accordingly. AMD shall exercise that right, if it does so, as soon as reasonably possible. To the extent Samsung identifies new exemplars and AMD requires depositions to prepare its amended Final Infringement Contentions under this section, Samsung shall make deposition witnesses available in San Francisco before AMD's supplemental or amended Final

Case No. CV-08-0986-SI - 7 - STIPULATION RE: EXEMPLAR PRODUCTS

1  Infringement Contentions are required. Any such depositions shall be limited to the new
2  exemplars. Any amendments to AMD's Final Infringement Contentions shall be limited
3  solely to those in good faith required by (i) or (ii) above. AMD shall have a reasonable
4  extension of time as required to address any new or amended Final Infringement
5  Contentions in infringement expert reports on a patent by patent basis. AMD will
6  endeavor to address those necessary amendments to its Final Infringement Contentions by
7  a supplement to its expert infringement report as to those new exemplars or categories,
8  rather than by delaying the report for an entire patent. However, this will depend on the
9  number of additional categories identified by Samsung. In any event any such supplement
10 shall be limited to material in good faith required by (i) or (ii) above. Should AMD serve
11 such delayed or supplemental expert infringement report, Samsung and AMD shall meet
12 and confer to determine a reasonable extension of time for AMD to serve such report and
13 for Samsung to serve its rebuttal thereto. In the event AMD delays its expert infringement
14 report as to a patent, Samsung may serve its expert invalidity report regarding that patent
15 on an encrypted disc, providing the password to AMD when AMD serves such delayed
16 infringement report. Should Samsung dispute that the Amended Final Infringement
17 Contentions or delayed or supplemental expert report are required by Samsung's
18 supplemental or amended exemplars, it shall be permitted to challenge those submissions
19 within ten days of their respective service.

20  (f) AMD shall have the right to request technical documents for one audit part for
21 each new exemplar or exemplar category modified by Samsung pursuant to this Section.
22 Samsung shall produce the technical data promptly and the parties will thereafter meet
23 and confer to finalize the exemplar products and categories.

24  (g) Following service of any Amended Final Infringement Contentions served
25 pursuant to Section XIV(e), the parties shall not be permitted to further revise exemplar
26 groupings or Final Infringement Contentions except as contemplated under Section XV
27 below or with leave of Court. Service of any additional or revised Final Infringement
28

Case No. CV-08-0986-SI - 8 - STIPULATION RE: EXEMPLAR PRODUCTS

Contentions under this section does not modify deadlines under any other Patent Local Rules or the Court's Case Management Order (Dkt. #258).

## XV. CORRELATION OF ADDITIONAL PRODUCTS

The parties anticipate that in the time between the date of this Stipulation and trial, they will introduce new products that would have been included in an opposing party's Patent L.R. 3-1 disclosures but for the timing of the parties' sales data productions. In an effort to resolve as many disputed issues as possible, the parties agree that the infringement or non-infringement of these new products should be determined in this litigation. Therefore the parties agree to undertake the following:

1. The parties shall produce sales data for the Accused Instrumentalities for the period January 1, 2010 to June 30, 2010 no later than August 14, 2010.

2. Samsung shall, by September 14, 2010, correlate to an exemplar product identified herein all thereby exemplified Samsung products:
   A. Manufactured, used, sold, offered for sale, or imported into the United States between January 1, 2009 and June 30, 2010; and
   B. That would have been included in AMD's Patent L.R. 3-1 disclosures but for the timing of Samsung's production of sales data for 2009-2010.

3. AMD shall, by September 14, 2010, correlate to an exemplar product identified herein all thereby exemplified AMD products:
   A. Manufactured, used, sold, offered for sale, or imported into the United States between January 1, 2009 and June 30, 2010; and
   B. That would have been included in Samsung's Patent L.R. 3-1 disclosures but for the timing of AMD's sales data production.

4. The parties may, before September 30, 2010, request for each asserted patent, technical documentation sufficient to show the structure and operation or process of manufacture of one product not

|   |   |
|---|---|
| 1 | correlated to an exemplar product under paragraphs 2 and 3.  Upon |
| 2 | such request the opposing party shall promptly produce the necessary |
| 3 | technical documentation.  Not less than 14 days after the technical |
| 4 | documentation is produced to the requesting party, the parties shall |
| 5 | meet-and-confer to discuss the appropriateness of correlating the |
| 6 | subject product, and products containing similar structures or |
| 7 | manufactured using similar processes, to an exemplar identified |
| 8 | herein. |

5. For any product first sold on or after January 1, 2009, and not correlated to an exemplar under this section XV, the parties hereby agree that the product could not have been accused of infringement in this action and that neither party will assert in any future action that a claim of infringement against such product could or should have been brought in this action.

The parties shall file by September 30, 2010 a stipulation setting forth the correlations directed above.

### XVI. MODIFICATION

Subject to Section XVI(a), this Stipulation may be modified only in the following circumstances:

1. By Stipulation consolidating or reducing the exemplar groups identified herein;
2. By Stipulation pursuant to Sections XIV and XV, above; and
3. By Court Order granting a party's motion for leave to amend its infringement contentions, assert additional claims, to include additional Accused Instrumentalities or to add or modify exemplar categories.

(a) The parties dispute several issues related to: (1) Samsung's compliance with the Court's Order (Dkt. #252) requiring Samsung to correlate accused Samsung products

to exemplars; and (2) AMD's compliance with discovery requests, including the production of documents, necessary for Samsung to identify and correlate accused AMD products to exemplars. Resolution of those issues may require modification of the Accused Instrumentalities that correspond to each exemplar listed in the Exhibits to this Stipulation.

DATED: November 17, 2009

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ William H. Manning

William H. Manning
Brad P. Engdahl
Samuel L. Walling

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

DATED: November 17, 2009

**COVINGTON & BURLING LLP**

By: /s/ Alan Blankenheimer

Robert T. Haslam
Christine Saunders Haskett
Alan H. Blankenheimer

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG TECHWIN CO., LTD.; AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC.**

**Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.**

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3  November 19, 2009

   _____
   Honorable Susan Illston
   United States District Judge

Case No. CV-08-0986-SI — - 12 - — STIPULATION RE: EXEMPLAR PRODUCTS