William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
Samuel L. Walling (*pro hac vice*)
E-mail: SLWalling@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

John P. Bovich (Bar No. 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: 415-543-8700

Robert T. Haslam (Bar No. 71134)
E-mail: RHaslam@cov.com
**Covington & Burling LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: 650-632-4700
Facsimile: 650-632-4800

Christine S. Haskett (Bar No. 188053)
E-mail: CHaskett@cov.com
**Covington & Burling LLP**
One Front Street
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Alan H. Blankenheimer (Bar. No. 218713)
E-mail: ABlankenheimer@cov.com
**Covington & Burling LLP**
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122
Telephone: 858-678-1801
Facsimile: 858-678-1601

Attorneys for Plaintiffs and
Counterdefendants Advanced Micro
Devices, Inc., et al.

Attorneys for Defendants and
Counterclaimants Samsung Electronics Co.,
Ltd., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Case. No. CV-08-0986-SI<br><br>**STIPULATION REGARDING EVIDENTIARY FOUNDATION FOR DOCUMENTS OFFERED AT TRIAL**<br><br>[Civil L.R. 7-12] |

Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD"),

and Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin

1  Semiconductor, LLC; Samsung Electronics America, Inc.; Samsung Telecommunications
2  America, LLC; and Samsung Digital Imaging Co., Ltd. (collectively "Samsung") jointly
3  submit this Stipulation.  This Stipulation shall apply only to this case, captioned *Advanced*
4  *Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.,* Case No. CV-08-0986-
5  SI.
6        WHEREAS, given the number of asserted patents and claims, the complexity of
7  the asserted claims and defenses, the volume of documents that the parties will use to
8  support these claims and defenses at trial in this case, and the unnecessary burdens the
9  parties would face if required to establish the authenticity and applicability of hearsay
10 exceptions to these documents, it is in both parties' interests to enter into a stipulation that
11 addresses these requirements.
12       WHEREAS, the parties will produce to each other thousands of e-mails in this case
13 but will use only a select few, and the burdens of locating and anticipating the e-mails
14 each party will ultimately use are significant, it is in both parties' interests to enter into a
15 stipulation that provides the parties with notice of any e-mail a party intends to use at a
16 deposition or at trial.
17       NOW THEREFORE, pursuant to Civil Local Rule 7-12, IT IS HEREBY
18 STIPULATED AND AGREED, by and between AMD and Samsung that:
19 **1.**  **SAMSUNG'S AGREEMENT.**  Subject to the exceptions enumerated herein, for
20 any document AMD seeks to introduce into evidence that Samsung produced in this case
21 and that was either (1) created by Samsung, or (2) reproduced verbatim, with no additions
22 or changes, from materials Samsung has created and produced as "HIGHLY
23 CONFIDENTIAL – RESTRICTED ACCESS ONLY", Samsung agrees that:
24     A.  The document is not hearsay because it either:
25         1.  Qualifies as a business record within the meaning of Federal Rule of
26           Evidence 803(6); or
27         2.  Constitutes an admission by a party opponent within the meaning of
28           Federal Rule of Evidence 801(d)(2); and

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

  B. The document is authentic because the requirements of Federal Rule of Evidence 901(a) are met.

Samsung reserves all other objections.

**2. AMD'S AGREEMENT.**  Subject to the exceptions enumerated herein, for any document Samsung seeks to introduce into evidence that AMD produced in this case and that was either (1) created by AMD, or (2) reproduced verbatim, with no additions or changes, from materials AMD has created and produced as "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY", AMD agrees that:

  A. The document is not hearsay because it either:

    1. Qualifies as a business record within the meaning of Federal Rule of Evidence 803(6); or

    2. Constitutes an admission by a party opponent within the meaning of Federal Rule of Evidence 801(d)(2); and

  B. The document is authentic because the requirements of Federal Rule of Evidence 901(a) are met.

AMD reserves all other objections.

