William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
Andrew M. Kepper (*pro hac vice*)
E-mail:  AMKepper@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800  LaSalle Avenue
Minneapolis, MN  55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

John P. Bovich (Bar No. 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: 415-543-8700

Attorneys for Plaintiffs and
Counterdefendants Advanced Micro
Devices, Inc., et al.

Robert T. Haslam (Bar No. 71134)
E-mail: RHaslam@cov.com
**Covington & Burling LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065
Telephone: 650-632-4700
Facsimile: 650-632-4800

Alan H. Blankenheimer (Bar. No. 218713)
E-mail: ABlankenheimer@cov.com
**Covington & Burling LLP**
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122
Telephone: 858-678-1801
Facsimile: 858-678-1601

Christine Saunders Haskett (Bar No. 188053)
E-mail: CHaskett@cov.com
**Covington & Burling LLP**
One Front Street
San Francisco, CA 94111
Telephone:  415-591-7087
Facsimile:  415-955-6587

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>          Defendants. | Case. No.  CV-08-0986-SI<br><br>**STIPULATION AND [PROPOSED] ORDER RELATING TO  U.S. PATENT NO. 5,623,434**<br><br>**[Civil L.R. 7-12]** |

Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD"),

and Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin

Semiconductor, LLC; Samsung Electronics America, Inc.; Samsung Telecommunications

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

STIP. AND [PROPOSED] ORDER RELATING
TO U.S. PATENT NO. 5,623,434

America, LLP; and Samsung Digital Imaging Co., Ltd. (collectively "Samsung") jointly submit this Stipulation to resolve a disagreement relating to AMD's standing to assert infringement of U.S. Patent No. 5,623,434 ("Purcell '434 patent") against Samsung.

WHEREAS, upon the filing of AMD's First Amended Complaint on May 1, 2008, which added claims of infringement against Samsung relating to the Purcell '434 patent, AMD did not own the Purcell '434 patent and instead the Purcell '434 patent was owned by a wholly owned subsidiary of plaintiff ATI Technologies, ULC known as ATI International SRL.

WHEREAS, the parties disagree whether ATI International SRL's ownership of the Purcell '434 patent at the time AMD filed its First Amended Complaint impacted AMD's standing to assert the Purcell '434 patent in this action, in that AMD maintains ATI Technologies, ULC was an implied exclusive licensee of the Purcell '434 patent that possessed standing to sue for infringement of the Purcell '434 patent when the First Amended Complaint was filed and Samsung maintains that plaintiffs AMD and ATI Technologies, ULC lacked standing to assert the Purcell '434 patent on May 1, 2008.

WHEREAS, the parties agree that resolution of the standing issue would impose unnecessary burdens upon the Court and parties.

Pursuant to Civil Local Rule 7-12 and Federal Rule of Civil Procedure 15(a)(2), IT IS HEREBY STIPULATED AND AGREED, by and between AMD and Samsung that:

1. Samsung consents, pursuant to Federal Rule of Civil Procedure 15(a)(2), to AMD's filing a Second Amended Complaint that voluntarily dismisses the infringement claims relating to the Purcell '434 patent without prejudice.  The Second Amended Complaint is attached hereto as Exhibit A.

2. Samsung consents, pursuant to Federal Rule of Civil Procedure 15(a)(2), to AMD's filing, immediately after the filing of the Second Amended Complaint, of a Third Amended Complaint that asserts infringement claims against Samsung relating to the Purcell '434 patent.  The Third Amended Complaint is attached hereto as Exhibit B.

3.   AMD will not seek damages for infringement of the Purcell '434 patent

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

occurring prior to the date of filing its Third Amended Complaint.

4.  The parties agree that all patents asserted in this action by plaintiffs AMD and ATI Technologies, ULC will proceed on the same track and no dates in the Court's schedule will be altered as a result of this stipulation.

5.  The parties agree that all court orders and opinions, court filings by the parties, discovery requests and responses, deposition testimony, documents produced by the parties, stipulations and agreements, documents served by the parties (including initial disclosures, infringement contentions and invalidity contentions), and documents or testimony provided by third parties shall remain of record and applicable to the Purcell '434 patent.

DATED: March 3, 2010                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:

William H. Manning
Brad P. Engdahl
Andrew M. Kepper

**ATTORNEYS FOR PLAINTIFFS ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

DATED: March 3, 2010                    **COVINGTON & BURLING LLP**

By: s/ Robert T. Haslam

Robert T. Haslam
Alan H. Blankenheimer
Christine S. Haskett

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA,**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Case No. CV-08-0986-SI                    - 3 -                    STIP. AND [PROPOSED] ORDER RELATING TO U.S. PATENT NO. 5,623,434

1

INC.; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC; SAMSUNG DIGITAL IMAGING CO.,
LTD.

