IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, et al., | No. C 08-00986 SI |
| Plaintiffs and Counterdefendants, | **ORDER RE: SAMSUNG'S MOTION TO ALLOW DEPOSITION OF WILLIAM TRIGGS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, et al., | |
| Defendants and Counterclaimants. | |

Samsung seeks an order allowing it to take the deposition of a third-party witness, William Triggs, to support its theory that AMD's Iacoponi '592 Patent is invalid due to prior anticipation. Fact discovery in this case ended on March 5, 2010. According to Samsung, Mr. Triggs was unavailable for deposition prior to that date; therefore, Samsung now seeks to depose Mr. Triggs on March 25, 2010. AMD objects that Samsung's request to take the late deposition should not be granted because Samsung intentionally delayed subpoenaing Mr. Triggs until just before the discovery cutoff "to avoid revealing its new theory of anticipation to AMD." AMD further objects that Samsung's motion, although styled as a motion to compel, is really a motion to extend the fact discovery deadline. AMD points out that Samsung filed its motion on the last day set by the Court for filing motions to compel without first attempting to meet and confer with AMD regarding potential extension of the discovery deadline.

Samsung initially sought to take the depositions of four third-party witnesses with respect to the Iacoponi '592 Patent.[1] Six days after Samsung filed its initial request with this Court, Samsung filed

---

[1] The subpoenas were issued by the District of Arizona, and AMD filed a motion to quash with that court. *See Advanced Micro Devices, Inc. v. Samsung Elec. Co., Ltd.*, No. 10-0031 (D. Ariz.) (Docket No. 1). AMD has apparently advised the court of the pending motion to compel in this Court.

a notice stating that it had taken the deposition of one of the four witnesses off calendar and was "presently considering whether to withdraw its request to take some or all of the depositions at issue." The next day, Samsung formally withdrew its subpoenas with respect to three of the witnesses, leaving only Mr. Triggs.

In the ten-day period since Samsung's motion was filed, the parties have submitted a total of seven letter briefs in quick succession, each taking issue with the other party's conduct during discovery. Many of the issues raised in the parties' letters are irrelevant to the dispute raised by Samsung's request. For example, AMD complains that Samsung wishes to submit hearsay declarations from the three witnesses whom it no longer seeks to depose; however, Samsung has not sought to offer such evidence for any purpose, so its admissibility is not an issue at this time. In addition, Samsung complains that AMD is impeding its efforts to depose Mr. Triggs despite its willingness to "allow" AMD to take several late depositions. AMD responds that the depositions at issue were only conducted after the discovery cutoff because Samsung would not make the witnesses available until then.

By raising these disputes through a flurry of letter briefs, the parties are essentially asking the Court to referee their disputes play by play. It is not the Court's role to oversee discovery to this extent. The parties must attempt in good faith to resolve their disputes *before* seeking the Court's intervention.

It is apparent to the Court that the parties have been attempting to satisfy their meet and confer obligations solely through written communications. Under Civil Local Rule 1-5(n), however, meet and confer requirements "can be satisfied only through *direct dialogue and discussion* – either in a face to face meeting or in a telephone conversation." The parties are therefore ordered to confer **via telephone or in person, no later than March 30, 2010** in a good faith effort to resolve their dispute concerning the deposition of Mr. Triggs. If the parties are unable to resolve their dispute, Samsung may renew its motion to compel **no later than March 31, 2010,** and AMD may respond no later than **April 2, 2010.** No further letter briefs will be accepted, and no extensions of these deadlines will be permitted.

**IT IS SO ORDERED.**

Dated: March 24, 2010

SUSAN ILLSTON
United States District Judge

2