IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, et al., | No. C 08-00986 SI |
| Plaintiffs/Counterdefendants, | **ORDER DENYING SAMSUNG'S MOTION TO STRIKE FINAL INFRINGEMENT CONTENTIONS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants/Counterclaimants. | |

Defendant and counterclaimant Samsung's motion to strike portions of plaintiff and counterdefendant AMD's final infringement contentions is presently set for oral argument on April 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES Samsung's motion.

**BACKGROUND**

The procedural and factual background of this case has been discussed at length in prior orders and need not be recounted here. In the motion presently before the Court, Samsung moves to strike portions of AMD's Final Infringement Contentions ("FIC") with respect to U.S. Patent No. 6,784,879 (the "'879 Patent") on the ground the contentions accuse products that were not included in AMD's Preliminary Infringement Contentions ("PIC"). The '879 Patent, entitled "Method and Apparatus for Providing Control of Background Video," claims a method for allowing a computer user who has multiple applications open on her desktop to adjust the attributes of a video playing in the background (e.g., change the volume, pause, fast-forward, or rewind) without interrupting her work in another

application, for example a word-processing file. Third Amended Complaint ("TAC") ¶ 13(g).

AMD served its PIC on September 30, 2008. AMD identified and charted four Samsung products which it accused of infringing the '879 Patent: the SCH-u940 Glyde Cellular Phone, the SC-HMX10 Camcorder, the S860 Digital Camera, and the LNT4065F LCD Television. *See generally* PIC, ex. 1 to Ernst Decl. The claim charts stated that AMD also accused all cell phones, camcorders, cameras, and televisions "having a structure and functions that are the same in all relevant aspects" as the four charted products. *Id.* AMD attached to its PIC a list of 18,000 Samsung products, 7,000 of which were cell phones, camcorders, cameras, or televisions, which AMD alleged infringed one of the seven patents-in-suit. *See* Product List, ex. 1-A to Ernst Decl.

After extensive discovery, Samsung requested in June 2009 that AMD amend its infringement contentions to specify which products AMD accused of infringing the '879 Patent. *See* June 2, 2009 Email, ex. 6 to Ernst Decl. Samsung then sent AMD a list of all the Samsung products which Samsung believed were accused of infringement. *See* June 17, 2009 Product List, ex. E to Fahrenkrog Decl. Samsung stated in its email, "To the extent you wish to supplement the accused product list, please do so by July 10, 2009. We also ask for your agreement by that date that AMD's preliminary infringement contentions are limited, for each asserted claim, to the products in the accused patent list." *See* June 16, 2009 Email, ex. C to Fahrenkrog Decl. In response, AMD stated that the list Samsung had provided was missing 186 televisions, 29 cameras, 11 camcorders, and 20 cell phones that AMD had identified approximately one month previously as allegedly infringing the '879 Patent. *See* June 19, 2009 Email, ex. F to Fahrenkrog Decl., at 10.

The parties subsequently stipulated that the products accused of infringing the '879 Patent would be represented by a total of fourteen exemplar products, but disagreed on what those exemplars should be. *See* Nov. 17, 2009 Stipulation, at 5 (Docket No. 264). The parties provided the Court with a list of 279 total products accused with respect to the '879 Patent. For each of these 279 products, each party stated its preferred exemplar product. *See* ex. G to Nov. 17, 2009 Stipulation. AMD served its FIC one month later, on December 23, 2009. In the FIC, AMD identified approximately 220 Samsung products that it finally accused of infringing the '879 Patent. *See* ex. B-2 to FIC, ex. 2 to Ernst Decl. AMD grouped these products into ten categories, represented by the four products AMD had identified in its

2

PIC and six additional products: the LN32A550P3FXZA television, HLT7288WX/XAA television, LN32A540P2DXZA television, SCH-i910 cellular phone, SCH-r800 cellular phone, and SC-D382 camcorder. *See generally* FIC. Each of the six additional products was listed both in Samsung's June 2009 product list and in the parties' November 2009 stipulation.

After AMD served its FIC, Samsung objected to AMD's having included six new categories of products in its FIC without leave of the Court, and asked AMD to withdraw its contentions with respect to the six categories. *See* Feb. 12, 2010 Email, ex. 11 to Ernst Decl., at 1. Two weeks later, Samsung filed the present motion to strike those portions of AMD's final infringement contentions relating to the six categories of products that were not charted in the PIC.

## DISCUSSION

Samsung argues that the relevant portions of the FIC must be stricken because AMD cannot make substantive amendments to its contentions without leave of the Court. AMD counters that Samsung itself identified the products named in the FIC as early as June 2009. According to AMD, the only thing "new" about the products accused in the FIC is the fact that they are grouped into ten categories, rather than the four categories named in the PIC.

The parties agree that the 2000 version of the Patent Local Rules governs this case. Samsung points out that no provision of that version of the Rules permitted a plaintiff acting without leave of court to serve final infringement contentions identifying for the first time new products accused of infringing the plaintiff's patents. *See LG Elecs. Inc. v. Q-Lity Comp. Inc.*, 211 F.R.D. 360, 363, 367 (N.D. Cal. 2002). What Samsung ignores, however, is that the six products at issue in this case were not identified for the first time in the FIC, as they were in *LG Electronics*. To the contrary, in this case Samsung itself identified the products in the list it sent to AMD in June 2009; the parties thereafter named all of the products again in their November 17, 2009 stipulation. Thus, the six products Samsung now challenges have been known to both parties for at least eight months.

The cases cited by Samsung underscore the fact that the Local Rules' limitations on a plaintiff's ability to amend infringement contentions stem from concerns of notice and prejudice. For example, in the primary case relied on by Samsung, *LG Electronics*, the plaintiff sought to amend its FIC to add

3

products which were produced by an alleged infringer who was not yet a party to the suit, and which involved technology which was not previously at issue. *Id.* at 370-72. Similarly, in *Monolithic Power Systems, Inc. v. O2 Micro International, Ltd.*, No. 08-4567, 2009 WL 3353306, at *2 (N.D. Cal. Oct. 16, 2009), the court denied the plaintiff leave to amend its infringement contentions because the defendant did not have prior notice that the plaintiff intended to accuse certain additional products of infringement.

Here, by contrast, Samsung itself identified the products at issue in June 2009, well before the close of fact discovery just a few weeks ago. Moreover, the products named and charted in the FIC involve the same technology and the same alleged infringer as the products named and charted in the PIC. In the Court's view, this case does not implicate the notice and prejudice issues raised in *LG Electronics* and *Monolithic Power*.

Accordingly, Samsung's motion to strike the challenged portions of AMD's final infringement contentions is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES Samsung's motion to strike portions of AMD's final infringement contentions. (Docket No. 347).

**IT IS SO ORDERED.**

Dated: March 31, 2010

SUSAN ILLSTON
United States District Judge