William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Cole M. Fauver (*pro hac vice*)
E-mail: CMFauver@rkmc.com
Angela M. Munoz-Kaphing (*pro hac vice*)
E-mail: AMMunoz@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone:   612-349-8500
Facsimile:   612-339-4181

John P. Bovich (SBN 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone:   415-543-8700
Facsimile:   415-391-8269

Attorneys for Plaintiffs and Counterclaim-
Defendants Advanced Micro Devices, Inc. and
ATI Technologies, ULC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., | Case No. CV-08-0986-SI |
| Plaintiffs, | **COUNTERCLAIM-DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT AS TO U.S. PATENT NO. 5,091,339 and U.S. PATENT NO. 5,173,442** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants. | DATE: June 25, 2010 TIME: 9:00am COURTROOM: 10, 19th Floor JUDGE: The Honorable Susan Illston |
| AND RELATED COUNTERCLAIMS. | |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1

**NOTICE OF MOTION AND MOTION**

2    TO SAMSUNG ELECTRONICS CO., LTD. ( "Samsung"), AND ITS COUNSEL

3    OF RECORD:

4    PLEASE TAKE NOTICE that on June 25, 2010 at 9:00 a.m., or as soon thereafter

5    as the matter may be heard before the Honorable Judge Illston, United States Court

6    House, San Francisco, California, Plaintiffs and Counterclaim-Defendants Advanced

7    Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD") will move and

8    hereby do move pursuant to Federal Rule of Civil Procedure 56 for an order granting

9    summary judgment against Samsung on its claims for infringement of U.S. Patent No.

10   5,091,339 and U.S. Patent No. 5,173,442 (collectively "the Carey '339 and '442 patents").

11   This motion is brought on the grounds that Samsung is precluded by statute from

12   recovering damages, and separately because Samsung cannot establish that the accused

13   processes use all steps of the asserted Carey '339 and '442 claims.

14   This motion is based upon this Notice of Motion and Motion, the attached

15   Memorandum of Points and Authorities, on the Declarations of Kevin O'Neil and Angela

16   M. Munoz-Kaphing and the exhibits thereto filed contemporaneously herewith, the papers

17   and pleadings on file in this action, and such other and further evidence as may

18   subsequently be presented to the Court.

19

20

21

22

23

24

25

26

27

28

- ii -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ............................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ..................................................................................2

    A.   The '339 and '442 Patents. ..........................................................................2

    B.   The Accused Processes. ...............................................................................6

III.  STATEMENT OF APPLICABLE LAW ................................................................7

    A.   Summary Judgment Standard. ......................................................................7

    B.   Northern District of California Patent Local Rules Governing
          Infringement Contentions. ...........................................................................7

IV.   SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE EACH
      OF SAMSUNG'S INFRINGEMENT CLAIMS FAIL AS A MATTER OF
      LAW .........................................................................................................................9

    A.   Samsung's Direct Infringement Claim Fails As A Matter Of Law. .............9

    B.   Samsung's Indirect Infringement Claims Fail As A Matter Of Law............9

    C.   Samsung's Importation Claim Fails As A Matter Of Law. .........................11

V.    SUMMARY JUDGMENT OF NO INFRINGEMENT SHOULD BE
      GRANTED TO AMD BECAUSE SAMSUNG'S INFRINGEMENT
      CONTENTIONS FAIL TO ESTABLISH THAT THE ACCUSED
      PRODUCTS WERE MADE USING THE CLAIMED METHODS ....................14

    A.   Samsung's Evidence In Its Preliminary Infringement Contentions
          Does Not Show That the Radeon X1950 Processors Were Made
          Using the Claimed Method. .......................................................................14

          1.   Published Articles. .........................................................................15

          2.   Teardown of the Radeon X1950 Processor. ....................................16

    B.   Samsung's Final Infringement Contentions Similarly Fail To
          Identify Evidence Supporting Each Claimed Step. ....................................18

VI.   CONCLUSION .......................................................................................................19

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Agilent Technologies Inc. v. Affymetrix, Inc.,*
2008 WL 7348188 (N.D. Cal. Jun. 13, 2008) ..................................................17

*Am. Med. Sys., Inc. v. Med.Eng'g Corp.,*
6 F.3d 1523 (Fed. Cir. 1993)......................................................................14

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ....................................................................................7

*Aro Mfg. Co. v. Convertible Top Replacement Co.,*
377 U.S. 476 (1964) ..............................................................................10, 11

*Baldwin Graphic Systems, Inc. v. Siebert, Inc.,*
512 F.3d 1338 (Fed. Cir. 2008)..............................................................17

*Bandag, Inc. v. Gerrard Tire Co., Inc.,*
704 F.2d 1578 (Fed. Cir. 1983)................................................................14

*Berger v. Rossignol Ski Co., Inc.,*
2006 WL 1095914 (N.D. Cal. Apr. 25, 2006),
*motion to vacate denied by* 2006 WL 2038324 (N.D. Cal. July 17, 2006),
*aff'd,* 214 Fed. Appx. 981 (Fed. Cir. Jan. 12, 2007),
*cert. denied,* 552 U.S. 940 (2007) .................................................................8

*Celanese Intern'l Corp. v. Oxyde Chems., Inc.,*
554 F.Supp. 2d. 725 (S.D. Tex. 2008) ..............................................10, 12, 13

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ....................................................................................7

*DSU Medical Corp. v. JMS Co., Ltd.,*
471 F.3d 1293 (Fed. Cir. 2006) *(en banc)*.................................................10

*Eli Lilly & Co. v. Actavis Elizabeth LLC, et al.,*
2009 WL 1444606 (D.N.J., May 21, 2009) ................................................9, 10

*Eli Lilly & Co. v. Zenith Labs., Inc.,*
134 F. Supp. 2d 981 (S.D. Ind. 2001) ..........................................................13

