William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
Cole M. Fauver (*pro hac vice*)
E-mail: CMFauver@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800  LaSalle Avenue
Minneapolis, MN  55402
Telephone:  612-349-8500
Facsimile:  612-339-4181

John P. Bovich (Bar No. 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone 415-543-8700

Attorneys for Plaintiffs and
Counterdefendants Advanced Micro
Devices, Inc., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs and Counter-defendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br><br> Defendant and Counterclaimant. | Case. No.  CV-08-0986-SI <br><br> **COUNTERCLAIM-DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT AS TO U.S. PATENT NO. 5,091,339 AND U.S. PATENT NO. 5,173,442** <br><br> DATE:  June 25, 2010 <br> TIME:  9:00 a.m. <br> COURTROOM:  10, 19th Floor <br> JUDGE:  The Honorable Susan Illston |

CASE NO. CV-08-0986-SI

COUNTERCLAIM-DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT OF NON-
INFRINGEMENT OF U.S. PATENT NOS. 5,091,339 AND 5,173,442

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ........................................................................................... 1

II.     ARGUMENT ................................................................................................. 1

       A.     No Court Has Applied § 287(b)(2) In The Restricted Fashion
           Advanced By Samsung. ........................................................................ 1

       B.     Samsung Cannot Show Infringement Of The '339 Patent, Claim 11,
           As It Is Plainly Written............................................................................ 4

       C.     Samsung's Infringement Contentions Do Not Comply With The
           Local Rules.............................................................................................. 5

            1.     There Is No Evidence That The Via Region Is "Exposed"
                 During The Second Etch. .................................................................. 6

III.    CONCLUSION .............................................................................................. 9

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Berger v. Rossignol Ski Co., Inc.,*
   No. C 05-02523 CRB, 2009 WL 1095914 (N.D. Cal. Apr. 25, 2006) ................... 6

*Blausey v. U.S. Trustee,*
   552 F.3d 1124 (9th Cir. 2009) ................................................................................. 3

*Celanese Int'l Corp. v. Oxyde Chems., Inc.,*
   554 F. Supp. 2d 725 (S.D. Tex. 2008) ............................................................... 2, 3

*Cooper v. F.A.A.,*
   596 F.3d 538 (9th Cir. 2010) ................................................................................. 3

*Eli Lilly & Co. v. Zenith Labs., Inc.,*
   134 F. Supp. 2d 981 (S.D. Ind. 2001) .................................................................... 1

*Infosint, S.A. v. H. Lundbeck A/S,*
   612 F. Supp. 2d 402 (S.D.N.Y. 2009) ............................................................... 2, 3

*LG Elecs., Inc. v. Hitachi, Ltd.,*
   655 F. Supp. 2d 1036 (N.D. Cal. 2009) ............................................................. 5, 6

*Network Caching Technology, LLC v. Novell Inc.,*
   No. C-01-2079 VRW, 2003 WL 21699799 (N.D. Cal. Mar. 21, 2003) .................. 6

*Sorensen v. Dorman Prods., Inc.,*
   No. 09-CV-1579 BTM(CAB), 2009 WL 4261189 (N.D. Cal. Nov. 24, 2009) .... 1, 4

*Topline Corp. v. Dynasty Footwear, Ltd.,*
   No. C06-1126JLR, 2007 WL 27105 (W.D. Wash. Jan. 2, 2007) ......................... 1, 2

**Statutes**

35 U.S.C. § 271 ...................................................................................... 1, 2, 5, 9

35 U.S.C. § 287(b)(1)(B) ............................................................................... 3

35 U.S.C. § 287(b)(2) ....................................................................... 1, 2, 3, 5

35 U.S.C. § 295 ............................................................................................. 9

1  **I.     INTRODUCTION**

2        AMD filed this motion because Samsung has no legal remedy under 35 U.S.C.

3  § 271 and because Samsung's infringement contentions do not show evidence for all steps

4  of the asserted method claims.  Either theory is fully dispositive of the infringement

5  claims on Samsung's Carey patents.

6        After AMD's motion was filed, Samsung served its expert report on the Carey

7  patents.  The present motion is not directed to the expert's opinions and conclusions, but

8  to the statutory basis for Samsung's claim and the evidence identified and relied on in

9  Samsung's infringement contentions.  The contentions do not identify evidence for each

10 element of the claimed method.  The same documents relied on by Samsung show the

11 claimed method is *not* practiced.  Samsung's evidence supports a conclusion of no

12 infringement.  Accordingly, summary judgment is warranted.

