1
2
3
4
5             IN THE UNITED STATES DISTRICT COURT
6           FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   ADVANCED MICRO DEVICES, INC., et al.,        No. C 08-00986 SI
9              Plaintiffs/Counterdefendants,      **ORDER GRANTING PLAINTIFF'S
                                                   MOTION TO STRIKE**
10    v.
11  SAMSUNG ELECTRONICS CO., LTD., et al.,
12            Defendants/Counterclaimants.
13  _____/
14
15        AMD's motion to strike Samsung's second motion for summary judgment of invalidity of U.S.
16  Patent No. 5,545,592 is presently set for hearing on September 9, 2010.  AMD has requested an
17  expedited ruling on the motion, and as of August 4, 2010, the parties had completed the briefing.
18  Accordingly, the Court hereby VACATES the September 9 hearing and, on the basis of the papers
19  submitted, GRANTS AMD's motion to strike.
20
21                              **DISCUSSION**
22        On July 30, 2010, the deadline set by the Court for filing dispositive motions, the parties filed
23  a total of seven motions for summary judgment as to some of the many patents at issue in this case.  One
24  of those motions, filed by defendant and counterclaimant Samsung, seeks summary judgment as to U.S.
25  Patent No. 5,545,592 ("'592 Patent") on grounds of invalidity.  (Docket #567).  In the motion now
26  before the Court, plaintiff and counterdefendant AMD moves to strike Samsung's motion on the ground
27  that Samsung previously moved for summary judgment as to the same patent on the same ground.
28        Samsung's prior motion, filed at Docket No. 143, argued that Claims 1 and 4 of the '592 Patent

*United States District Court*
*For the Northern District of California*

were anticipated and/or made obvious by the invention described in an earlier patent, U.S. Patent No. 5,975,912 ("'912 Patent"). The Court denied the motion in an order issued on June 24, 2009. (Docket No. 249). Samsung's present motion, filed at Docket No. 567, argues that the '592 Patent is invalid because it is anticipated by the work done by the inventors of the '912 Patent. According to Samsung, the key difference between its first and second motions is that the old motion concerned "what was disclosed by the prior art '912 (Hillman) patent," while the new motion concerns "not what is *disclosed* by the '912 patent, but whether the inventors of that patent, Mr. Hillman and Dr. Foster, had *actually made* the invention." Oppo. to Mot. to Strike at 1 (original emphasis). Samsung asserts that its second motion is based on new, previously-unavailable evidence in the form of inventor testimony and contemporaneous documents.

The Court agrees with AMD that the arguments raised in Samsung's new motion are closely related to the arguments raised in the old motion, and that the new motion thus essentially amounts to a motion for reconsideration of the Court's June 24, 2009 ruling. Pursuant to Civil Local Rule 7-9, however, Samsung was required to seek the Court's leave prior to filing a motion for reconsideration.[1] Samsung may not circumvent this requirement by pointing to fine distinctions between the two motions and arguing that the motions are therefore unrelated.

AMD's motion to strike is accordingly GRANTED. The motion entered at Docket No. 567 is hereby ordered STRICKEN from the record. (Docket No. 570).

**IT IS SO ORDERED.**

Dated: August 5, 2010

_____
SUSAN ILLSTON
United States District Judge

---

[1] Samsung's "alternative request" for leave to file a motion for reconsideration of the Court's prior ruling, which is contained on page 24 of its second motion, is insufficient to comply with the Local Rule. *See* Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").