ROBERT T. HASLAM (Bar No. 71134)
rhaslam@cov.com
MICHAEL K. PLIMACK (Bar No. 133869)
mplimack@cov.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
chaskett@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA  94111
Telephone:     (415) 591-6000
Facsimile:     (415) 591-6091

ALAN H. BLANKENHEIMER (Bar No. 218713)
ablankenheimer@cov.com
LAURA E. MUSCHAMP (Bar No. 228717)
lmuschamp@cov.com
JO DALE CAROTHERS (Bar No. 228703)
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA  92122-1225
Telephone:     (858) 678-1800
Facsimile:     (858) 678-1600

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG DIGITAL IMAGING CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ADVANCED MICRO DEVICES, INC., et al., | Case No. 3:08-CV-0986-SI |
|---|---|
| Plaintiffs and Counterdefendants, | **SAMSUNG'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF SAMSUNG'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 7-9** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendants and Counterclaimants. | |

On August 25, 2010, AMD filed a response to Samsung's Motion for Leave to File Motion for Reconsideration of the Denial of Samsung's Motion for Summary Judgment of Invalidity of U.S. Patent No. 5,545,592 Pursuant to Local Rule 7-9.  Dkt. # 653.  AMD's response twists the factual record and presents a misleading picture of the circumstances that surrounded Samsung's motions for summary judgment relating to the '592 patent.  Samsung therefore requests leave to file a reply in support of its Motion for Leave under Local Rule 7-9(d).

AMD argues that reconsideration is unwarranted primarily because Samsung was purportedly not diligent in acquiring declarations and discovery from Joseph Hillman, Chantal Arena, and Tokyo Electron prior to filing its initial motion for summary judgment of invalidity.  AMD's contention is misleading and inaccurate for several reasons.  First, while the court found that Samsung's summary judgment motions were "closely related" in terms of their subject matter, these motions were brought under two different sections of the pertinent statute, with different evidentiary requirements.  Samsung's first motion was brought under 35 U.S.C. § 102(e), and the central issue under that provision was whether the '912 patent disclosed each and every limitation of the asserted claims of the '592 patent to one of ordinary skill in the art.  Samsung's second motion, brought under 35 U.S.C. §102(g), asked the court to find that the invention claimed in the '592 patent "was made in this country by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2).  Samsung contends that the '912 inventors actually reduced their invention to practice, and what is disclosed in the '912 patent itself is irrelevant to this issue.[1]  Thus, declarations describing the work actually performed by Hillman and Foster, while not essential to determine what was disclosed by the '912 patent document, under Section 102(e), are of paramount importance to determine whether Hillman and Foster actually made the invention claimed by the '592 patent, under Section 102(g).

---

[1] Samsung alternatively contends that the inventions of the '912 patent were constructively reduced to practice upon the filing of the '912 patent, and the disclosures of the '912 patent *are* relevant to this separate issue.  It is for this reason that the testimony of AMD's expert, Dr. Glew, discussed below, remains relevant to Samsung's motion, in addition to the declarations of the '912 inventors.

1

- 2 -

Second, prior to receiving AMD's expert declaration in opposition to Samsung's first motion, Samsung could not have foreseen that AMD would offer an alternative interpretation of the phrase "nitrided silicide titanium" as used in the '912 patent; rather, Samsung and its expert believed that this language was clear and unambiguous. Thus, at the time Samsung brought its first motion, it could not have foreseen that there would be a fact dispute over what was disclosed by the '912 patent under Section 102(e).

Samsung also disagrees with AMD's arguments regarding the testimony of its expert, Dr. Glew, and the impact of that testimony on Samsung's motion for reconsideration. AMD argues, in its opposition, that permitting reconsideration would be a waste of judicial resources because there is "conflicting expert testimony." Dkt. # 653 at 9. But under 35 U.S.C. § 102(g), the key issue is what the inventors of the '912 actually *did* and *made* in conceiving of their invention and reducing it to practice. Dr. Glew was not present during Hillman's or Arena's work, and his opinion is thus of limited—if any—value in determining invalidity under Section 102(g), and should be no bar to granting reconsideration on this basis.

AMD further distorts the record by suggesting that Dr. Glew's recent deposition testimony does not undermine the declaration with which he created a dispute of fact that precluded summary judgment on Samsung's initial motion for invalidity. Dr. Glew, in his declaration in opposition to Samsung's initial motion, opined that the '912 patent was ambiguous as to the meaning of the phrase "nitrided silicide titanium," and contended that the phrase could refer to the nitridation of pure elemental titanium. In his recent deposition testimony, however, Dr. Glew revealed that the phrase does not logically refer to nitridation of pure titanium. Such a shift is sufficient to justify granting Samsung's motion for reconsideration. *See Board of Trustees of the Leland Stanford Jr. University v. Roche Molecular Systems, Inc.*, No. C 05-04158 MHP, 2008 WL 706251, at *1-2 (N.D. Cal. Mar. 5, 2008) (granting leave to move for reconsideration of claim construction order based on new facts that emerged through conflicting deposition testimony of opposing party's expert).

Finally, while AMD argues that reconsideration is a "waste of judicial resources," AMD ignores that Samsung seeks partial summary judgment as to a number of facts relating to the

conception and reduction to practice of the '912 invention, as well as the corroboration of those facts. Even adjudication of these issues will streamline trial, ease the burden on the jury, and limit the disputes between the parties engaged in complicated litigation involving twelve patents. Indeed, other motions for summary judgment have already resulted in streamlining the case, as issues have been dropped in response to the filing of the motions.

I.     CONCLUSION

Based on the foregoing, Samsung respectfully requests that the Court grant Samsung leave to file its reply in support of its motion for leave to file for reconsideration of the denial of its Motion for Summary Judgment of Invalidity of U.S. Patent No. 5,545,592.

DATED: August 30, 2010                          COVINGTON & BURLING LLP

                                                By:  /s/     Robert T. Haslam
                                                        ROBERT T. HASLAM

                                                Attorneys for Defendants and Counterclaimants
                                                SAMSUNG ELECTRONICS CO., LTD., SAMSUNG
                                                SEMICONDUCTOR, INC., SAMSUNG AUSTIN
                                                SEMICONDUCTOR, LLC, SAMSUNG
                                                ELECTRONICS AMERICA, INC., SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC, and
                                                SAMSUNG DIGITAL IMAGING CO., LTD.

*[Stamp: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Susan Illston]*