IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO, et al.<br><br>    Defendants.<br>_____/ | No. C 08-00986 SI<br><br>**ORDER DENYING AMD'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

On December 6, 2010, the Court granted defendants' (collectively: "Samsung's") motion for summary judgment of non-infringement of U.S. Patent No. 5,559,990 after construing the term "Y-select circuit" in the manner requested by Samsung. Doc. 737. On December 8, 2010, plaintiffs (collectively: "AMD") filed this motion for leave to file a motion for reconsideration. In reliance on *02 Micro International Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351 (Fed. Cir. 2008) and amendments to the local patent rules that occurred after this case was filed, AMD argues that it should have the right to amend its infringement contentions to conform to the Court's construction of the term "Y-select circuit." AMD has requested that the Court consider its motion on an expedited basis because of the upcoming January 24 trial date. AMD br. at 12. The Court hereby DENIES AMD's motion for leave to file a motion for reconsideration.

AMD's argument is as follows. *02 Micro* holds that parties in patent litigation have the right to have claim construction disputes heard by the Court, regardless of when they arise. 521 F.3d at 1362. To protect the interests of parties whose constructions a court does not adopt in resolving such disputes, as a matter of fundamental fairness there must be a commensurate right to submit amended contentions that address the court's construction. Otherwise, parties may delay raising case-dispositive

1 constructions until a time when an opposing party has no opportunity to amend its contentions in response to an adverse construction. Patent Local Rule 3-6 contemplates providing litigants with such an opportunity by establishing a mechanism whereby parties can amend their contentions following any claim construction ruling. The 2008 amendment to the rule confirms a plaintiff's right to do what AMD is attempting to do explicitly, by permitting amendment "upon a timely showing of good cause," and explaining that good cause exists when "a claim construction by the Court differ[s] from that proposed by the party seeking amendment." The 2000 rules, which apply to this case, recognize such a right implicitly.

Additionally, recognizing that its motion for leave to file a motion for reconsideration is governed by Civil Local Rule 7-9, AMD argues that the Court's construction of the term "Y-select circuit" either created a "material difference in law" or "a change of law."

Under Civil Local Rule 7-9, the party moving for a motion for leave to file a motion for reconsideration must specifically show:

> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9.

As a preliminary matter, the Court notes that a party cannot challenge an order granting summary judgment by arguing that it can amend its contentions in such a way as to create a genuine issue of material fact where none existed before. No unpresented facts exist in this case that were not discoverable upon the exercise of reasonable diligence. Although claim construction is a *matter* of law, the construction of a claim does not *create new law* that could support the filing of a motion for reconsideration. AMD points to no facts or law that the Court failed to consider, but rather attempts to change its legal arguments and factual contentions entirely.

More importantly, perhaps, there is nothing in the case law or the new local rules (which, as

2

AMD admits, do not govern this case) that even implies that it might be appropriate for a party to file a motion for reconsideration of a summary judgment motion decided seven weeks before trial and nearly three years after the case was filed, in order to amend its patent contentions, merely because the Court construed a claim in favor of the opposing party and in a manner that more or less conformed to arguments made by that opposing party almost a year earlier.

Amendments to infringement contentions are permitted by current Patent Local Rule 3-6 only upon "a *timely* showing of good cause." Since this February, Samsung has argued that the Y-select circuit (1) selects a column or columns and then (2) provides that information to a sense amplifier. *See* Hansen Decl. Ex. 2 at 133–34. In response, AMD has argued that there is no such timing requirement in its patent. *See id.* Ex. 3 at 100. Samsung's alternate use of different articles ("a" and "the"), numbers (singular and plural), and tenses ("provides" and "to be provided") in its motion for summary judgment was cosmetic to the underlying disagreement between the parties. *See* Wolfe Decl. at ¶¶ 10–11 (quoting Samsung's motion for summary judgment). AMD argues that these small differences implicated its ability to analyze Samsung's products. Assuming that is true, that does not mean that AMD's motion is a "timely showing of good cause," which requires actual "diligence" on AMD's part, not the wait-and-see approach that it took without informing the Court sometime in the past ten months—or certainly since Samsung filed its motion for summary judgment—that it could potentially prove a claim under Samsung's construction if only the construction were made slightly more specific. In its opposition to the summary judgment motion, AMD did not contest that there is no evidence of infringement in the event the Court were to construe the term Y-select circuit according to Samsung's proposal.

AMD argues that its understanding of the local rules is necessary in order to prevent a party from waiting to raise case-dispositive constructions until a time when the opposing party has no opportunity to amend its contentions in response to an adverse construction. AMD's reasoning just as readily undermines its argument. As one court explained:

> A party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions. Courts seldom simply adopt the construction of one party or the other. Accepting such an argument would *encourage* parties to file narrow proposed constructions with an eye towards hiding important contentions until shortly before trial.

*Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667–68 (E.D. Tex. 2007) (emphasis added).

3

AMD's Motion for Leave to File Motion for Reconsideration of The Grant of Samsung's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,559,990 Pursuant to Local Rule 7-9 is DENIED.  (Doc. 738.)

**IT IS SO ORDERED.**

Dated:  December 13, 2010

SUSAN ILLSTON
United States District Judge