**3. SUMMARIES AND DEMONSTRATIVES.**  For the avoidance of doubt, Sections 1 and 2 do not apply to summaries, demonstrative exhibits or other materials created by one party based on documents produced by the adverse party or its counsel that are not verbatim duplicates of the latter.

**4. NATIVE DOCUMENTS INCLUDED.**  Documents "produced in this case" as used in sections 1 and 2 include .PS, .PDF or .TIF versions of documents produced in a native format—including but not limited to .XLS, .GUL, .GDS and native circuit schematic files—to which the receiving party has attached the appropriate Bates number and the proper confidentiality designation.  The parties hereby attest that they have taken and will continue to take the appropriate precautions to prevent material alteration of the substance of documents produced in native format.

**5.    CHALLENGE PROCEDURE.** Sections 1 and 2 shall not prevent a party from challenging the authenticity of, or the applicability of the Hearsay Rule to, any document referenced in those sections, provided that the following procedures are observed:

    A.    CHALLENGES.

        1.    All challenges must be made:

            a.    In good faith;

            b.    In writing with the basis for the challenge set forth in detail;

            c.    Not less than 90 days before the parties' Pretrial Conference;

        2.    A party's total number of challenges shall not exceed an unreasonable amount.

    B.    MEET-AND-CONFER.  The parties must meet-and-confer in good faith not less than 7 days after the challenge is presented.

    C.    DEPOSITION.  Should the parties' meet-and-confer fail to result in the withdrawal of the challenge, the challenging party must make reasonable efforts to make available for deposition a witness with knowledge of the challenged document and its contents.  The deposition must:

        1.    Commence within 30 days of the meet-and-confer; and

        2.    Address only the authenticity of, or applicability of a hearsay exception to, the challenged document.

    D.    FAILURE TO COMPLY.  If a party fails to comply with any of the procedures set forth above in raising and pursuing a given challenge, the challenge is withdrawn and shall not be reissued.

**6.    HEARSAY WITHIN HEARSAY EXCEPTION.** Sections 1 through 5 shall not prevent a party from objecting at trial to the admissibility of any document referenced in those sections on the grounds that portions of the document constitute hearsay within hearsay and should be excluded under the Hearsay Rule.  Upon such objection the offering party must demonstrate that the contested portions conform with an exception to the Hearsay Rule as provided in the Federal Rules of Evidence.

7.   **THIRD-PARTY DOCUMENTS EXCEPTION.**  Sections 1 through 6 shall not apply to documents created by a third party in this case.  The parties will attempt to address the admissibility of these documents at a later date, prior to the non-expert discovery cutoff.

8.   **PRIOR AGREEMENTS EXCEPTION.**  Sections 1 through 5 shall not apply to documents the parties have previously agreed are authentic and within an exception to the Hearsay Rule, either on the record during deposition or in a separate writing.

9.    **E-MAIL AGREEMENT.**  The parties shall identify to one another in advance, all e-mails produced in this case by any party or non-party that they will use at trial or at a deposition; in accordance with the following timeframes:

  A.   For e-mail to be used as an exhibit at a deposition: **7 calendar days in advance of the date on which the deposition is scheduled to be held.**

  B.   For e-mail to be used as an exhibit at trial: **3 court days in advance of the date on which the noticing party will use the e-mail.**

This section does not apply to e-mails used <u>only</u> for impeachment, or to refresh a witness's recollection.

DATED:  February  9, 2010

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _/s/ William H. Manning_
    William H. Manning
    Brad P. Engdahl
    Samuel L. Walling

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

| | |
|---|---|
| DATED: February 9, 2010 | **COVINGTON & BURLING LLP** |
| | By: /s/ Alan H. Blankenheimer |
| |     Robert T. Haslam |
| |     Christine Saunders Haskett |
| |     Alan H. Blankenheimer |
| | **ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; AND SAMSUNG DIGITAL IMAGING CO., LTD.** |

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

February __, 2010                                     _____

                                                    Honorable Susan Illston
                                                    United States District Judge