*Plaintiffs' counsel attests that concurrence in
the filing of this document has been obtained
from the above-named signatory.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



March __, 2010

_____
Honorable Susan Illston
United States District Judge

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

STIP. AND [PROPOSED] ORDER RELATING
TO U.S. PATENT NO. 5,623,434

# Exhibit A

John P. Bovich (SBN 150688)
E-mail:  JBovich@reedsmith.com
**Reed Smith LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone:     415-543-8700
Facsimile:      415-391-8269

William H. Manning (*admitted pro hac vice*)
E-mail:  WHManning@rkmc.com
Telephone:     612-349-8461
Brad P. Engdahl (*admitted pro hac vice*)
E-mail:  BPEngdahl@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:     612-349-8500
Facsimile:      612-339-4181

David E. Marder (*admitted pro hac vice*)
E-mail:  DEMarder@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone:     617-267-2300
Facsimile:      617-267-8288

Attorneys for Plaintiffs: Advanced Micro Devices, Inc. and ATI Technologies, ULC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| (1) ADVANCED MICRO DEVICES, INC., a Delaware corporation,<br>(2) ATI TECHNOLOGIES, ULC, a Canadian unlimited liability company<br><br>Plaintiffs,<br><br>v.<br><br>(1) SAMSUNG ELECTRONICS CO., LTD., a Korean business entity,<br>(2) SAMSUNG SEMICONDUCTOR, INC., a California corporation,<br>(3) SAMSUNG AUSTIN SEMICONDUCTOR, LLC, a Delaware limited liability company, | **No. CV-08-0986-SI**<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[JURY TRIAL DEMANDED]** |

**SECOND AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1  (4) SAMSUNG ELECTRONICS
       AMERICA, INC., a New York
2      corporation,
   (5) SAMSUNG
3      TELECOMMUNICATIONS
       AMERICA, LLC, a Delaware limited
4      liability company,
   (6) SAMSUNG DIGITAL IMAGING CO.,
5      LTD., a Korean business entity.

6              Defendants.

7

8          Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively,

9  "Plaintiffs" or "AMD") for their second amended complaint allege as follows:

   ### INTRODUCTION

10         This is an action against Samsung Electronics Co., Ltd., and its U.S. subsidiaries and

11 related entities Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung

12 Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Digital

13 Imaging Co., Ltd. (individually or collectively "Defendants" or "Samsung"), for patent

14 infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., for infringing:

15         (a)  U.S. Patent No. 5,545,592 ("'592 Iacoponi patent"), entitled *"Nitrogen Treatment for*

16 *Metal-Silicide Contact"*;

17         (b)  U.S. Patent No. 4,737,830 ("'830 Patel patent"), entitled *"Integrated Circuit*

18 *Structure Having Compensating Means for Self-Inductance Effects"*;

19         (c)  U.S. Patent No. 5,248,893 ("'893 Sakamoto patent"), entitled *"Insulated Gate Field*

20 *Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-*

21 *Free Zone"*;

22         (d)  U.S. Patent No. 5,559,990 ("'990 Cheng patent"), entitled *"Memories with Burst*

23 *Mode Access"*;

24         (e)  U.S. Patent No. 5,377,200 ("'200 Pedneau patent"), entitled *"Power Saving Feature*

25 *for Components Having Built-In Testing Logic"*; and

26

27

28

**SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

(f)   U.S. Patent No. 6,784,879 ("'879 Orr patent"), entitled *Method and Apparatus for Providing Control of Background Video*," owned by Advanced Micro Devices, Inc.'s subsidiary, ATI Technologies, ULC.

Collectively, the patents generally cover methods of semiconductor and semiconductor memory chip fabrication; semiconductors and semiconductor memory of certain composition, logic, or design; and consumer products incorporating or embodying the disclosed inventions.

## THE PARTIES

1.      Advanced Micro Devices, Inc. is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

2.      ATI Technologies, ULC is a subsidiary of AMD and is incorporated in Alberta, Canada with its principal offices at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

3.      Samsung Electronics Co., Ltd. ("SEC") is a Korean business entity with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.  On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies.  SEC designs, manufactures, and provides to the U.S. and world markets flash, DRAM, graphics memory, and other memory components, as well as other logic components, which are used in computers, and myriad mobile and entertainment products.

4.      Samsung Semiconductor, Inc. ("SSI") is a California corporation with its principal place of business located at 3655 North First Street, San Jose, California 95134.  On information and belief, SSI is a wholly owned subsidiary of SEC and was established in 1983 as a California corporation with approximately 300 employees in the Americas.  On information and belief, SSI is the sales arm for SEC and sells flash, DRAM, graphics memory, and other memory components; conducts primary market and product research for SEC; and enables regional customers to influence the direction of SEC's future technologies and products.

5.      Samsung Austin Semiconductor, LLC ("SAS") is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754. On information and belief, SAS is one of Samsung's semiconductor fabrication facilities located

SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI

around the world.

6.      Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  On information and belief, SEA was formed in 1977 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, video cameras, vacuum cleaners, and air conditioners, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives.  On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

7.      Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.  On information and belief, STA was founded in 1996 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

8.      Samsung Digital Imaging Co., Ltd. ("SDI") is a Korean Business entity with its principal offices at 416, Maetan 3-Dong, Yeongtong-Gu, Suwon, Gyeonggi-Do, 443-373, South Korea.  On information and belief, SDI manufactures, imports, markets, sells, or offers for sale consumer electronics including digital cameras.

## JURISDICTION

9.      This is an action for patent infringement, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over each of the Defendants consistent with the requirements of California Code of Civil Procedure § 410.10 and the Due Process Clause of the United States Constitution.  Each Defendant transacts substantial business in California (and in this district), or has committed and continues to commit acts of patent infringement in California (and in this district) as alleged in this complaint.  In addition, SSI in particular maintains a regular and established place of business at 3655 North 1st Street, San Jose, California, 95134.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

- 4 -

SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**VENUE**

11.　　Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants reside in this judicial district.  Further, SSI has committed acts of infringement and has a regular established place of business in this district.