*Holder v. Hall,*
512 U.S. 874 (1994) ....................................................................................13

*Infosint S.A. v. Lundbeck,*
612 F. Supp. 2d 402 (S.D.N.Y. 2009)..............................................12, 13, 14

*Interactive Gift Exp., Inc. v. Compuserve Inc.,*
256 F.3d 1323 (Fed. Cir. 2001)................................................................17

*LG Elec., Inc. v. Hitachi, Ltd.,*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

2009 WL 667232 (N.D. Cal. March 13, 2009) ............................................8

*Linear Technology Corp. v. Intern'l Trade Comm'n,*
   566 F.3d 1049 (Fed. Cir. 2009) ............................................9

*Mantech Envtl. Corp. v. Hudson Envtl. Servs., Inc.,*
   152 F.3d 1368 (Fed. Cir. 1998) ............................................17

*Network Caching Tech., LLC v. Novell, Inc.,*
   2003 WL 21699799 (N.D. Cal. March 21, 2003) ............................................8, 19

*NTP, Inc. v. Research in Motion, Ltd.,*
   418 F.3d 1282 (Fed. Cir. 2005) ............................................10

*Paragon Podiatry Lab. v. KLM Labs., Inc.,*
   984 F.2d 1182 (Fed. Cir. 1993) ............................................7

*Scripps Clinic & Research Found. v. Genentech, Inc.,*
   927 F.2d 1565 (Fed. Cir. 1991) ............................................7

*Sorensen v. AmPro Tools Corp.,*
   2009 WL 605831 (N.D. Cal. Mar. 9, 2009) ............................................14

*Sorenson v. Dorman Products, Inc.,*
   2009 WL 4261189 (S.D. Cal. Nov. 24, 2009) ............................................12

*TechSearch L.L.C. v. Intel Corp.,*
   286 F.3d 1360 (Fed. Cir. 2001) ............................................7

*Topline Corp. v. Dynasty Footwear, LTD,*
   2007 WL 27105 (W.D. Wash. Jan. 2, 2007) ............................................12

*Trell v. Marlee Elecs. Corp.,*
   912 F.2d 1443 (Fed. Cir. 1990) ............................................10

*Warner-Lambert Co. v. Apotex Corp.,*
   316 F.3d 1348 (Fed. Cir. 2003) ............................................9

**Statutes**

35 U.S.C. § 271(a) ............................................9, 10

35 U.S.C. § 271(b) ............................................9, 11

35 U.S.C. § 271(c) ............................................9, 11

35 U.S.C. § 271(g) ............................................9, 11, 12, 13

35 U.S.C. § 287 ............................................14

35 U.S.C. § 287(a) ............................................14

35 U.S.C. § 287(b) ............................................12, 14

35 U.S.C. § 287(b)(2) ............................................11, 12, 13, 14

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Case No. CV-08-0986-SI                    - v -                    COUNTERCLAIM-DEFENDANTS'
                                                                  MEMORANDUM IN SUPPORT OF THEIR
                                                                  MOTION FOR SUMMARY JUDGMENT

1  35 U.S.C. § 287(b)(5)...................................................................................12, 13

2  **Rules**

3  Fed. R. Civ. P. 30(b)(6)...........................................................................................16

4  N.D. Cal. Patent L.R. 3-1.......................................................................................7, 14

5  N.D. Cal. Patent L.R. 3-1(a)......................................................................................8

6  N.D. Cal. Patent L.R. 3-1(b)......................................................................................8

7  N.D. Cal. Patent L.R. 3-1(c)......................................................................................8

8  N.D. Cal. Patent L.R. 3-1(d)......................................................................................8

9  N.D. Cal. Patent L.R. 3-1(e)......................................................................................8

10  N.D. Cal. Patent L.R. 3-1(f)......................................................................................8

11  N.D. Cal. Patent L.R. 3-6(a)......................................................................................8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

COUNTERCLAIM-DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Samsung has asserted U.S. Patent No. 5,091,339 and 5,173,442 (the "Carey '339 and '442 patents") against Plaintiff and Counterclaim-Defendant ATI Technologies, ULC ("ATI"), a subsidiary of Advanced Micro Devices, Inc.[1]  Samsung alleges that certain ATI graphics processing units ("ATI GPUs") were manufactured using a method that infringes certain claims of the Carey '339 and '442 patents.  Summary judgment should be granted against Samsung.

First, it is undisputed that ATI did not perform the methods claimed in the '339 and '442 patents, directly or indirectly.  Direct infringement requires Samsung to prove that ATI actually practiced the patented method when fabricating the accused devices.  But ATI did not manufacture the accused devices.  Rather, it is undisputed that the products were fabricated by Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC").  Because ATI did not fabricate the accused devices, ATI could not have directly infringed the '339 or '442 patents.

Indirect infringement claims – inducement and contributory infringement – require Samsung to prove that TSMC directly infringed the asserted patents.  Direct infringement requires practice of the patented method in the United States.  TSMC manufactured the accused products, and performed the accused methods, outside the United States.  Samsung's indirect claims necessarily fail because it is undisputed that TSMC did not directly infringe the asserted patents in the United States.

Samsung's only possible theory against ATI is based on importation/sale under 35 U.S.C. § 271(g).  Samsung's importation claim also fails as a matter of law.  By statute,

---

[1]    The Carey '339 and '442 patents are two of the six patents Samsung asserted against AMD after receiving AMD's complaint.  On January 26, 2010, Samsung informed AMD that it would abandon its infringement allegations regarding one of the six patents: U.S. Patent No. 5,781,750 (the "Blomgren '750 patent").  On March 10, 2010, Samsung entered into a stipulation with AMD whereby Samsung dismissed its counterclaim for infringement of the Blomgren '750 patent "with prejudice as to all products accused in this case." (Dkt. #363).  This stipulation became a Court order on April 6, 2010.  (Dkt. #426).