13 **II.    ARGUMENT**

14       **A.     No Court Has Applied § 287(b)(2) In The Restricted Fashion Advanced
                 By Samsung.**

15

16       Samsung's only remaining theory on the Carey patents is under § 271(g).  But

17 § 287(b)(2) states that a party cannot be held liable under § 271(g) before it receives

18 notice of infringement with respect to the imported product.  Here, Samsung concedes that

19 ATI received no notice before or during the period of alleged infringement.

20       Courts interpreting § 287(b)(2) have consistently recognized this straightforward

21 meaning.  In *Eli Lilly & Co. v. Zenith Laboratories, Inc.*, 134 F. Supp. 2d 981, 982 (S.D.

22 Ind. 2001), the court stated, "35 U.S.C. § 287(b)(2) provides that an importer of an

23 infringing product is not liable for infringement under 35 U.S.C. § 271(g) unless it 'had

24 notice of infringement with respect to that product.'"  *See also Sorensen v. Dorman*

25 *Prods., Inc.*, No. 09-CV-1579 BTM(CAB), 2009 WL 4261189, at *2 (N.D. Cal. Nov. 24,

26 2009) ("§ 271(g) and § 287(b)(2) do limit damages for unauthorized importation, sale, or

27 use of a product made by a patented process to only those damages arising during the term

28 of the patent and after the infringer has received notice"); *Topline Corp. v. Dynasty*

COUNTERCLAIM-DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT OF NON-
INFRINGEMENT OF U.S. PATENT NOS. 5,091,339 AND 5,173,442

1   *Footwear, Ltd.*, No. C06-1126JLR, 2007 WL 27105, at *1-2 (W.D. Wash. Jan. 2, 2007)

2   ("[§ 287(b)(2)] establishes that a plaintiff must provide notice of infringement before

3   damages are recoverable under § 271(g)").

4       The second of two sentences of 35 U.S.C. § 287(b)(2) provides the following: "The

5   person subject to liability shall bear the burden of proving any such possession or transit."

6   In its opposition, Samsung argues that this sentence means safe harbor is available only to

7   "parties who are mere possessors or transporters of the infringing devices."   Samsung's

8   Opposition to Plaintiffs and Counterdefendants' Motion for Summary Judgment of Non-

9   Infringement of U.S. Patent Nos. 5,091,339 and 5,173,442 ("Samsung Opp.") at 19 (Dkt.

10  #490).  This interpretation is incorrect.  This sentence puts in place a statutory framework

11  for resolving timing issues that may arise in cases where, unlike here, the date of notice

12  may be shortly after shipment and while the goods are in transit.  The statute does not

13  limit its application to "mere" possessors or transporters.

14      *Celanese International Corp. v. Oxyde Chemicals, Inc.*, 554 F. Supp. 2d 725 (S.D.

15  Tex. 2008), held that it was "undisputed that by the [notice] date the acetic acid was on

16  board the transporting vessel in transit to Defendant" and that as a result, "the product (the

17  acetic acid) was in transit to the person subject to liability (Defendant) before that person

18  had notice of infringement with respect to that product and the remedy exclusion in

19  § 287(b)(2) applie[d]."  554 F. Supp. 2d at 725.  *Celanese* analyzed the operative acts of

20  "transit or possession" only to compare them with when notice took place.  Here, it is

21  undisputed that the first "notice" was in May 2008, long after the period of alleged

22  infringement which ended in October 2006.  The "possession or transit" language does not

23  limit the statute's application in this case.

24      Additionally, no court has refused to apply § 287(b)(2) based on a relationship

25  between the defendant and the supplier/manufacturer like the one here, and Samsung has

26  offered no such case.  The court in *Infosint* declined to grant summary judgment under §

27  287(b) because notice could have come from a source other than the plaintiff, not because

28  of the relationship between the defendant and manufacturer.  *Infosint, S.A. v. H. Lundbeck*

*A/S*, 612 F. Supp. 2d 402, 404 (S.D.N.Y. 2009) ("Thus the fact that [plaintiff] did not provide notice of the alleged infringement prior to filing its complaint does not establish the absence of a genuine issue of material fact as to whether [defendant] knew it was likely that products in its possession were made by a process patented here."). Nowhere does the court in *Celanese* analyze the relationship between the accused infringer and its supplier. Nothing in § 287(b)(2) excludes its application from a party positioned like ATI. Here, Samsung concedes that there was no prior notice, so there is no fact dispute. *Infosint* does not bar application of the statute.