**INTRADISTRICT ASSIGNMENT**

12.　　This is a patent infringement action, and therefore exempt from Intradistrict Assignment under Civil L.R. 3-2(c).

**FACTUAL BACKGROUND**

13.　　Plaintiffs solely own all rights, titles, and interests in and to the following United States patents (collectively, the "AMD Patents"), including the exclusive rights to bring suit with respect to any past, present, and future infringement thereof:

(a)　　U.S. Patent No. 5,545,592, entitled "*Nitrogen Treatment for Metal-Silicide Contact,*" which was duly and legally issued on August 13, 1996, from a patent application filed February 24, 1995, with John Iacoponi as the named inventor. Among other things, the '592 Iacoponi patent discloses an improved method of forming a contact point in a semiconductor device.

(b)　　U.S. Patent No. 4,737,830, entitled "*Integrated Circuit Structure Having Compensating Means for Self-Inductance Effects,*" which was duly and legally issued on April 12, 1988, from a patent application filed January 8, 1986, with Bharat Patel as the lead named inventor.  Among other things, the '830 Patel patent discloses an improved integrated circuit wherein self-inductive voltage spikes are reduced through the use of capacitance means constructed beneath at least one bus.

(c)　　U.S. Patent No. 5,248,893, entitled "*Insulated Gate Field Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone,*" which was duly and legally issued on September 28, 1993, from a patent application filed January 5, 1993, with Shinichi Sakamoto as the named inventor. Among other things, the '893 Sakamoto patent discloses an insulated gate field

- 5 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    effect device with a smoothly curved depletion boundary in the vicinity of the

2    channel-free zone.

3    (d)    U.S. Patent No. 5,559,990, entitled "*Memories with Burst Mode Access*," which

4           was duly and legally issued on September 24, 1996, from a patent application filed

5           October 24, 1994, with Pearl Cheng as the lead named inventor.  Among other

6           things, the '990 Cheng patent discloses a memory employing multiple sub-arrays

7           that facilitates faster burst-mode access.

8    (e)    U.S. Patent No. 5,377,200, entitled "*Power Saving Feature for Components*

9           *Having Built-In Testing Logic*," which was duly and legally issued on December

10          27, 1994, from a patent application filed August 27, 1992, with Michael Pedneau

11          as the named inventor.  Among other things, the '200 Pedneau patent discloses an

12          improvement to built-in testing in an electronic component, in particular the ability

13          to reduce or remove the power applied to testing circuits when not in use.

14    (f)    U.S. Patent No. 6,784,879, entitled "*Method and Apparatus for Providing Control*

15          *of Background Video*," which was duly and legally issued on August 31, 2004,

16          from a patent application filed July 14, 1997, with Stephen Orr as the named

17          inventor.  Among other things, the '879 Orr patent discloses a method and

18          apparatus for control of background video on a display, which allows the user to

19          control attributes of the video, such as volume, for example, while the video

20          continues to play in the background and another application remains in focus on

21          the display.

22    14.    Each of the AMD Patents is valid and enforceable.

23    15.    The Defendants have actual notice of all of the AMD Patents and the infringement

24    alleged herein at least upon filing of this second amended complaint (if not earlier), pursuant to 35

25    U.S.C. § 287(a), and Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc.,

26    Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung

27    Telecommunications America, LLC had actual notice of the '592 Iacoponi patent, the '830 Patel

28    patent, the '893 Sakamoto patent, the '990 Cheng patent, the '200 Pedneau patent, the '879 Orr

- 6 -

**SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

patent and the infringement alleged herein at least upon the filing of the original complaint (if not earlier), pursuant to 35 U.S.C. § 287(a).  On information and belief, Defendants had prior actual notice of at least the Iacoponi '592 patent no later than April 2006 and the Patel '830 patent no later than March 31, 2003.

16.     Each of the Defendants has directly infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the AMD Patents by acting without authority so as to:

    (a)     make, have made, use, offer to sell, sell within the United States, or import into the United States semiconductor products, including at least Samsung DRAM, SRAM, and NAND-flash memory chips and/or other chips, that embody or practice the patented inventions, as well as electronics products that contain these chips, or practice the patented processes in the United States in connection with these activities;

    (b)     import into the United States or offer to sell, sell, or use within the United States semiconductor products, including at least Samsung DRAM and NAND-flash memory chips and/or other chips made by a process patented by AMD, as well as electronics products that contain these chips.

17.     The above-described acts of infringement committed by Defendants have caused injury and damage to AMD, and as to unexpired patents, will cause additional severe and irreparable injury and damages in the future unless the Defendants are enjoined from further infringing the AMD Patents.

## FIRST CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 5,545,592

18.     AMD incorporates by reference the allegations set forth in paragraphs 1 through 17 above as if specifically set forth herein.

19.     Defendants have directly infringed one or more claims of the '592 Iacoponi patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing products include, but are not limited to, for example, Samsung's DRAM and NAND-flash memory

chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention or manufactured by the patented process, including digital cameras.  The infringement remains ongoing.

20.     As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

21.     On information and belief, Defendants had actual knowledge of the '592 Iacoponi patent since at least as early as April 2006, when during licensing negotiations AMD presented Defendants with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the Iacoponi '592 patent.  Despite Plaintiffs' demand that Defendants either license the '592 Iacoponi patent or cease their infringement, Defendants instead opted to continue their willful, deliberate, and intentional infringement of one or more claims of said patent.

## SECOND CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 4,737,830

22.     AMD incorporates by reference the allegations set forth in paragraphs 1 through 21 above as if specifically set forth herein.