COUNTERCLAIM-DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    no remedy under §271(g) exists until a party has notice of infringement for the accused

2    product. It is undisputed that ATI had no notice of the alleged infringement of the '339

3    and '442 patents during the relevant time period. Because there is no genuine issue of

4    material fact relating to Samsung's direct, indirect, or importation claims, summary

5    judgment of non-infringement should be granted on Samsung's '339 and '442 patents.

6        Second, Samsung's infringement contentions fail to provide any evidence showing

7    that the accused products are manufactured using the specific mask and etch steps in the

8    asserted Carey '339 and '442 claims. Neither Samsung's infringement contentions, nor

9    the evidence cited in the contentions, provide a credible basis for Samsung's infringement

10   allegations. Summary judgment of non-infringement should be granted.

## II.   FACTUAL BACKGROUND

### A.   The '339 and '442 Patents.

13       The asserted claims of the Carey '339 and '442 patents define a specific etching

14   method to create channels and vias for electrical interconnects in a semiconductor device.

15   *See* Carey '339 patent (Munoz Decl. in Support of AMD's Motion for Summary

16   Judgment Ex. 1) (hereinafter "Munoz Decl."); Carey '442 patent (Munoz Dec. Ex. 2).

17   "Channels" are spaces for horizontal connectors (*i.e.*, very small wires) within a layer;

18   "vias" are spaces for vertical connectors that run from one layer to a lower layer. The

19   patents describe various sequences of steps for "etching" or removing insulating material

20   to create the space where conductive metal can then be deposited. Some embodiments

21   involve forming the channel first and then the via; others specify forming the via first and

22   then the channel. Some specify using "soft" (or "erodible") masks to define and control

23   the etch of the insulating layer; other embodiments specify using "hard" (less erodible)

24   masks to define and control the etch.

25       Samsung alleges that ATI infringed independent Claim 11 and dependent Claim 13

26   of the '339 patent, and independent Claim 3 of the '442 patent, only for the time period

27   before ATI became a subsidiary of AMD. Each asserted claim specifies a manufacturing

28   method that is comprised of a series of steps that utilize two soft masks and the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

COUNTERCLAIM-DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

application of two etches. *See* Carey '339 patent (Munoz Decl. Ex. 1); Carey '442 patent (Munoz Decl. Ex. 2).

Claim 11 of the '339 patent reads:

A method for fabricating a multilayer electrical interconnect, comprising the following steps <u>in the sequence set forth</u>:

(a) providing an insulating layer on a base;

(b) <u>forming a channel</u> in the top surface and partially through the thickness of the insulating layer;

(c) <u>forming a via</u> in the top surface and completely through the thickness of the insulating layer adjacent the channel;

wherein the channel and via in steps (b) and (c) comprises:

(1)    covering the insulating layer with a <u>first soft mask</u> having an opening to expose the via but covering the channel, wherein the <u>first soft mask is erodible by a first etch</u>;

(2)    applying a <u>first etch</u> to remove the material from the insulating layer where the via is exposed and to either partially or completely <u>erode the first soft mask</u>;

(3)    covering the insulating layer with a <u>second soft mask</u> having an opening <u>to expose the channel and via</u>, wherein the <u>second soft mask is erodible by a second etch</u>; and

(4)    applying a <u>second etch</u> to remove material from the insulating layer where the channel is exposed and material from the insulating layer remaining where the via is exposed until the <u>second soft mask</u> is either partially or completely eroded and the channel and via are etched; thereby forming the channel and via;

(d) depositing an electrical conductor into the channel and via; and

(e) planarizing the interconnect top surface so that the electrically conductive layer remains only in the channel and via and is otherwise

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   removed from the top surface of the insulating layer, and the interconnect

2   top surface is substantially smooth, thereby forming an electrically

3   conducting channel interconnect to an electrically conducting via.

4   Carey '339 patent at 12:33 – 13:3 (Munoz Decl. Ex. 1) (emphasis added).

5   Claim 3 of the '442 patent is similar to the corresponding elements of Claim 11 of

6   the '339 patent, with the exception of the second and fourth sub-steps:

7   A method of forming a channel and a via in an insulating layer, said channel

8   being a horizontally disposed in the top surface of and partially through the

9   thickness of the insulating layer and said via being adjacent to the channel and

10   vertically disposed and completely through the thickness of the insulating layer,

11   said method comprising the steps of:

12   (1)   covering the insulating layer with a first soft mask having an opening

13   to expose the via but covering the channel wherein the first soft mask is

14   erodible by a first etch;

15   (2)   applying the first etch to at least partially remove the insulating layer

16   where the via is exposed;

17   (3)   covering the insulating layer with a second soft mask having an

18   opening to expose the channel and the via wherein the second soft mask is

19   erodible by a second etch; and

20   (4)   applying the second etch to remove the insulating layer where the

21   channel is exposed and to remove any of the insulating layer remaining

22   where the via is exposed so that the channel and the via are formed.

23   Carey '442 patent at 11:50 – 12:3 (Munoz Decl. Ex. 2) (emphasis added).

24   In the illustrated embodiment, a first "soft mask" is placed to expose the region

25   where the via will be and to protect the remainder.  The surface is exposed to chemicals,

26   resulting in removal of material from the via region:

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS



*Fig. 4a*

*Fig. 4b*

*Fig. 4c*

Figure 4a depicts the first soft mask (37), which contains openings exposing the via regions (20) and covering the channel regions (22). Carey '339 patent at 5:6-6:1 (Munoz Decl. Ex. 1).

Figure 4b depicts the application of the first etch (24a) to the first soft mask (37). *Id.* at 6:1-2.

Figure 4c depicts the removal of the insulating material from the via region (20). *Id.* at 6:4-7.

Then, a second soft mask is applied, exposing both the channel and the via regions. The surface is again exposed to chemicals, this time completing the removal of material from the via region and also removing material from the channel region:



*Fig. 4d*

Figure 4d depicts the second soft mask (38), which contains openings exposing both the via regions (20) and the channel regions (22). *Id.* at 6:8-11.