Section 287 does contain one restriction on the notice provision: it does not apply to an entity that "owns or controls, or is owned or controlled by, the person who practices the patented process." 35 U.S.C. § 287(b)(1)(B). Here, there is no evidence that ATI "owned or controlled" TSMC, or that it was "owned or controlled by" TSMC. It was not. TSMC is an independent foundry, and ATI is one of many of its customers. (O'Neil Decl. ¶ 4 (Dkt. #457).) This provision of § 287 is important, though, because it expressly identifies the one relationship that is excluded: corporate ownership or control. If the statute was also meant to exclude parties based on other levels of working relationship, it would have expressly said so. The enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded. *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1133 (9th Cir. 2009).

The text of 287(b)(2) is plain and unambiguous, and as such no resort to legislative history is necessary. The Ninth Circuit has repeatedly recognized the principle that interpreting Congress's intent begins with "the plain meaning of the language in question." *Cooper v. F.A.A.*, 596 F.3d 538, 544 (9th Cir. 2010) (quotation omitted). If the relevant language is plain and unambiguous, the "task is complete." *Id*.

Samsung states incorrectly that ATI had the "ability to control" the allegedly infringing process used by TSMC. There is no evidence, however, that ATI had such control over the design of the fabrication process, much less that it had corporate "ownership or control" of TSMC. The testimony shows only that ATI selects processes

CASE NO. CV-08-0986-SI — 3 —

from a limited number of available options at a high level (*see* James Seto Dep. Tr. at 32:8-16 (Drew Decl. Ex. 1[1])), and that manufacturers like TSMC design and perform the fabrication processes. *See* Changyok Park Dep. Tr. at 267:18-24 (Drew Decl. Ex. 2). The testimony makes clear that ATI did not control the manufacturing processes used by TSMC, and ATI and TSMC do not discuss such details. *See* AMD Motion for Summary Judgment of Non-Infringement (Dkt. #455) at 6-7.

Samsung concedes that AMD did not receive notice of infringement until May 2008, when counterclaims were filed in this litigation. Under § 287(b)(2), damages are limited to the time "after the infringer has received notice." *Sorensen*, 2009 WL 4261189, at *2. Samsung can have no recovery for its claims of infringement under § 271(g), therefore summary judgment should be granted to AMD.

**B.      Samsung Cannot Show Infringement Of The '339 Patent, Claim 11, As It Is Plainly Written.**

Samsung asks this Court to ignore clear, plain language in claim 11 of the '339 patent. The claim begins, "A method for fabricating a multilayer electrical interconnect, comprising the following steps in *the sequence set forth*: . . . ." (Drew Decl. Ex. 3) (emphasis added). It then recites five steps, each designated by a letter, (a) through (e). These steps recite "forming the channel" as step (b), and then *after* that is "forming the via," step (c). (Drew Decl. Ex. 3.) Steps (a), (b), and (c) are not the preamble, but the first three steps of the claimed five-step method.

The problem for Samsung is that a "wherein" clause later in the claim says that the via is formed first. This is the opposite of the order claimed in (b) and (c) and creates an internal inconsistency as written. While it is clear that Samsung has been *asserting* this as a "via-first" claim, and AMD used that apparent position in its prior art analysis for invalidity purposes, it does not change the clear, plain words of claim 11. Steps (a)

---

[1] As used in this brief, "Drew Decl." refers to the Declaration of Logan J. Drew in Support of Counterclaim-Defendants' Reply In Support of Their Motion for Summary Judgment of No Infringement as to U.S. Patent No. 5,091,339 and U.S. Patent No. 5,173,442, filed herewith.

1    through (e) must be performed in the sequence set forth.

2          Samsung concedes the claim as written is likely invalid (*see* Samsung Opp. at 14

3    (Dkt. #490)), and asks this Court to disregard the claim as drafted to "preserve its

4    validity."   Here, the claim as drafted is nonsensical—it claims both a via-first method,

5    and a channel-first method.   As Samsung concedes, these are mutually exclusive.   The

6    '339 patent describes both via-first and channel-first embodiments, so there is no way to

7    determine what claim 11 covers—a channel-first process, dictated by steps (b) and (c), or

8    a via-first process per the sub-steps after the "wherein" clause.   There is no basis, in

9    structure or grammar, to conclude that the "in the sequence set forth" phrase should skip

10   several lines and modify only the "wherein" clause.   While claim 11 (and its dependent

11   claim 13) may be invalid, as inoperable or indefinite or both, that is not the basis for the

12   present motion.   By this motion, AMD asks for judgment that the accused processes do

13   not infringe claims 11 and 13 of the '339 patent because Samsung has not presented

14   evidence that steps (b) and (c) are performed "in the sequence set forth."