23.     Defendants have directly infringed claims 5 and 6 of the '830 Patel patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing products include but are not limited to, for example, Samsung's DRAM, SRAM and NAND Flash memory chips, as well as any and all products that incorporate such memory chips or any other memory chips practicing or embodying the claimed invention.

24.     As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.

25.     On information and belief, Defendants had actual knowledge of the '830 Patel patent since at least as early as March 31, 2003, when during licensing negotiations AMD

**SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI**

1   presented Defendants with a detailed PowerPoint presentation outlining how Defendants' products

2   specifically infringed claims of the '830 Patel patent.

3                                        **THIRD CLAIM FOR RELIEF**

4                         **Infringement of U.S. Patent No. 5,248,893**

5          26.      AMD incorporates by reference the allegations set forth in paragraphs 1 through

6   25 above as if specifically set forth herein.

7          27.      Defendants have directly infringed one or more claims of the '893 Sakamoto

8   patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The

9   infringing products include but are not limited to, for example, Samsung's DRAM memory chips,

10   as well as any and all products that incorporate such memory chips or any other memory chips

11   practicing or embodying the claimed invention.

12          28.      As a consequence of Defendants' infringement, AMD is entitled to recover

13   damages adequate to compensate it for the injuries complained of herein, but in no event less than

14   a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing

15   additional future acts of infringement which would subject AMD to irreparable harm.

16                                      **FOURTH CLAIM FOR RELIEF**

17                         **Infringement of U.S. Patent No. 5,559,990**

18          29.      AMD incorporates by reference the allegations set forth in paragraphs 1 through

19   28 above as if specifically set forth herein.

20          30.      Defendants have directly infringed one or more claims of the '990 Cheng patent,

21   literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing

22   products include but are not limited to, for example, Samsung's memory chips such as the

23   K4T51083QC 512MB 90nm Rev "C" DDR2 SDRAM, as well as cell phones, MP3 players,

24   televisions, printers, and any and all other products that incorporate this or any other chip

25   embodying the claimed invention.  Defendants' infringement remains ongoing.

26          31.      As a consequence of Defendants' infringement, AMD is entitled to recover

27   damages adequate to compensate it for the injuries complained of herein, but in no event less than

28

SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing

2   additional future acts of infringement which would subject AMD to irreparable harm.

3                            **FIFTH CLAIM FOR RELIEF**

4                   **Infringement of U.S. Patent No. 5,377,200**

5           32.     AMD incorporates by reference the allegations set forth in paragraphs 1 through

6   31 above as if specifically set forth herein.

7           33.     Defendants have directly infringed one or more claims of the '200 Pedneau patent,

8   literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing

9   products include but are not limited to, for example, the S3C2412 Application Processor, as well as

10  cell phones, MP3 players, televisions, printers, and any and all other products that incorporate the

11  S3C2412 processor or any other processor embodying the claimed invention.  Such infringement

12  remains ongoing.

13          34.     As a consequence of Defendants' infringement, AMD is entitled to recover

14  damages adequate to compensate it for the injuries complained of herein, but in no event less than

15  a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing

16  additional future acts of infringement which would subject AMD to irreparable harm.

17                           **SIXTH CLAIM FOR RELIEF**

18                  **Infringement of U.S. Patent No. 6,784,879**

19          35.     AMD incorporates by reference the allegations set forth in paragraphs 1 through

20  34 above as if specifically set forth herein.

21          36.     Defendants have directly infringed one or more claims of the '879 Orr patent,

22  literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing

23  products include but are not limited to, for example, Samsung's LN-T1953H television, as well as

24  all other Samsung televisions or other display devices that incorporate or embody the claimed

25  invention.  Such infringement remains ongoing.

26          37.     As a consequence of Defendants' infringement, AMD is entitled to recover

27  damages adequate to compensate it for the injuries complained of herein, but in no event less than

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

- 10 -

**SECOND AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**

1   a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing

2   additional future acts of infringement which would subject AMD to irreparable harm.

3   **PRAYER FOR RELIEF**

4     **WHEREFORE,** AMD respectfully requests that this Court:

5     A. enter judgment that each of the Defendants has infringed one or more claims of

6   one or more of the AMD Patents;

7     B. enter judgment that Defendants' infringement of the '592 Iacoponi patent has been

8   willful, deliberate, and intentional;

9     C. enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283,

10   enjoining each of the Defendants, and all of their respective agents, servants, officers, directors,

11   employees, and all other persons acting in concert with them, directly or indirectly, from any

12   further acts of infringement of the non-expired AMD Patents;

13     D. enter an order, pursuant to 35 U.S.C. § 284, awarding to AMD damages adequate

14   to compensate for Defendants' infringement of the AMD Patents (and, if necessary, related

15   accountings), in an amount to be determined at trial, but not less than a reasonable royalty;

16     E. enter an order, pursuant to 35 U.S.C. § 284, trebling damages awarded to AMD to

17   the extent Defendants' infringement of the '592 Iacoponi patent is determined to have been

18   willful;

19     F. enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional

20   case" and thereby awarding to AMD its reasonable attorneys' fees, costs, and expenses;

21     G. enter an order that Defendants account for and pay to AMD the damages to which

22   AMD is entitled as a consequence of the infringement;

23     H. enter an order awarding to AMD pre- and post-judgment interest at the maximum

24   rates allowable under the law; and,

25     I. enter an order awarding to AMD such other and further relief, whether at law or in

26   equity, that this Court deems just and proper.