Case No. CV-08-0986-SI                     - 5 -



Figure 4e depicts the application of the second etch (24b) to the second soft mask. *Id.* at 6:12-13.

Figures 4f and 4g depict the complete removal of the insulating material from the via region (20) and the removal of the insulating material from the channel region (22). *Id.* at 6:13-20.

The asserted claims all require a soft or "erodible" mask for controlling the etches, and also that the via region be exposed during the second (or "channel") etch.

## B.    The Accused Processes.

Samsung originally asserted the Carey '339 and '442 patents against ATI's Radeon X1950 processors. Samsung's Preliminary Infringement Contentions at Exhibits B and C (Munoz Decl. Ex. 3). Samsung has now expanded its infringement allegations to include earlier generations of ATI graphics processors, for the time period prior to October 2006. Samsung's Final Infringement Contentions at Exhibits B1-B4 and Exhibits C1-C4 (Munoz Decl. Ex. 4). TSMC manufactures the accused products for ATI. Declaration of Kevin O'Neil in Support of AMD's Motion for Summary Judgment at ¶ 5 (hereinafter "O'Neil Decl."). This is undisputed, as Samsung's Final Infringement Contentions expressly cite to TSMC processes as evidence of infringement. Samsung's Final Infringement Contentions at Exhibits B1 to C4 (Munoz Decl. Ex. 4).

ATI does not design the fabrication processes used by TSMC. Changyok Park

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

COUNTERCLAIM-DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

1  Dec. 15, 2009 Depo Tr. at 15:20-25, 59:25-60:23, 61:25-62:7 (Munoz Decl. Ex. 5).

2  Rather, ATI selects the TSMC process corresponding to the desired geometry size (*e.g.*,

3  90 nanometer). ATI does not determine the particular fabrication steps to be used, and is

4  not advised of the full details of TSMC's fabrication steps. Changyok Park Dec. 15, 2009

5  Depo Tr. at 59:25-60:23, 61:25-62:7, 73: 8-10 (Munoz Decl. Ex. 5); Changyok Park Feb.

6  23, 2010 Depo Tr. at 254: 13-17; 256:20-257:3; 257:19-258:3; 286:16-287:23 (Munoz

7  Decl. Ex. 6).

8  **III.    STATEMENT OF APPLICABLE LAW**

9       **A.    Summary Judgment Standard.**

10      Summary judgment of non-infringement should be granted when "only one

11  conclusion as to infringement could be reached by a reasonable jury." *TechSearch L.L.C.*

12  *v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. 2001). In opposing a motion for summary

13  judgment, Samsung must come forward with evidence to support each element of each

14  claim on which it will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477

15  U.S. 317, 322 (1986). Although the evidence must be viewed in the light most favorable

16  to the nonmoving party, "if the evidence [presented by the nonmoving party] is merely

17  colorable, or is not significantly probative, summary judgment may be granted." *Scripps*

18  *Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1571 (Fed. Cir. 1991)

19  (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations

20  omitted)). "By its very terms, this standard provides that the mere existence of some

21  alleged factual dispute between the parties will not defeat an otherwise properly supported

22  motion for summary judgment; the requirement is that there be no genuine issue of

23  material fact." *Paragon Podiatry Lab. v. KLM Labs., Inc.*, 984 F.2d 1182, 1184-85 (Fed.

24  Cir. 1993) (quoting *Anderson*, 477 U.S. at 247-48).

25      **B.    Northern District of California Patent Local Rules Governing**

26          **Infringement Contentions.**

27      Patent Local Rule 3-1 requires Samsung to serve a "Disclosure of Asserted Claims

28  and Preliminary Infringement Contentions." In order to fully comply with this rule,

Samsung must identify:  each of the claims that are allegedly infringed, the accused instrumentalities, a chart identifying where each element of the asserted claims are found in the accused instrumentalities, whether each element is literally present or present under the doctrine of equivalents, the priority date if the patent claims priority to an earlier application, and (if applicable) the plaintiff's own instrumentality that practices the asserted claims.  N.D. Cal. Patent L.R. 3-1(a)-(f).  The Patent Local Rules also permit a party to serve Final Infringement Contentions that "amend its Preliminary Infringement Contentions with respect to the information required by Patent L.R. 3-1(c) and (d)." N.D. Cal. Patent L.R. 3-6(a).

The Patent Local Rules governing infringement contentions require patentees to set forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves." *Network Caching Tech., LLC v. Novell, Inc.*, 2003 WL 21699799, at *4 (N.D. Cal. Mar. 21, 2003).  Moreover, the infringement contentions must contain the relevant facts that the plaintiff obtained in its prefiling investigation.  *See id.* at *4 ("[T]he standard of FRCP 11 prefiling inquiry establishes a minimum level of detail that Patent LR 3-1 requires.").

It is proper for a court to consider a party's Patent Local Rule disclosures when adjudicating a summary judgment motion.  *See, e.g., LG Elec., Inc. v. Hitachi, Ltd.*, 2009 WL 667232, at *6-7, *12 (N.D. Cal. Mar. 13, 2009) (relying on the patentee's preliminary infringement contentions when granting the accused infringer's summary judgment motion); *Berger v. Rossignol Ski Co., Inc.*, 2006 WL 1095914, at *5-6 (N.D. Cal. Apr. 25, 2006) (granting summary judgment of noninfringement because the patentee's infringement contentions did not demonstrate that all claim limitations were present in the accused device), *motion to vacate denied by* 2006 WL 2038324 (N.D. Cal. July 17, 2006), *aff'd*, 214 Fed. Appx. 981 (Fed. Cir. Jan. 12, 2007), *cert. denied*, 552 U.S. 940 (2007).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**IV.   SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE EACH OF SAMSUNG'S INFRINGEMENT CLAIMS FAIL AS A MATTER OF LAW.**

Samsung alleges direct infringement, indirect infringement, and infringement by importation.   SEC First Amended Answer and Counterclaims (Dkt. #236) at ¶¶ 116, 121; SEC Third Amended Answer and Counterclaims (Dkt. #420) at ¶¶ 121, 126.   Samsung has not alleged that ATI had notice of the Carey patents before this case.   The allegations implicate 35 U.S.C. §§ 271(a), (b), (c), and (g).   The following sections discuss each of Samsung's allegations.