15          **C.     Samsung's Infringement Contentions Do Not Comply With The Local
                     Rules.**
16

17          Under the Local Rules, Samsung is required to identify "specifically where each

18   element of each asserted claim is found within each Accused Instrumentality."   N.D. Cal.

19   Patent L. R. 3-1.   Remarkably, Samsung contends that it is not required to do this, and that

20   its infringement contentions do not need to meet this clear standard.   Samsung's

21   contentions do *not* identify evidence supporting each element of the asserted claims and

22   do not set forth the specific theory of infringement, so summary judgment of no

23   infringement is proper.

24          The Northern District of California has repeatedly relied on deficiencies in a

25   party's infringement contentions as a basis for granting summary judgment.   In *LG*

26   *Electronics, Inc. v. Hitachi, Ltd.*, the defendant moved for partial summary judgment of

27   noninfringement with respect to a subset of the accused products based on deficiencies in

28   LG's preliminary infringement contentions.   655 F. Supp. 2d 1036, 1042 (N.D. Cal.

2009).   The patentee specifically argued that because its preliminary infringement contentions are not "facts," they "are not properly considered on a summary judgment motion."  *Id.* at 1044.  The court rejected this argument and granted summary judgment for Hitachi based on insufficient contentions.  *Id.*

Similarly, in *Berger v. Rossignol Ski Co., Inc.*, the court granted summary judgment of noninfringement because the patentee's infringement contentions did not demonstrate that all claim limitations were present in the accused device.  No. C 05-02523 CRB, 2009 WL 1095914, at *5-6 (N.D. Cal. Apr. 25, 2006).

In contrast, *Network Caching Technology, LLC v. Novell, Inc.* was not deciding summary judgment of no infringement for specific claims, but rather addressing a motion to dismiss and Rule 11 sanctions.  No. C-01-2079 VRW, 2003 WL 21699799, at *2 (N.D. Cal. Mar. 21, 2003).   Importantly, the court found that the patentee *had* disclosed its specific theory of infringement and *had* mapped claim elements onto infringing products. *Id.* at *5.  *Network Caching* does not excuse Samsung from compliance with the rules.

### 1.   There Is No Evidence That The Via Region Is "Exposed" During The Second Etch.

The Carey patents disclose several masking alternatives, including soft masks ('339 patent at claim 7 (Munoz Decl. Ex. 1); '442 patent at claim 2 (Munoz Decl. Ex. 2)), hard masks, and a combination of a soft mask on a hard mask.  '339 patent at claim 1 (Munoz Decl. Ex. 1); '442 patent at claim 1 (Munoz Decl. Ex. 2).  The claims asserted in this case require the use of soft masks (not hard masks, not soft masks on hard masks) to control the etch, and also that the via region be "exposed" during the channel etch such that remaining via material may be removed.  '339 patent at claim 11 (Drew Decl. Ex. 3); '442 patent at claim 3 (Munoz Decl. Ex. 2[2]).  Samsung's own 30(b)(6) witness admitted it is not possible to determine the type of mask used to control the etch from the teardown

---

[2] As used in this brief, the term "Munoz Decl." refers to the Declaration of Angela M. Munoz-Kaphing in Support of Plaintiffs and Counterclaim-Defendants' Motion for Summary Judgment of No Infringement as to U.S. Patent No. 5,091,339 and U.S. Patent No. 5,173,442 (Dkt. #467), which was filed concurrently with the AMD motion for summary judgment at issue.

1  pictures in Samsung's contentions, *see* AMD Motion for Summary Judgment of Non-

2  Infringement (Dkt. #455) at 16-17, and Samsung does not refute this testimony.

3  Moreover, Samsung's opposition brief is completely silent on whether or how the via

4  region is "exposed" during the second etch.

5       In the claimed embodiment, as presented in Samsung's papers, the via is partially

6  etched in the via etch step.  Then, a second soft mask exposes both the via and channel

7  region.  During the second etch, the channel is etched and the rest of the via is etched

8  because the via region is "exposed" to the etchant.  *See*, *e.g.*, '339 patent at Figs. 4e and 4f

9  (Munoz Decl. Ex. 1); '442 patent at Figs. 4e and 4f (Munoz Decl. Ex. 2).  However, a

10  different—and equally viable—"via first" method is to completely etch the via in the first

11  step, then protect the etched via region with photoresist or other protective material, and

12  etch only the channel region during the second etch.  This process is not the claimed

13  method because the via region is not "exposed" during the channel etch, and therefore

14  remaining via material will not be removed during the channel etch.