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br>ATTORNEYS AT LAW<br>MINNEAPOLIS

- 11 -

**SECOND AMENDED COMPLAINT,**<br>**ACTION NO. CV-08-0986-SI**

Respectfully submitted,

DATED:  March __, 2010


**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


By: _____
    William H. Manning
    Brad P. Engdahl
    David E. Marder

**REED SMITH L.L.P.**

    John P. Bovich

Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and ATI Technologies, ULC

**SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI**

1   **DEMAND FOR JURY TRIAL**

2        AMD demands a jury trial on all issues so triable.

3
    DATED:  March __, 2010
4

5

6                                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P**

7                                    By:_____
8                                         William H. Manning
                                          Brad P. Engdahl
9                                         David E. Marder

10                                   **REED SMITH L.L.P.**

11                                        John P. Bovich

12
                                     Attorneys for Plaintiffs Advanced Micro Devices, Inc.
13                                   and ATI Technologies, ULC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**SECOND AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI**

# Exhibit B

1   John P. Bovich (SBN 150688)
    E-mail:  JBovich@reedsmith.com
2   **Reed Smith LLP**
    Two Embarcadero Center, Suite 2000
3   San Francisco, CA 94111
    Telephone:     415-543-8700
4   Facsimile:      415-391-8269

5   William H. Manning (*admitted pro hac vice*)
    E-mail:  WHManning@rkmc.com
6   Telephone:     612-349-8461
    Brad P. Engdahl (*admitted pro hac vice*)
7   E-mail: BPEngdahl@rkmc.com
    **Robins, Kaplan, Miller & Ciresi L.L.P.**
8   2800 LaSalle Plaza
    800 LaSalle Avenue
9   Minneapolis, MN 55402
    Telephone:     612-349-8500
10  Facsimile:      612-339-4181

11  David E. Marder (*admitted pro hac vice*)
    E-mail:  DEMarder@rkmc.com
12  **Robins, Kaplan, Miller & Ciresi L.L.P.**
    800 Boylston Street, 25th Floor
13  Boston, MA 02199
    Telephone:     617-267-2300
14  Facsimile:      617-267-8288

15  Attorneys for Plaintiffs: Advanced Micro Devices, Inc. and ATI Technologies, ULC

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19

20  (1) ADVANCED MICRO DEVICES,           **No. CV-08-0986-SI**
        INC., a Delaware corporation,
21  (2) ATI TECHNOLOGIES, ULC,            **THIRD AMENDED COMPLAINT FOR**
        a Canadian unlimited liability    **PATENT INFRINGEMENT**
22      company
                                          **[JURY TRIAL DEMANDED]**
23                  Plaintiffs,

24  v.

25  (1) SAMSUNG ELECTRONICS CO.,
        LTD., a Korean business entity,
26  (2) SAMSUNG SEMICONDUCTOR,
        INC., a California corporation,
27  (3) SAMSUNG AUSTIN
        SEMICONDUCTOR, LLC, a Delaware
28      limited liability company,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

                                          **THIRD AMENDED COMPLAINT,**
                                          **ACTION NO. CV-08-0986-SI**

1 (4) SAMSUNG ELECTRONICS
   AMERICA, INC., a New York
2   corporation,
 (5) SAMSUNG
3   TELECOMMUNICATIONS
   AMERICA, LLC, a Delaware limited
4   liability company, and
 (6) SAMSUNG DIGITAL IMAGING CO.,
5   LTD., a Korean business entity

6       Defendants.

7

8   Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively,

9 "Plaintiffs" or "AMD") for their third amended complaint allege as follows:

10          **INTRODUCTION**

11   This is an action against Samsung Electronics Co., Ltd., and its U.S. subsidiaries and

related entities Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung

Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Digital

Imaging Co., Ltd. (individually or collectively "Defendants" or "Samsung"), for patent

infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., for infringing:

(a) U.S. Patent No. 5,545,592 ("'592 Iacoponi patent"), entitled *"Nitrogen Treatment for*

*Metal-Silicide Contact"*;

(b) U.S. Patent No. 4,737,830 ("'830 Patel patent"), entitled "*Integrated Circuit*

*Structure Having Compensating Means for Self-Inductance Effects*";

(c) U.S. Patent No. 5,248,893 ("'893 Sakamoto patent"), entitled "*Insulated Gate Field*

*Effect Device with a Smoothly Curved Depletion Boundary in the Vicinity of the Channel-*

*Free Zone*";

(d) U.S. Patent No. 5,559,990 ("'990 Cheng patent"), entitled "*Memories with Burst*

*Mode Access*";

(e) U.S. Patent No. 5,377,200 ("'200 Pedneau patent"), entitled "*Power Saving Feature*

*for Components Having Built-In Testing Logic,*" all owned by Advanced Micro Devices;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**THIRD AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**

(f)   U.S. Patent No. 5,623,434 ("'434 Purcell patent"), entitled *Structure and Method of Using an Arithmetic and Logic Unit for Carry Propagation Stage of a Multiplier*," owned by Advanced Micro Devices, Inc.'s subsidiary, ATI Technologies, ULC; and

(g)   U.S. Patent No. 6,784,879 ("'879 Orr patent"), entitled "*Method and Apparatus for Providing Control of Background Video*," owned by Advanced Micro Devices, Inc.'s subsidiary, ATI Technologies, ULC.