**A.   Samsung's Direct Infringement Claim Fails As A Matter Of Law.**

To prove direct infringement under § 271 (a), Samsung must prove that ATI actually practiced the patented method in the United States to fabricate the accused products.   *See Linear Tech. Corp. v. Int'l Trade Comm'n*, 566 F.3d 1049, 1060-61 (Fed. Cir. 2009).   Where the "patented invention" is a process or method, the patent can only be directly infringed by one who practices the claimed process or method.   *See id.* "Practicing the patented method means that one must actually perform each step of the claimed method in the United States." *Eli Lilly & Co. v. Actavis Elizabeth LLC, et al.*, 2009 WL 1444606, at *3 (D.N.J., May 21, 2009).

ATI did not practice the method described in the Carey '339 and '442 patents to manufacture the accused products.   An independent foundry, TSMC, manufactured all of the accused processors during the period of alleged infringement.   O'Neil Decl. at ¶¶ 5-6. Because ATI did not fabricate the accused devices, ATI did not directly infringe the Carey '339 and '442 patents. *Linear Tech. v. Int'l Trade Comm'n*, 566 F.3d at 1060-61; *see also Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003) (summary judgment of no direct infringement under § 271(a) granted where defendant did not practice the accused method).   Therefore, this Court should grant summary judgment of no direct infringement of the '339 and '442 patents.

**B.   Samsung's Indirect Infringement Claims Fail As A Matter Of Law.**

Section 271 provides for two types of indirect infringement: inducement and

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   contributory.  35 U.S.C. § 271 (b) and (c).   To prove induced infringement, Samsung

2   must prove that (1) a third party [TSMC] directly infringed the asserted patents, and

3   (2) ATI knew or should have known that its actions would induce TSMC's direct

4   infringement.  *See Celanese Int'l Corp. v. Oxyde Chems., Inc.*, 554 F. Supp. 2d. 725, 728

5   (S.D. Tex. 2008). Like inducement, contributory infringement requires direct infringement

6   by a third-party, and "requires a showing that [ATI] knew that the combination for which

7   [its] component was especially designed was both patented and infringing." *Aro Mfg. Co.*

8   *v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).  The undisputed evidence

9   precludes recovery under either theory.

10          Samsung's induced and contributory infringement claims fail as a matter of law

11   because TSMC could not have directly infringed the asserted patents.  Direct infringement

12   requires that each and every step of the method claim occur within the United States.  35

13   U.S.C. § 271(a); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir.

14   2005) (holding that a method claim cannot be indirectly infringed if one or more steps is

15   practiced outside the United States); *Eli Lilly & Co. v. Actavis Elizabeth LLC, et al.*, 2009

16   WL 1444606, at *3 (D.N.J., May 21, 2009).  It is undisputed that TSMC manufactured the

17   accused devices outside the United States.   Because there is no evidence, or even

18   allegation, that TSMC practiced the asserted method patents in the United States, ATI can

19   have no liability for alleged induced or contributory infringement.  On these facts alone,

20   summary judgment should be granted.

21          Induced and contributory infringement also require that the accused infringer have

22   knowledge of the asserted patents and of infringement of the patents.  *See DSU Med.*

23   *Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*).  If ATI had no

24   knowledge of the asserted patents before or during the period of alleged infringement,

25   there can be no liability. *See Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1447-48 (Fed.

26   Cir. 1990) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488

27   (1964)).  Only those actions taken *after* ATI obtained knowledge of the patent(s) can

28   subject ATI to liability for inducement or contributory infringement.  *DSU Med. Corp.*,

471 F.3d at 1304-05; *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

ATI had no notice of the Carey '339 and '442 patents from any source at any time before or during the period of alleged infringement.   O'Neil Decl. at ¶ 6; *see also* Changyok Park Feb. 23, 2010 Depo Tr. at 378:3-8. (Munoz Decl. Ex. 6).   Samsung alleges infringement only for the time <u>before</u> October 25, 2006, the date when AMD acquired ATI.   SEC First Amended Answer and Counterclaims (Dkt. #236) at ¶¶ 116, 121; SEC Third Amended Answer and Counterclaims (Dkt. #420) at ¶¶ 121, 126 (both alleging infringement of the '339 and '442 patents by ATI only "up to the time that ATI became a subsidiary of AMD").   Further, it is undisputed that Samsung did not notify ATI of the patents at any point before or during the period of alleged infringement.   Because the undisputed evidence is that TSMC did not directly infringe the asserted patents, and that ATI had no notice of the asserted patents before or during the period of alleged infringement, Samsung's claims under 35 U.S.C. §§ 271(b) and (c) fail as a matter of law. Therefore, this Court should grant summary judgment of no indirect infringement of the Carey '339 and '442 patents.

C.     **Samsung's Importation Claim Fails As A Matter Of Law.**

Section 271(g) governs liability for importing devices that are manufactured using a patented process.   35 U.S.C. § 271(g).   The statute provides that "[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. . . ."   35 U.S.C. § 271(g).   Notwithstanding, remedies for infringement under § 271(g) are unavailable unless the person subject to liability "had notice of infringement with respect to <u>that product</u>."   35 U.S.C. § 287(b)(2) (emphasis added).