15       Samsung's contentions, both preliminary and final, point again to a teardown

16  image and declare only that it is "consistent with" the claimed method.  This does not

17  identify how the "via is exposed" step is shown.  The contentions do not cite any

18  documents or deposition testimony showing how this aspect of the claim is met.  The

19  documents listed and relied on in the contentions actually show that the via region is *not*

20  exposed during the channel etch.

21       For example, Samsung relies on the Wu article (Munoz Decl. Ex. 8), a publication

22  describing a TSMC via-first process, and in particular the schematic process flow in Fig. 1

23  of the article.  *See, e.g.,* Exhibit B1 to Defendant and Counterclaimant Samsung

24  Electronics Co., Ltd's Final Infringement Contentions (Munoz Decl. Ex. 4) at 3, 5, 7, 9,

25  11, 12, and 14; *see also* Exhibits B2, C1, C2, C3, and C4 to Defendant and

26  Counterclaimant Samsung Electronics Co., Ltd's Final Infringement Contentions (Munoz

27  Decl. Ex. 4).  That process flow sets out the following steps, as depicted below in Figure

28  1:

1    --    Via litho/etch

2    --    Via resist fill

3    --    Trench litho/etch

4    --    Via resist ash/clean

5

6



(a) Metal Barrier     (b) Dielectric Barrier

Fig. 1 Schematic cross-sections of Cu DDIs with (a) TaN or (b) PECVD silicon carbide barriers.

(Munoz Decl. Ex. 8, at SAMAMD0041527.)

Based on the very evidence that Samsung cites and relies on, the TSMC process etches the via, then fills the via with resist (protective material), then etches the trench (or "channel").  Accordingly, the via is protected, *not* exposed, during the second etch, such that remaining material in the via region will *not* be removed as required by the claim.

Similarly, the Chipworks teardown report for the accused Radeon 9600XT product presents cross-sections allegedly showing vias and channels, but concludes that:

1

> The narrowest region at the bottom of the vias appears to have been pooled with the trench-etch photoresist. . . . [T]he pooled photoresist seems to have served as an etch barrier protecting the via sidewall in the pooled region from widening.

2

3

4    (Drew Decl. Ex. 4, at SAMAMD0569748.)

5    This conclusion is consistent with the previously-discussed TSMC publication:

6    The via region is filled with photoresist to protect it from further etching, therefore it is

7    not exposed, and material remaining in the via region will not be removed.  Samsung has

8    not made a showing of substantial likelihood of infringement, and any presumption or

9    inference to be drawn under 35 U.S.C. § 295, based on the evidence advanced by

10   Samsung itself, must be that the accused methods do not infringe.

11   ## III.    CONCLUSION

12   Samsung asserted the Carey patents against ATI under 35 U.S.C. §§ 271(a), (b),

13   (c), and/or (g).  Samsung is apparently dropping its claims on §§ 271(a), (b), and (c).  *See*

14   Samsung Opp. at 6 n.2.  Judgment should accordingly be entered on these allegations.

15   Samsung concedes that ATI did not have notice of the Carey patents before or

16   during the period of alleged infringement.  Section 287(b)(2) precludes liability under

17   § 271(g) in this instance, and the statute contains no provision limiting its application to

18   ATI in this context.

19   The plain sequence of steps recited in claim 11 of the '339 patent is not supported

20   by Samsung's evidence, so judgment of no infringement should be granted.

21   Samsung's contentions contain no evidence that the via is exposed during the

22   channel etch.  The very documents relied on by Samsung show it is not.  Samsung is not

23   entitled to any presumption of infringement under § 295.

24   AMD respectfully requests summary judgment in its favor on all asserted claims of

25   Samsung's Carey patents.

26

27

28

1

2

3    DATED:  June 11, 2010          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

4

5                                   By: /s/Cole M. Fauver

6                                       William H. Manning (*pro hac vice*)
                                        Cole M. Fauver (*pro hac vice*)

7                                   2800 LaSalle Plaza
                                    800 LaSalle Avenue
8                                   Minneapolis, MN  55402-2015
                                    612-349-8500

9
                                    **ATTORNEYS FOR PLAINTIFFS AND**
10                                  **COUNTERCLAIM-DEFENDANTS ADVANCED**
                                    **MICRO DEVICES, INC. AND ATI**
11                                  **TECHNOLOGIES, ULC**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -          COUNTERCLAIM-DEFENDANTS' REPLY BRIEF IN SUPPORT OF
                                                                 THEIR MOTION FOR SUMMARY JUDGMENT OF NON-
                                                                 INFRINGEMENT OF U.S. PATENT NOS. 5,091,339 AND 5,173,442