Collectively, the patents generally cover methods of semiconductor and semiconductor memory chip fabrication; semiconductors and semiconductor memory of certain composition, logic, or design; and consumer products incorporating or embodying the disclosed inventions.

## THE PARTIES

1.      Advanced Micro Devices, Inc. is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

2.      ATI Technologies, ULC is a subsidiary of AMD and is incorporated in Alberta, Canada with its principal offices at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

3.      Samsung Electronics Co., Ltd. ("SEC") is a Korean business entity with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.  On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies.  SEC designs, manufactures, and provides to the U.S. and world markets flash, DRAM, graphics memory, and other memory components, as well as other logic components, which are used in computers, and myriad mobile and entertainment products.

4.      Samsung Semiconductor, Inc. ("SSI") is a California corporation with its principal place of business located at 3655 North First Street, San Jose, California 95134.  On information and belief, SSI is a wholly owned subsidiary of SEC and was established in 1983 as a California corporation with approximately 300 employees in the Americas.  On information and belief, SSI is the sales arm for SEC and sells flash, DRAM, graphics memory, and other memory components; conducts primary market and product research for SEC; and enables regional customers to influence the direction of SEC's future technologies and products.

**THIRD AMENDED COMPLAINT, ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

5.      Samsung Austin Semiconductor, LLC ("SAS") is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754. On information and belief, SAS is one of Samsung's semiconductor fabrication facilities located around the world.

6.      Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  On information and belief, SEA was formed in 1977 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, video cameras, vacuum cleaners, and air conditioners, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives.  On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

7.      Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.  On information and belief, STA was founded in 1996 as a subsidiary of SEC, and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

8.      Samsung Digital Imaging Co., Ltd. ("SDI") is a Korean business entity with its principal offices at 416, Maetan 3-Dong, Yeongtong-Gu, Suwon, Gyeonggi-Do, 443-373, South Korea.  On information and belief, SDI manufactures, imports, markets, sells, or offers for sale consumer electronics including digital cameras.

## JURISDICTION

9.      This is an action for patent infringement, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over each of the Defendants consistent with the requirements of California Code of Civil Procedure § 410.10 and the Due Process Clause of the United States Constitution.  Each Defendant transacts substantial business in California (and in this district), or has committed and continues to commit acts of patent infringement in California (and

THIRD AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI

1    in this district) as alleged in this complaint.  In addition, SSI in particular maintains a regular and

2    established place of business at 3655 North 1st Street, San Jose, California, 95134.

3                                          **VENUE**

4        11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and

5    1400(b) because Defendants reside in this judicial district.  Further, SSI has committed acts of

6    infringement and has a regular established place of business in this district.

7                              **INTRADISTRICT ASSIGNMENT**

8        12.    This is a patent infringement action, and therefore exempt from Intradistrict

9    Assignment under Civil L.R. 3-2(c).

10                             **FACTUAL BACKGROUND**

11       13.    Plaintiffs solely own all rights, titles, and interests in and to the following United

12   States patents (collectively, the "AMD Patents"), including the exclusive rights to bring suit with

13   respect to any past, present, and future infringement thereof:

14       (a)    U.S. Patent No. 5,545,592, entitled "*Nitrogen Treatment for Metal-Silicide*

15              *Contact*," which was duly and legally issued on August 13, 1996, from a patent

16              application filed February 24, 1995, with John Iacoponi as the named inventor.

17              Among other things, the '592 Iacoponi patent discloses an improved method of

18              forming a contact point in a semiconductor device.

19       (b)    U.S. Patent No. 4,737,830, entitled "*Integrated Circuit Structure Having*

20              *Compensating Means for Self-Inductance Effects*," which was duly and legally

21              issued on April 12, 1988, from a patent application filed January 8, 1986, with

22              Bharat Patel as the lead named inventor.  Among other things, the '830 Patel

23              patent discloses an improved integrated circuit wherein self-inductive voltage

24              spikes are reduced through the use of capacitance means constructed beneath at

25              least one bus.

26       (c)    U.S. Patent No. 5,248,893, entitled "*Insulated Gate Field Effect Device with a*

27              *Smoothly Curved Depletion Boundary in the Vicinity of the Channel-Free Zone*,"

28              which was duly and legally issued on September 28, 1993, from a patent

                                        - 5 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    application filed January 5, 1993, with Shinichi Sakamoto as the named inventor.

2    Among other things, the '893 Sakamoto patent discloses an insulated gate field

3    effect device with a smoothly curved depletion boundary in the vicinity of the

4    channel-free zone.

5    (d)    U.S. Patent No. 5,559,990, entitled "*Memories with Burst Mode Access*," which

6    was duly and legally issued on September 24, 1996, from a patent application filed

7    October 24, 1994, with Pearl Cheng as the lead named inventor.  Among other

8    things, the '990 Cheng patent discloses a memory employing multiple sub-arrays

9    that facilitates faster burst-mode access.

10   (e)    U.S. Patent No. 5,377,200, entitled "*Power Saving Feature for Components*

11   *Having Built-In Testing Logic*," which was duly and legally issued on December

12   27, 1994, from a patent application filed August 27, 1992, with Michael Pedneau

13   as the named inventor.  Among other things, the '200 Pedneau patent discloses an

14   improvement to built-in testing in an electronic component, in particular the ability

15   to reduce or remove the power applied to testing circuits when not in use.