No remedies for infringement under section 271(g) of this title shall be available with respect to any product in the possession of, or in transit to, the

COUNTERCLAIM-DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

1   person subject to liability under such section before that person had notice

2   of infringement with respect to that product. The person subject to liability

3   shall bear the burden of proving any such possession or transit.

4   35 U.S.C. § 271(b)(2).

5   "Notice of infringement" means "actual knowledge, or receipt by a person of a

6   written notification, or a combination thereof, of information sufficient to persuade a

7   reasonable person that it is likely that a product was made by a process patented in the

8   United States." 35 U.S.C. § 287(b)(5). That is, the accused infringer must have notice of

9   the accused product *and* the patent. *Id.* Under 35 U.S.C. § 287(b)(2), the importer, ATI,

10  must have had "notice of infringement" before it imported or sold the allegedly infringing

11  goods or no remedy shall exist under 35 U.S.C. § 271(g). *Celanese Int'l Corp. v. Oxyde*

12  *Chem., Inc.*, 554 F. Supp. 2d 725, 728-30 (S.D. Tex. 2008).

13  Courts interpreting 35 U.S.C. § 287(b)(2) have consistently found that an alleged

14  infringer cannot be liable for damages under 35 U.S.C. § 271(g) before it received "notice

15  of infringement." *See Celanese Int'l Corp.*, 554 F. Supp. at 725; *Sorenson v. Dorman*

16  *Products, Inc.*, 2009 WL 4261189, at *2 (S.D. Cal. Nov. 24, 2009) (recognizing that

17  "§271(g) and §287(b)(2) do limit damages for the unauthorized importation, sale, or use

18  of a product made by a patented process to only those damages arising during the term of

19  the patent and <u>after the infringer has received notice</u>," but declining to address the accused

20  infringer's § 287(b)(2) argument in a motion to dismiss and stating that it is "better suited

21  for a motion for summary judgment") (emphasis added); *Infosint S.A. v. Lundbeck*, 612 F.

22  Supp. 2d 402, 404 (S.D.N.Y. 2009) (recognizing that § 287(b) limits the remedies

23  available for sale or importation under § 271(g) but denying summary judgment to

24  defendant on its argument that it received no notice from plaintiff because "actual

25  knowledge" can "come from sources other than the plaintiff."); *Topline Corp. v. Dynasty*

26  *Footwear, LTD*, 2007 WL 27105, at *1-2 (W.D. Wash. Jan. 2, 2007) (recognizing that

27  § 287(b) "establishes that a plaintiff must provide notice of infringement before damages

28  are recoverable under § 271(g)," but denying motion to dismiss because plaintiff

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    adequately pleaded notice of infringement pursuant to § 287(b)); *Eli Lilly & Co. v. Zenith*

2    *Labs., Inc.*, 134 F. Supp. 2d 981, 982-85 (S.D. Ind. 2001) (recognizing that "287(b)(2)

3    provides that an importer of an infringing product is not liable for infringement under 35

4    U.S.C. § 271(g) unless it "had notice of infringement with respect to that product;" but

5    denying summary judgment to defendant because importer defendant had in fact received

6    actual written notice, in the form of plaintiff's process patents and a process diagram for

7    the manufacturer's allegedly infringing process, prior to the infringement period).   The

8    outcome in the cases interpreting  § 287(b)(2) turns on whether the accused infringer has,

9    or is alleged to have, "notice of infringement" as that term is defined in 35 U.S.C. §

10   287(b)(5) before the accused importation.[2]

11         The facts, analysis, and proposed outcome here closely track a recent case from the

12   Southern District of Texas.  In *Celanese International Corp. v. Oxyde Chemicals, Inc.*,

13   554 F. Supp. 2d 725 (S.D. Tex. 2008), the owner of a patent claiming a process for

14   producing acetic acid with a high catalyst stability asserted an importation claim under 35

15   U.S.C. § 271(g) against a company that imported acetic acid from a Chinese supplier.  *Id.*

16   at 726.  The patent owner alleged that the Chinese supplier practiced the patented process

17   in manufacturing the imported acetic acid.  *Id.*  After noting that the defendant did not

18   dispute importation under 35 U.S.C. § 271(g), the court turned to 35 U.S.C. § 287(b)(2)

19   and discussed the requirement that the alleged infringer have "notice of infringement"

20   before liability can be imposed under 35 U.S.C. § 271(g).  *Id.* at 728-29.  The court

21   granted summary judgment because the importer presented affirmative evidence that it did

22   not have knowledge that the acetic acid was produced using the asserted patented method

23   before importation, and the patent owner failed to present evidence that raised a genuine

24   ─────────────

[2]      One court has considered the legislative history of 35 U.S.C. § 287(b)(2) and
25   questioned its applicability where the accused importer has a high level of working
     relationship with the manufacturer.  *Infosint S.A. v. Lundbeck*, 612 F. Supp. 2d 404-
26   405 (S.D.N.Y. 2009).   However, the statute contains no such restriction.  35 U.S.C.
     § 287(b)(2).  Where a statute is unambiguous, the legislative history should not and does
27   not alter its meaning.  *See Holder v. Hall*, 512 U.S. 874, 933 n.28 (1994) (noting that
     consideration of legislative history "is only justified where the face of the statute is
28   inescapably ambiguous") (internal citations omitted).

issue of material fact regarding the importer's alleged knowledge. *Id.* at 729-30; *see also Infosint, S.A., v. Lundbeck*, 612 F. Supp. 2d 402, 404 (S.D.N.Y. 2009) ("Notice of infringement occurs when the alleged infringer has a combination of information sufficient to persuade a reasonable person that it is likely that a product was made by a patented process.") (internal citations omitted).[3]

*Celanese*, and the plain language of § 287(b)(2), should guide the analysis. When applied here, only one conclusion can be reached—summary judgment should be granted for ATI on Samsung's importation claim because it is undisputed that ATI did not receive notice of infringement from *any* source prior to October 25, 2006, and Samsung has not (and cannot) allege infringement against ATI or AMD after that date. O'Neil Decl. at ¶ 6. Samsung has no legal remedy.