16   (f)    U.S. Patent No. 5,623,434, entitled "*Structure and Method of Using an Arithmetic*

17   *and Logic Unit for Carry Propagation Stage of a Multiplier*," which was duly and

18   legally issued on April 22, 1997, from a patent application filed July 27, 1994,

19   with Stephen Purcell as the named inventor.  Among other things, the '434 Purcell

20   patent discloses a method and apparatus for using an arithmetic and logic unit as

21   part of a multiplier circuit.

22   (g)    U.S. Patent No. 6,784,879, entitled "*Method and Apparatus for Providing Control*

23   *of Background Video*," which was duly and legally issued on August 31, 2004,

24   from a patent application filed July 14, 1997, with Stephen Orr as the named

25   inventor.  Among other things, the '879 Orr patent discloses a method and

26   apparatus for control of background video on a display, which allows the user to

27   control attributes of the video, such as volume, for example, while the video

28

**THIRD AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    continues to play in the background and another application remains in focus on

2    the display.

3    14.    Each of the AMD Patents is valid and enforceable.

4    15.    The Defendants have actual notice of all of the AMD Patents and the infringement

5    alleged herein at least upon filing of this third amended complaint (if not earlier), pursuant to 35

6    U.S.C. § 287(a), and Defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc.,

7    Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung

8    Telecommunications America, LLC had actual notice of the '592 Iacoponi patent, the '830 Patel

9    patent, the '893 Sakamoto patent, the '990 Cheng patent, the '200 Pedneau patent, the '879 Orr

10   patent and the infringement alleged herein at least upon the filing of the original complaint (if not

11   earlier), pursuant to 35 U.S.C. § 287(a).  On information and belief, Defendants had prior actual

12   notice of at least the Iacoponi '592 patent no later than April 2006 and the Patel '830 patent no

13   later than March 31, 2003.

14   16.    Each of the Defendants has directly infringed, and continues to infringe, literally

15   or under the doctrine of equivalents, one or more claims of the AMD Patents by acting without

16   authority so as to:

17        (a)    make, have made, use, offer to sell, sell within the United States, or import into the

18               United States semiconductor products, including at least Samsung DRAM, SRAM,

19               and NAND-flash memory chips and/or other chips, that embody or practice the

20               patented inventions, as well as electronics products that contain these chips, or

21               practice the patented processes in the United States in connection with these

22               activities;

23        (b)    import into the United States or offer to sell, sell, or use within the United States

24               semiconductor products, including at least Samsung DRAM and NAND-flash

25               memory chips and/or other chips made by a process patented by AMD, as well as

26               electronics products that contain these chips.

27   17.    The above-described acts of infringement committed by Defendants have caused

28   injury and damage to AMD, and as to unexpired patents, will cause additional severe and

- 7 -

**THIRD AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**

1   irreparable injury and damages in the future unless the Defendants are enjoined from further

2   infringing the AMD Patents.

3                              **FIRST CLAIM FOR RELIEF**

4                      **Infringement of U.S. Patent No. 5,545,592**

5           18.     AMD incorporates by reference the allegations set forth in paragraphs 1 through

6   17 above as if specifically set forth herein.

7           19.     Defendants have directly infringed one or more claims of the '592 Iacoponi patent,

8   literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing

9   products include, but are not limited to, for example, Samsung's DRAM and NAND-flash memory

10  chips, as well as any and all products that incorporate such memory chips or any other memory

11  chips practicing or embodying the claimed invention or manufactured by the patented process,

12  including digital cameras.  The infringement remains ongoing.

13          20.     As a consequence of Defendants' infringement, AMD is entitled to recover

14  damages adequate to compensate it for the injuries complained of herein, but in no event less than

15  a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing

16  additional future acts of infringement which would subject AMD to irreparable harm.

17          21.     On information and belief, Defendants had actual knowledge of the '592 Iacoponi

18  patent since at least as early as April 2006, when during licensing negotiations AMD presented

19  Defendants with a detailed PowerPoint presentation outlining how Defendants' products

20  specifically infringed claims of the Iacoponi '592 patent.  Despite Plaintiffs' demand that

21  Defendants either license the '592 Iacoponi patent or cease their infringement, Defendants instead

22  opted to continue their willful, deliberate, and intentional infringement of one or more claims of

23  said patent.

24                            **SECOND CLAIM FOR RELIEF**

25                     **Infringement of U.S. Patent No. 4,737,830**

26          22.     AMD incorporates by reference the allegations set forth in paragraphs 1 through

27  21 above as if specifically set forth herein.

28          23.     Defendants have directly infringed claims 5 and 6 of the '830 Patel patent, literally

- 8 -

**THIRD AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing products

2   include but are not limited to, for example, Samsung's DRAM, SRAM and NAND Flash memory

3   chips, as well as any and all products that incorporate such memory chips or any other memory

4   chips practicing or embodying the claimed invention.

5         24.    As a consequence of Defendants' infringement, AMD is entitled to recover

6   damages adequate to compensate it for the injuries complained of herein, but in no event less than

7   a reasonable royalty.

8         25.    On information and belief, Defendants had actual knowledge of the '830 Patel

9   patent since at least as early as March 31, 2003, when during licensing negotiations AMD

10  presented Defendants with a detailed PowerPoint presentation outlining how Defendants' products

11  specifically infringed claims of the '830 Patel patent.

12                  **THIRD CLAIM FOR RELIEF**

13            **Infringement of U.S. Patent No. 5,248,893**

14        26.    AMD incorporates by reference the allegations set forth in paragraphs 1 through

15  25 above as if specifically set forth herein.