**V.    SUMMARY JUDGMENT OF NO INFRINGEMENT SHOULD BE GRANTED TO AMD BECAUSE SAMSUNG'S INFRINGEMENT CONTENTIONS FAIL TO ESTABLISH THAT THE ACCUSED PRODUCTS WERE MADE USING THE CLAIMED METHODS**

Samsung's infringement contentions reveal that Samsung did not have the evidence needed to support its allegation that the accused product was made by the claimed method.

**A.    Samsung's Evidence In Its Preliminary Infringement Contentions Does Not Show That the Radeon X1950 Processors Were Made Using the Claimed Method.**

Samsung's Preliminary Infringement Contentions for the Carey '339 and '442 patents broadly discuss the asserted claims for each of the patents. Although Patent L. R.

---

[3] The § 287(b)(2) analysis and cases cited herein should not be confused with cases discussing the marking requirements of 35 U.S.C. § 287(a). *See, e.g., Bandag, Inc. v. Gerrard Tire Co., Inc.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983); *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993); *see also Sorensen v. AmPro Tools Corp.*, 2009 WL 605831, at *4 (N.D. Cal. Mar. 9, 2009) (affirming established law that there is no marking requirement for process patents under § 287, but declining to address on a Rule 12(b)(6) motion to dismiss the "actual knowledge" requirement for establishing notice of infringement under § 287(b)).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

3-1 requires Samsung to identify "specifically where each element of each asserted claim is found within each Accused Instrumentality," Samsung instead included broad language that impermissibly mimics the claim language of the Carey patents.  N.D. Cal. Patent L. R. 3-1; Samsung's Preliminary Infringement Contentions (Munoz Decl. Ex. 3).

In its Preliminary Infringement Contentions, Samsung asserted that only the Radeon X1950 infringes the Carey patents because it is manufactured using first and second soft masks (*i.e.*, "dual soft mask"), and that the first and second soft masks are separately etched during the manufacture of the Radeon X1950 (*i.e.*, "dual etch process").  Samsung's Preliminary Infringement Contentions (Munoz Decl. Ex. 3).  To support this assertion, Samsung cited only to:  (1) three published articles; and (2) a teardown report of a Radeon X1950 Processor.  *Id.*

The following sections show that Samsung's preliminary infringement contentions fail to provide a reasonable basis to assert infringement of the Carey '339 and '442 patents.

### 1.    Published Articles.

The three articles that Samsung references in its preliminary infringement contentions do not support the allegation that the accused processors are manufactured according to the method claimed in the Carey '339 and '442 patents.   Samsung's Preliminary Infringement Contentions (Munoz Decl. Ex. 3).  The first article, authored by Scott Wasson, is a non-technical product review of the Radeon X1950.  Scott Wasson Article (Munoz Decl. Ex. 7).  The Wasson article contains no information regarding the number or types of masks used to make the product, or the types of etching processes used.  *Id.*  Instead, the article generally states that TSMC utilizes an 80nm fabrication process to manufacture the Radeon X1950 processor.  *Id.*  The second article, authored by Z.C. Wu et al., describes a fabrication method used at TSMC to fabricate dual damascene interconnects.  Wu Article (Munoz Decl. Ex. 8).  Samsung offers no evidence that the particular process is used to fabricate any product, including the accused products.  It is unclear whether TSMC ever implemented this method, or if this method was simply the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

result of research.   The third article, authored by T.I. Bao et al., discusses a "via-first integration process" which was tested at TSMC.   Bao Article (Munoz Decl. Ex. 9). Samsung provides no evidence to establish that this process was used to fabricate the accused products.   Most importantly, none of the articles discuss the specific types of masks used in the processes or the specific etch steps needed to assess the claims.

### 2.   Teardown of the Radeon X1950 Processor.

Samsung also cites to a portion of a 'teardown report' to support its assertion. Chipworks Structural Analysis of the Radeon X1950 Pro Graphics Card (Munoz Decl. Ex. 10).   This report includes microscopic photos of cross-sections of computer chips, often detailing tiny structural features.

Such photos, however, do not always illustrate the method used to fabricate the chip.   Samsung's PICs cite to a single photo from the report, and state that the structure in the cross-section is "consistent with the claimed method [use of soft masks]."   Samsung's Preliminary Infringement Contentions (Munoz Decl. Ex. 3).   Yet Samsung's own Rule 30(b)(6) witness admitted that the cross-section photo does not show what type of mask was used.   JunHee Jin Depo Tr. at 126:15 – 127:10 (Munoz Decl. Ex. 11).

On September 11, 2009, Samsung produced a witness to testify in regard to Topic Number 311, which covers "Samsung's pre-filing investigation regarding AMD's alleged infringement and basis for asserting the Carey patents."   Plaintiffs' and Counterdefendants' Amended Notice of Deposition of Samsung Electronics Co., Ltd. Pursuant to Fed. R. Civ. P. 30(b)(6), Topic 311 (Munoz Decl. Ex. 12).

During this deposition, Samsung's witness testified regarding the teardown of the Radeon X1950.   JunHee Jin Depo Tr. at 125:22–129:15 (Munoz Decl. Ex. 11).   The following excerpt from the deposition transcript of Mr. Jin contains AMD's counsel's inquiry as to the contents of the teardown report and the photograph included in Samsung's infringement contentions:

Q.   What did you see in this report about the structure of the chip that - -

that you thought related to the Carey Patents?

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

COUNTERCLAIM-DEFENDANTS'
MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

1    [Objection from Samsung's counsel.]

2    A.    If you'll turn your attention to page 3-41 of said report, it entails a

3          structure involving the use of copper.  And this struck me as being

4          somewhat similar to the patent.