16        27.    Defendants have directly infringed one or more claims of the '893 Sakamoto

17  patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The

18  infringing products include but are not limited to, for example, Samsung's DRAM memory chips,

19  as well as any and all products that incorporate such memory chips or any other memory chips

20  practicing or embodying the claimed invention.

21        28.    As a consequence of Defendants' infringement, AMD is entitled to recover

22  damages adequate to compensate it for the injuries complained of herein, but in no event less than

23  a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing

24  additional future acts of infringement which would subject AMD to irreparable harm.

25                  **FOURTH CLAIM FOR RELIEF**

26            **Infringement of U.S. Patent No. 5,559,990**

27        29.    AMD incorporates by reference the allegations set forth in paragraphs 1 through

28  28 above as if specifically set forth herein.

                              **THIRD AMENDED COMPLAINT,**
                              **ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

30. Defendants have directly infringed one or more claims of the '990 Cheng patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, Samsung's memory chips such as the K4T51083QC 512MB 90nm Rev "C" DDR2 SDRAM, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate this or any other chip embodying the claimed invention. Defendants' infringement remains ongoing.

31. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**FIFTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,377,200**

32. AMD incorporates by reference the allegations set forth in paragraphs 1 through 31 above as if specifically set forth herein.

33. Defendants have directly infringed one or more claims of the '200 Pedneau patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. The infringing products include but are not limited to, for example, the S3C2412 Application Processor, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate the S3C2412 processor or any other processor embodying the claimed invention. Such infringement remains ongoing.

34. As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

**SIXTH CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 5,623,434**

35. AMD incorporates by reference the allegations set forth in paragraphs 1 through 34 above as if specifically set forth herein.

THIRD AMENDED COMPLAINT,
ACTION NO. CV-08-0986-SI

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

36.     Defendants have directly infringed one or more claims of the '434 Purcell patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing products include but are not limited to, for example, Samsung's S3C2443 Application Processor and any other processor embodying the claimed invention, as well as cell phones, MP3 players, televisions, printers, and any and all other products that incorporate the S3C2443 Application Processor or any other processor embodying the claimed invention.  Such infringement remains ongoing.

37.     As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.  AMD will not seek damages for infringement of the '434 Purcell patent occurring prior to the filing of this Third Amended Complaint.

### SEVENTH CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 6,784,879

38.     AMD incorporates by reference the allegations set forth in paragraphs 1 through 37 above as if specifically set forth herein.

39.     Defendants have directly infringed one or more claims of the '879 Orr patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.  The infringing products include but are not limited to, for example, Samsung's LN-T1953H television, as well as all other Samsung televisions or other display devices that incorporate or embody the claimed invention.  Such infringement remains ongoing.

40.     As a consequence of Defendants' infringement, AMD is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  AMD further is entitled to have Defendants enjoined from committing additional future acts of infringement which would subject AMD to irreparable harm.

### PRAYER FOR RELIEF

**WHEREFORE,** AMD respectfully requests that this Court:

- 11 -

1      A.      enter judgment that each of the Defendants has infringed one or more claims of

2  one or more of the AMD Patents;

3      B.      enter judgment that Defendants' infringement of the '592 Iacoponi patent has been

4  willful, deliberate, and intentional;

5      C.      enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283,

6  enjoining each of the Defendants, and all of their respective agents, servants, officers, directors,

7  employees, and all other persons acting in concert with them, directly or indirectly, from any

8  further acts of infringement of the non-expired AMD Patents;

9      D.      enter an order, pursuant to 35 U.S.C. § 284, awarding to AMD damages adequate

10  to compensate for Defendants' infringement of the AMD Patents (and, if necessary, related

11  accountings), in an amount to be determined at trial, but not less than a reasonable royalty;

12      E.      enter an order, pursuant to 35 U.S.C. § 284, trebling damages awarded to AMD to

13  the extent Defendants' infringement of the '592 Iacoponi patent is determined to have been

14  willful;

15      F.      enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional

16  case" and thereby awarding to AMD its reasonable attorneys' fees, costs, and expenses;

17      G.      enter an order that Defendants account for and pay to AMD the damages to which

18  AMD is entitled as a consequence of the infringement;

19      H.      enter an order awarding to AMD pre- and post-judgment interest at the maximum

20  rates allowable under the law; and,

21      I.      enter an order awarding to AMD such other and further relief, whether at law or in

22  equity, that this Court deems just and proper.

23

24                                  Respectfully submitted,

25

26

27

28

**THIRD AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1  DATED:  March ___, 2010

2

3                                      **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

4                                      By: _____

5                                          William H. Manning
                                           Brad P. Engdahl
                                           David E. Marder
6

7                                      **REED SMITH L.L.P.**

8                                          John P. Bovich

9                                      Attorneys for Plaintiffs Advanced Micro
                                       Devices, Inc. and ATI Technologies, ULC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

- 13 -                                          **THIRD AMENDED COMPLAINT,
                                                ACTION NO. CV-08-0986-SI**

## **DEMAND FOR JURY TRIAL**

AMD demands a jury trial on all issues so triable.

DATED:  March ___, 2010


**ROBINS, KAPLAN, MILLER & CIRESI L.L.P**


By:_____
       William H. Manning
       Brad P. Engdahl
       David E. Marder


**REED SMITH L.L.P.**

       John P. Bovich


Attorneys for Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

- 14 -

**THIRD AMENDED COMPLAINT,**
**ACTION NO. CV-08-0986-SI**