5    Q.    Can you tell from this figure what type of masks were used?

6          [Objection from Samsung's Counsel.]

7    A.    You can't distinguish the mask from this photo.

8    JunHee Jin Depo Tr. at 126:15 – 127:10 (Munoz Decl. Ex. 11).

9          Therefore, <u>none</u> of the evidence cited by Samsung in its preliminary infringement

10   contentions supports the allegation that the accused product was manufactured using the

11   dual soft mask and dual etch process claimed in the Carey '339 and '442  patents.

12   Further, none of the evidence shows that the via region is exposed during the second (or

13   "channel") etch, as required by all asserted claims.

14         Claim 11 of the '339 patent also  expressly requires  that the method steps be

15   performed "in the sequence set forth."   Where the sequential nature of the steps is

16   explicitly or implicitly apparent from the plain language of a method claim, courts require

17   that the steps be performed in order.  *See, e.g., Baldwin Graphic Systems, Inc. v. Siebert,*

18   *Inc.,* 512 F.3d 1338, 1345 (Fed. Cir. 2008) (the steps of a method are limited to a

19   particular order if "the claim explicitly or implicitly requires a specific order") (citing

20   *Interactive Gift Exp., Inc. v. Compuserve Inc.,* 256 F.3d 1323 (Fed. Cir. 2001)); *Mantech*

21   *Envtl. Corp. v. Hudson Envtl. Servs., Inc.,* 152 F.3d 1368, 1376 (Fed. Cir. 1998) (holding

22   that "the sequential nature of the claim steps is apparent from the plain meaning of the

23   claim language and nothing in the written description suggests otherwise"); *Agilent*

24   *Technologies Inc. v. Affymetrix, Inc.,* 2008 WL 7348188, * 8 (N.D. Cal. Jun. 13, 2008)

25   ("[A] court may look to the claim language and the specification to determine if they

26   directly, or implicitly as a matter of logic or grammar, require that the steps must be

27   performed in the order written.").  Claim 11 of the '339 patent reads:

28         "A method for  fabricating  a multilayer  electrical  interconnect, comprising the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1    following steps in the sequence set forth:

2           (a) providing an insulating layer on a base;

3           (b) forming a channel in the top surface and partially through the thickness of the

4           insulating layer;

5           (c) forming a via in the top surface and completely through the thickness of the

6           insulating layer adjacent the channel[.] . . ."

7    Carey '339 patent at 12:33-41 (Munoz Decl. Ex. 1) (emphasis added).   However,

8    Samsung's infringement contentions contain no evidence showing that the "forming a

9    channel" step occurs before the "forming the via" step.   Samsung's Final Infringement

10   Contentions at Exhibits B1 to B2, C1 to C4 (Munoz Decl. Ex. 4).   Indeed, Samsung's

11   cited evidence is all directed to showing that the via is formed before the channel in a so-

12   called "via-first" method.   Id. ("Plaintiffs and Counterdefendants' processors using

13   TSMC's 80nm processes are fabricated using a "via first" process. . . .").   This is opposite

14   of the order required by steps (b) and (c).   Therefore, independent claim 11 and dependent

15   claim 13 of the '339 patent cannot be infringed.

16          **B.     Samsung's Final Infringement Contentions Similarly Fail To Identify**

17          **Evidence Supporting Each Claimed Step.**

18          Samsung's Final Infringement Contentions ("FICs"), served on January 29, 2010 –

19   after more than a year of discovery – similarly fail to identify evidence supporting critical

20   claim limitations.   Samsung's Final Infringement Contentions at Exhibits B1 to B2, C1 to

21   C4 (Munoz Decl. Ex. 4).   The FICs rely on the same inconclusive photograph from the

22   Radeon X1950 teardown report.   Id.   The FICs also rely on an equally inconclusive

23   photograph from the teardown report of a Radeon 9600XT processor.   Id. at Exhibits B3

24   to B4; ATI Radeon 9600XT Graphic Processor Structural Analysis (Munoz Decl. Ex. 13).

25   Samsung states that this photograph depicts a structure that "is consistent with the claimed

26   method."   Id.   The FICs provide no evidence supporting the claim that the accused method

27   uses "a second soft mask having an opening to expose the channel and the via."   Exhibits

28   B3 to B4 (Munoz Decl. Ex. 4).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   Such conclusory, unsupported statements offer nothing beyond the patent claim

2   language itself, and are therefore insufficient under the rules of this court. *See Network*

3   *Caching Tech., LLC v. Novell, Inc.*, 2003 WL 21699799, at \*4 (N.D. Cal. Mar. 21, 2003)

4   (stating that the Patent Local Rules governing infringement contentions require patentees

5   to set forth "particular theories of infringement with sufficient specificity to provide

6   defendants with notice of infringement beyond that which is provided by the mere

7   language of the patents themselves").  Samsung's Final Infringement Contentions also

8   contain no evidence that steps (b) and (c) of Claim 11 of the '339 patent are performed "in

9   the sequence set forth."

10   Accordingly, summary judgment of no infringement should be granted on

11   Samsung's Carey '339 and '442 patents.

## VI.   CONCLUSION

13   Samsung is precluded by statute from recovering anything on the Carey '339 and

14   '442 patents because ATI had no notice of the alleged infringement before October 2006.

15   Samsung's infringement contentions fail to provide evidence showing several elements of

16   the asserted claims.  Summary judgment should be granted and these patents dismissed

17   from the case.

DATED: April 21, 2010            **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:_____
   William H. Manning (*pro hac vice*)
   Cole M. Fauver (*pro hac vice*)
   Angela M. Munoz-Kaphing (*pro hac vice*)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
612-349-8500

**ATTORNEYS FOR PLAINTIFFS AND
COUNTERCLAIM-DEFENDANTS
ADVANCED MICRO DEVICES, INC. AND
ATI TECHNOLOGIES, ULC**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Case No. CV-08-0986-SI               - 19-